JAMES S. TERRELL (SBN: 170409)
Law Office of JAMES S. TERRELL
15411 Anacapa Road
Victorville, California 92392
E-mail: jim@talktoterrell.com

SHARON J. BRUNNER, (SBN: 229931)
Law Office of SHARON J. BRUNNER
14393 Park Avenue, Suite 100
Victorville, CA 92392
E-mail: sharonjbrunner@yahoo.com

Attorneys for Plaintiff
JUSTIN CODY HARPER

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Plaintiff, <br><br> JUSTIN CODY HARPER <br><br> Vs. <br><br> CITY OF REDLANDS, REDLANDS POLICE DEPARTMENT, POLICE OFFICER KOAHOU, and DOES-10, Inclusive. <br>              Defendants. | Case No.: 5:23-cv-695 <br><br> COMPLAINT FOR DAMAGES <br><br> 1. Fourth Amendment – Excessive Force (42 U.S.C. 1983) <br> 2. Battery <br> 3. Negligence <br> 4. Negligent Infliction of Emotional Distress <br> 5. Violation of Cal. Civil Code § 52.1 <br><br> [DEMAND FOR JURY TRIAL] |

COMPLAINT FOR DAMAGES

- 1 -

## JURISDICTION AND VENUE

1.  This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.  Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

3.  Plaintiff filed a timely claim under Government Code § 911.2 et al. on March 7, 2022, and rejected by operation of law, failing to respond, and brings pendent action under state law.

## INTRODUCTION

4.  This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States

Constitution and state law in connection with this officer-involved shooting of Plaintiff on September 9, 2021.

## PARTIES

5. At all relevant times, JUSTIN CODY HARPER ("PLAINTIFF") was an individual residing in the CITY of San Bernardino, California.

6. At all relevant times, Defendant **City of REDLANDS ("CITY")** is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the REDLAND'S POLICE DEPARTMENT ("CITY") and its agents and employees.

7. At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, CITY was the employer of Defendants OFFICER Koahou and DOES 1-10.

8. Defendant **OFFICER KOAHOU** ("KOAHOU") is and was at all times herein mentioned a Officer employed by Defendant CITY OF REDLANDS. He is being sued in his individual capacity and in his official capacity as an Officer for the CITY.

9. On information and belief, DOES 1-10 were residents of the CITY of REDLANDS, CITY of San Bernardino.

10. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 acting on the implied and actual permission and consent of Defendants CITY and DOES 6-10.

11. The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

12. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

13. All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

14. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 13 of this Complaint with the same force and effect as if fully set forth herein.

15. This incident occurred on SEPTEMBER 9, 2021, at approximately 1:30 p.m. in the CITY OF REDLANDS, CITY of San Bernardino.

16. Plaintiff JUSTIN HARPER ("HARPER") was operating a vehicle in the City of REDLANDS at approximately 1:30 p.m. on September 9, 2021, when Defendant Officer KOAHOU was pursuing Plaintiff HARPER.

17. Plaintiff HARPER did not yield to the traffic stop. A pursuit ensued with Defendant KOAHOU chasing Plaintiff HARPER a short distant.

18. Plaintiff HARPER crashed the vehicle that he was operating into another vehicle and shortly thereafter, attempted to steal another vehicle. HARPER jumped in vehicle with the engine running, and was in the driver's seat of the vehicle, where he attempted to drive away.

19. Redlands Police Officer, Defendant Nick KOAHOU, verbally gave orders to that he would tase HARPER, and he did tase the Plaintiff. The taser was extremely effective as the powerful electric shock involuntarily caused HARPER to slam his foot down on the accelerator.

20. Defendant Officer KOAHOU immediately started shooting his service weapon at HARPER who was inside the vehicle. KOAHOU without warning

COMPLAINT FOR DAMAGES

- 5 -

decided to use deadly force. Plaintiff KOAHOU posed no danger to Defendant KOAHOU.  KOAHOU did not evaluate the situation, he just started shooting.

21.     Based upon information and belief, KOAHOU did not access the situation, he began to shoot. No warning, no attempt to deescalate the situation, no immediate danger, KOAHOU used deadly force. The deadly force was excessive.

22.     KOAHOU did not give commands or notice that he was going to shoot HARPER.  KOAHOU did not seek cover. KOAHOU did not see any weapon that would indicate that he was in danger, the vehicle HARPER was operating posed no danger.

23.     The instantaneous firing of his weapon resulted in HARPER being shot by two rounds. One of KOAHOU's bullet was lodged in HARPER'S left femur. The second round fired by KOAHOU struck HARPER'S left knee.

24.     PLAINTIFF has had two or three surgeries and it is believed future surgeries will be necessary. The use of deadly force was excessive force.

**FIRST CLAIM FOR RELIEF**
**Fourth Amendment —Excessive Force (42 U.S.C. § 1983)**
(Against Defendants **Plaintiff Against KOAHOU and Does 1-10**)

25.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 24 of this Complaint with the same force and effect as if fully set forth herein.

26.     Defendant Officer used excessive force against PLAINTIFF when he shot

HARPER. KOAHOU 's unjustified use of force deprived PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

27. Defendant Officer KOAHOU acted under color of law.

28. As a result of the foregoing, PLAINTIFF suffered great physical pain and emotional distress, loss of use of his right ankle and foot, and loss of his earning capacity.

29. The conduct of Defendant(s) was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF, and therefore warrants the imposition of exemplary and punitive damages as to Defendant KOAHOU .

30. The shooting was excessive and unreasonable, and HARPER posed no immediate threat of death or serious bodily injury at the time of the shooting. Further, Defendants KOAHOU 's shooting and use of force violated their training and standard police officer training.

31. PLAINTIFF brings this claim suffering, emotional distress, loss of use of his hand, loss of the use of his hand, and loss of enjoyment of life, for the violation of PLAINTIFF's rights. PLAINTIFF also seeks attorney's fees under this claim.

/ / /
/ / /
/ / /

## SECOND CLAIM FOR RELIEF
### Battery
(Against Defendants KOAHOU and Does 1-10)

32. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 31 of this Complaint with the same force and effect as if fully set forth herein.

33. Named Defendants and DOE DEPUTIES 1-10, acting within the course and scope of their duties, intentionally shot PLAINTIFF and used unreasonable and excessive force against him. The use of excessive force on PLAINTIFF HARPER was intentional battery. Plaintiff does suffer emotional injury after being shot by Officer KOAHOU. As a result of the actions of Named Defendants KOAHOU and DOE DEPUTIES 1-10, PLAINTIFF suffered and continues to suffer from his injuries. Defendants DOE DEPUTIES had no legal justification for using force against PLAINTIFF, and their use of force while carrying out their duties as Officers was an unreasonable and non-privileged use of force.

34. As a direct and proximate result of the conduct of Defendants DOE DEPUTIES as alleged above, PLAINTIFF sustained permanent injuries and endured pain and suffering and emotional harm.

35. CITY is vicariously liable for the wrongful acts of Defendants KOAHOU and DOES 1-10 pursuant to section 815.2(a) of the California Government Code,

which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

36. The conduct of Defendants DOE DEPUTIES was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF and PLAINTIFF, entitling PLAINTIFF, individually and as to an award of exemplary and punitive damages as to Individual Defendants KOAHOU and DOE DEPUTIES 1-10.

### THIRD CLAIM FOR RELIEF
**Negligence**
(Against all Defendants Including KOAHOU)

37. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 36 of this Complaint with the same force and effect as if fully set forth herein.

38. Police DEPUTIES, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

39. Named defendants and Does 1-10 breached this duty of care. Upon information and belief, the actions and inactions of Defendants DOE DEPUTIES

1-5 and DOES 6-10 were negligent and reckless, including but not limited to:

(a) the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against PLAINTIFF;

(b) the negligent tactics and handling of the situation with PLAINTIFF, including pre-shooting negligence;

(c) the negligent detention, arrest, and use of force, including deadly force, against PLAINTIFF;

(d) the failure to provide prompt medical care to PLAINTIFF;

40. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, PLAINTIFF suffered physical pain and suffering. Also as a direct and proximate result of Defendants' conduct as alleged above, PLAINTIFF suffered emotional distress and mental anguish.

41. CITY is vicariously liable for the wrongful acts of Defendants KOAHOU and DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

///

///

///

## FOURTH CLAIM FOR RELIEF
### (Negligent Infliction of Emotional Distress)
(Against KOAHOU)

42. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

43. Defendant KOAHOU breached his duty of care by using deadly force on PLAINTIFF HARPER. PLAINTIFF HARPER sustained physical and emotional injury by Defendant KOAHOU using excessive force without provocation.

44. Defendant Officer KOAHOU's conduct was negligent.

45. Defendant Officer KOAHOU knew that shooting an unarmed and non-threatening individual would cause emotional harm.

46. Plaintiff does suffer emotional injuries after being shot by Officer KOAHOU.

47. CITY is vicariously liable for the wrongful acts of Defendants KOAHOU and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

/ / /

/ / /

# FIFTH CLAIM FOR RELIEF
(Violation of Cal. Civil Code § 52.1)
(Against all Defendant KOAHOU )

48. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 47 of this Complaint with the same force and effect as if fully set forth herein.

49. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

50. Conduct that violates the Fourth Amendment violates the Bane Act.

51. On information and belief, Defendant KOAHOU, representing the CITY and acting within the course and scope of their duties, intentionally committed acts of violence against PLAINTIFF, including shooting him without justification or excuse, integrally participating in failing to intervene in the above violence and by denying him necessary medical care. Defendants' actions thus deprived PLAINTIFF of his right to be free from unreasonable searches and seizures and excessive force under the Fourth Amendment.

52. On information and belief, Defendants also retaliated against PLAINTIFF in response to his action of failing to stop/yield for a traffic stop.

53. On information and belief, Defendants intentionally and spitefully committed the above acts to discourage PLAINTIFF from exercising his civil

rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

54. On information and belief, PLAINTIFF reasonably believed and understood that the violent acts committed by Defendants Officer KOAHOU were intended to discourage him from exercising his civil rights, to retaliate against him for invoking such rights, which PLAINTIFF was fully entitled to enjoy.

55. Defendant's above-described conduct, while acting within the course and scope of their duties for the CITY, constituted interreference, and attempted interreference, by threats, intimidation and coercion, with decedent's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and state of California, in violation of California Civil Code § 52.1.

56. The conduct of Defendants was a substantial factor in causing PLAINTIFF'S harms, losses, injuries, and damages.

57. CITY OF SAN BERNARDINO is vicariously liable for the wrongful acts of DEPUTY KOAHOU pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

58. Defendants are vicariously liable under California Law and the doctrine of *respondeat superior*.

59. The conduct of Defendants DOE DEPUTIES was malicious, wanton,

oppressive, and accomplished with a conscious disregard for PLAINTIFF's rights, justifying an award of exemplary and punitive damages as to Defendants DOE DEPUTIES.

**WHEREFORE, Plaintiff prays for relief as hereinafter set forth.**

## PRAYER FOR RELIEF

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For Punitive damages (not as to CITY) in a sum according to proof;
4. For reasonable attorneys' fees pursuant to 42 U.S.C. 1983 § 1983;
5. For statutory civil penalties
6. For cost of suit herein incurred; and
7. For such other and further relief as the Court deems just and proper.

Dated: 4/19/2023                LAW OFFICES OF JAMES S. TERRELL

                                        /s/James S. Terrell
                                        James S. Terrell
                                        Attorney for Plaintiff

Dated: 4/19/2023                LAW OFFICES OF SHARON J. BRUNNER

                                        /s/Sharon J. Brunner
                                        Sharon J. Brunner
                                        Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: 04/19/2023   LAW OFFICES OF JAMES S. TERRELL

               *James S. Terrell*
               James S. Terrell
               Attorney for Plaintiff

Dated: 04/19/2023   LAW OFFICES OF SHARON J. BRUNNER

               */s/Sharon J. Brunner*
               Sharon J. Brunner
               Attorney for Plaintiff