# DECLARATION OF ROBERT McFARLANE

I, ROBERT McFARLANE, declare:

1. I am a forensic video analyst who has been retained to examine the police officer digital audio recording and the civilian bystander cell phone recording regarding the use of force incident in this case. I have analyze the cell phone audio recording and adjust for the speed/travel of sound for when the TASER and subsequent shots were fired as the civilian was a great distance from the actual incident location. If called as a witness, I would and could competently testify to all of the facts contained within this declaration based upon my personal knowledge.

2. I have eight years of experience in the field of forensic image/video and audio analysis. I have received a combination of approximately 300 hours of forensic image analysis training from the Law Enforcement and Emergency Services Association, International (LEVA), the International Association of Identification (IAI), as well as additional one-on-one training from qualified experts. I have been qualified to testify as a video analyst and video technician in the State of California Superior Courts in the Counties of Placerville, Alameda and Solano, the District court in Kent County, Michigan, and in superior courts in Bell County, Texas. I have had expert evidence accepted without testimony in the United States Court of Appeals, Ninth District, and the State of Arizona Superior Court of Maricopa and Mojave Counties, and the Superior Courts in Contra Costa and San Francisco, California. In addition to civil and criminal matters, I have provided expert forensic video analysis testimony in numerous civil service and arbitration matters. The totality of my qualifications are fully set forth in attached *Exhibit* "K", my Curriculum Vitae.

3. I have previously inspected, analyzed, enlarged and synchronized approximately 250 body worn camera videos files for legal matters.

-1-

1  4. Since 2009, I have performed duties as a California licensed private investigator. Prior to 2009, I was an Oakland Police Officer for approximately twelve years. I worked assignments in patrol, investigations and civil litigation. I have received more than 2,000 hours of law enforcement and investigation training by California POST (Peace Officer Standards and Training) as well as numerous training courses not provided by POST.

6. I was provided the following materials:

    a. Video: Jeremy _Floyd_IMG_8949.MOV

    b. SBSO Investigation -- BATES 887 thru 1273 (1).pdf (387 pages)

    c. BATES 882 -- Koahou Belt Recording Incident.wma

7. Software Utilized:

    a. VideoMach 5.15.1, build 2015-07-19

    b. AMPED FIVE, build date 20231018, rev. 31095

    c. Mediainfo 23.04

    e. Audacity 3.6.0

8. I prepared one synchronized audio and video exhibit (121924_Belt with Cell.mov). This exhibit is the full length of the Koahou Belt Recording and contains the cell phone video inserted for the period it was activated. The video is seven minutes in duration and begins with the Belt Recording audio and a black screen. The cell phone video was inserted 4:41.650 min into the exhibit.

10. My Production of the Video Exhibits: The following video conversions presented in this document are a true and accurate representation of the data acquired from the original videos provided to this analyst.

12. With regard to the videos and images obtained, analyzed, clarified and evaluated for investigative and/or court related purposes, the forensic methodology utilized to obtain and clarify images from the video are widely used in the Forensic Video Analysis scientific community.

13. Image Processing Methodology: I added an AFN (absolute frame number) counter, and video and audio title overlays in yellow font to identify the video filename and frame numbers. I added relative frame number (RFN) in green font to identify the overall frame number of the synchronized video. I also added a timer that starts with the TASER deployment and ends after the second shot was fired.

14. I processed all images as described for the duration of the cell phone video for the time period when the recording began until the was deactivated. I did not use the audio file for the cell phone in the final exhibit. The videographer was approximately 235 feet from the incident, so speed of sound had to be calculated to account for the distance. Additionally, the belt recording was the best evidence capturing the sound of the incident.

15. I researched historic weather data for the Redlands area and discovered the nearest weather station with statistics available was the Ontario International Airport and it reflected the temperature at 3:53 P.M. was reported as 98.1 degrees Fahrenheit. Next, I used the National Weather Service website to access the speed of sound calculator. The results based on the temperature reflected the speed of sound as 1157 ft/s.

16. Using Google Earth, I obtained an overhead image of the area where the incident occurred (near the driveway of 1604 Nathan Court). I was able to determine that the videographer who was on the porch of 1564 Stony Court was approximately 235 feet away. I confirmed the position of the incident and videographer by reviewing street images from Google Earth as well as the SBSO Report of Investigation. I have used Google Earth as a general practice to double-check measurements when I visit a site and actually measure by using laser distance measuring devices. The results from site visits and measuring have proven to be fairly accurate, within a couple feet of an actual on-scene measurement.

1    17.    Based on the distance findings and the speed of sound calculation, I determined the sound of the TASER and shots that were fired had reached the cell phone microphone .203 milliseconds (seven frames) after the sound report from Officer Koahou's location.

18. Using Audacity, I aligned the belt recording audio with the cell phone audio files so the TASER and shot reports aligned. I then adjusted the cell phone .203 ms to account for the delated report. This alignment provided me with the in-point for the cell phone images with the black screen belt recording audio file.

19.    Exhibit: **H-3 - 121924_Belt with Cell.mov**: For this exhibit, I added a black screen to display on screen while the audio from the belt recording played. The cell phone images were inserted at 4:41.650 minutes (RFN 8406) into the recording. The images were compiled in Apple Prores format for a real time playback at 29.98 FPS with MPEG format to avoid visual loss of detail. This exhibit is 6:58.836 minutes in duration and is attached hereto to attached video Exhibit**: H-3 - 121924_Belt with Cell.mov**.

I declare under penalty of perjury that the foregoing is true and correct, and that I have personal knowledge thereof, except as to matters stated on information and belief, and as to those matters, I believe them to be true.

Executed on this 19th day of December 2024, in Pinellas County, Florida.

Robert McFarlane  
Digitally signed by Robert McFarlane  
Date: 2024.12.20 15:52:47 -05'00'

_____

Robert McFarlane