Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

Sharon J. Brunner, Esq. (SBN 229931)
sharonjbrunner@yahoo.com
**LAW OFFICE OF SHARON J. BRUNNER**
14393 Park Ave., Suite 101
Victorville, CA 92392
Tel:   (760) 243-9997
Fax:   (760) 843-8155

James S. Terrell, Esq. (SBN 170409)
**LAW OFFICE OF JAMES S. TERRELL**
15411 Anacapa Road
Victorville, CA 92392
Tel:   (760) 951-5850
Fax:   (760) 952-1085

*Attorneys for Plaintiff*, Justin Cody Harper

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN CODY HARPER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF REDLANDS; NICHOLAS KOAHOU,<br><br>Defendants. | Case No. 5:23-cv-00695-SSS-SP<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE OFFERED IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION**<br><br>[*Filed concurrently with Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion for Summary Judgment; Plaintiff's Separate Statement Facts; Declaration of Scott Defoe*]<br><br>Date: February 28, 2025<br>Time: 2:00 p.m.<br>Courtroom: 2 |

Plaintiff Justin Cody Harper submit their objections to Defendants' evidence submitted in support of Defendants' Motion for Summary Judgment.

| Defendant's Allegedly Undisputed Fact and Evidence | Plaintiffs' Objections |
|---|---|
| 1. On September 9, 2021, at approximately 4:00 a.m., Plaintiff Justin Harper smoked methamphetamine, taking approximately "10 hits."<br>**EVIDENCE:**<br>Harper Depo at 23-24. | Federal Rules of Evidence ("FRE"), Rules 401, 402 (Irrelevant); FRE 403 (prejudicial effect outweighs probative value. |
| 2. Ever since he was 18, Harper had smoked methamphetamine every few hours, conduct which would cause him to become "irritated" and which had caused him to get into approximately 10 to 15 physical fights.<br>**EVIDENCE:**<br>Harper Depo at 25. | FRE 401, 402 (Irrelevant); FRE 403 (prejudicial effect outweighs probative value). |
| 3. Harper has a criminal history which was so extensive that he had trouble recalling it during his deposition, but he did admit that he had a prior "strike" prior, another prior for felony evading, and was on "PTRS" (a cross between parole and probation) at the time of these events.<br>**EVIDENCE:**<br>Harper Depo at 21-22. | 401, 402 (Irrelevant); FRE 403 (prejudicial effect outweighs probative value); FRE 404 (improper character evidence). |
| 4. Harper also admitted that he had been expelled from school in the Fourth Grade, he never went to high school, he had never had a "real job" and he never obtained a driver's license.<br>**EVIDENCE:**<br>Harper Depo at 16-18, 26. | 401, 402 (Irrelevant); FRE 403 (prejudicial effect outweighs probative value); FRE 404 (improper character evidence). |

| Defendant's Allegedly Undisputed Fact and Evidence | Plaintiffs' Objections |
|---|---|
| 5. Approximately 8 hours later, Harper and his passenger, a woman named Lia Moore, were driving in a stolen Toyota Tundra pickup truck.<br>**EVIDENCE:**<br>Harper Depo at 22-24, 28, 31. | Vague as to time. |
| 6. As Harper was driving, he became aware that Officer Koahou was behind him and tried to get away from him by running red lights and driving at speeds of 85 to 90 mph.<br>**EVIDENCE:**<br>Harper Depo at 32-33 | Compound. |
| 7. Harper failed to stop at a stop sign, struck a curb, lost control, and struck a work vehicle driven by Joseph Garcia and in which Corey Guerra was a passenger.<br>**EVIDENCE:**<br>Harper Depo at 34; Garcia Depo at 12, 19-20; Guerra Depo at 9, 11-12. | Compound. |
| 8. After striking the work vehicle, Harper did not stop but instead fled the scene in the stolen Toyota.<br>**EVIDENCE:**<br>Harper Depo at 34; Garcia Depo at 21-22; Guerra Depo at 13 | |
| 9. However, the stolen Toyota was damaged to the point that it could no longer be driven.<br>**EVIDENCE:**<br>Harper Depo at 34-35. | |
| 10. Harper abandoned the stolen Toyota and both he and Moore fled on the scene on foot.<br>**EVIDENCE:**<br>Harper Depo at 35-37. | |

| Defendant's Allegedly Undisputed Fact and Evidence | Plaintiffs' Objections |
|---|---|
| 11. Meanwhile, Garcia and Guerra were driving around and attempting to locate Harper after he had hit their work vehicle.<br>**EVIDENCE:**<br>Garcia Depo at 33; Guerra Depo at 15. | |
| 12. As Garcia and Guerra were searching for Harper, Harper approached them and asked for a ride, but once again fled on foot when he saw they were the two men he had struck with the stolen Toyota.<br>**EVIDENCE:**<br>Garcia Depo at 27; Guerra Depo at 16-17. | |
| 13. Harper ran through multiple yards attempting to evade Officer Koahou as well as Garcia and Guerra.<br>**EVIDENCE:**<br>Koahou Depo at 14. | |
| 14. Meanwhile, Martin Salazar was in the driveway of his home detailing his aunt's black Honda Accord and had the car running to allow the air conditioner to cool the inside of the car.<br>**EVIDENCE:**<br>Salazar Depo at 15-16. | |
| 15. Harper approached the black Honda, jumped in, and attempted to drive off.<br>**EVIDENCE:**<br>Harper Depo at 38-39; Salazar Depo at 21-22. | |
| 16. When Salazar yelled at Harper to get out and tried to prevent him from driving off, Harper used force to try shake Salazar from the car causing him to lose his balance and get dragged by the car.<br>**EVIDENCE:** Salazar Depo at 23, 27-28. Garcia Depo at 38 | |

| Defendant's Allegedly Undisputed Fact and Evidence | Plaintiffs' Objections |
|---|---|
| 17. At this moment, Garcia and Guerra arrived on scene and saw the struggle between Salazar and Harper.<br>**EVIDENCE:**<br>Garcia Depo at 34-35, 38; Guerra Depo at 20-21. | |
| 18. When Salazar yelled for help, his neighbor Greg Gallo and Garcia attempted to assist in forcing Harper from the car while Guerra called 911.<br>**EVIDENCE:**<br>Harper Depo at 40-42; Garcia Depo at 39-40, 44-47; Guerra Depo at 25-28; Salazar Depo at 26; Gallo Depo 21-23 | |
| 19. The struggle between the men became physical with the men attempting to subdue and strike Harper and pull him from the car.<br>**EVIDENCE:**<br>Harper Depo 40-42, 49; Garcia Depo at 39-40, 44-46; Guerra Depo at 25-28; Salazar Depo at 26, 31-32; Gallo Depo 21-23. | |
| 20. When Officer Koahou arrived on scene, he observed the men struggling with Harper and ordered them to move away so they would not be shot.<br>**EVIDENCE:**<br>Harper Depo at 47; Koahou Depo at 17; Salazar Depo at 35. | |
| 21. In response to this order, Garcia and Gallo moved away from the car as Officer Koahou approached the vehicle<br>**EVIDENCE:**<br>Koahou Depo at 18. | |

| Defendant's Allegedly Undisputed Fact and Evidence | Plaintiffs' Objections |
|---|---|
| 22. Officer Koahou's subsequent interactions with Harper were recorded on his belt-worn audio-recording device.<br>**EVIDENCE:**<br>Koahou Depo at 19; Belt-Worn Audio. | |
| 23. Officer Koahou ordered Harper to get out of the car multiple times; however, Harper refused to do so.<br>**EVIDENCE:**<br>Harper Depo at 50; Koahou Depo at 19 | |
| 24. The stolen Honda was still running and Officer Koahou was concerned that Harper would attempt to flee again.<br>**EVIDENCE:**<br>Koahou Depo at 20; Belt-Worn Audio at 4:34-4:44. | |
| 25. When Harper refused multiple orders to get out of the vehicle, Officer Koahou deployed his taser for a period of 5 seconds<br>**EVIDENCE:**<br>Koahou Depo at 23; Belt-Worn Audio at 4:50; Belt with Video at 4:40-4:50. | |
| 26. After the taser was deployed, Harper started to reach for the gear shift of the vehicle<br>**EVIDENCE:**<br>Koahou Depo at 23-24; Salazar Depo at 42. | |
| 27. Officer Koahou attempted to pull Harper's hand from the gear shift and attempted to put the car in park.<br>**EVIDENCE:**<br>Koahou Depo at 23-24. | |
| 28. Officer Koahou yelled, "Don't do it! Don't do it! I'll shoot you! Stop! Stop!"<br>**EVIDENCE:** | |

| Defendant's Allegedly Undisputed Fact and Evidence | Plaintiffs' Objections |
|---|---|
| Belt-Worn Audio at 4:52.; Bystander Video at 0:09-0:14; Belt with Video at 4:40-4:50. | |
| 29. After this command, Harper hit the accelerator, causing the car to move.<br>**EVIDENCE:**<br>Harper Depo at 54-55; Bystander Video at 0:09-0:14; Belt with Video at 4:40-4:50. | |
| 30. Officer Koahou was reaching inside the car when the vehicle started to move<br>**EVIDENCE:**<br>Salazar Depo at 65. | |
| 31. Officer Koahou attempted to pull back away, but his arm was trapped on Harper's chest<br>**EVIDENCE:**<br>Koahou Depo at 25. | Vague as to time. |
| 32. As the car started to move forward, Officer Koahou fired two defensive blank shots without aiming.<br>**EVIDENCE:**<br>Koahou Depo at 11; Belt-Worn Audio at 4:54; Belt with Video at 4:40-4:50. | |
| 33. As the vehicle continued to move forward, the car's momentum slammed the door on Officer Koahou.<br>**EVIDENCE:**<br>Koahou Depo at 30 | Vague as to time. |
| 34. Both shots were fired within a mere 5 seconds of the deployment of the taser and before the car door struck him.<br>**EVIDENCE:**<br>Koahou Depo at 36-37; Belt-Worn Audio at 4:50-4:54; Bystander Video at 0:09-0:14; Belt with Video at 4:40-4:50. | Argumentative as to "mere." |

-6-
PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE

| Defendant's Allegedly Undisputed Fact and Evidence | Plaintiffs' Objections |
|---|---|
| 35. Officer Koahou did not fire at Harper based solely on the fact that Harper was driving away; more urgently, he felt that he was facing an imminent threat of being struck and/or crushed by the vehicle and was attempting to stop the threat.<br>**EVIDENCE:**<br>Koahou Depo at 43 | |
| 36. After the shots were fired, the car continued to accelerate jumped over the curb at the end of the cul-de-sac and drove for another few hundred feet before crashing.<br>**EVIDENCE:**<br>Harper Depo at 59; Koahou Depo at 31-32, 47; Salazar Depo at 49. | FRE 401, 402 (Irrelevant) because Harper had already been shot, and he lost control of the vehicle as a result of being shot. |
| 37. After the car came to rest, Harper got out of the car on his own.<br>**EVIDENCE:**<br>Harper Depo at 60; Koahou Depo at 32. | |
| 38. Harper was subsequently handcuffed, a tourniquet was applied to his leg, and he was transported to Loma Linda Medical Center.<br>**EVIDENCE:**<br>Harper Depo at 61, 63; Koahou Depo at 33; Belt-Worn Audio at 5:40-5:46. | FRE 401, 402 (Irrelevant) |
| 39. Following these events, a shotgun was recovered from inside the stolen Toyota<br>**EVIDENCE:**<br>Harper Depo at 35 | FRE 401, 402 (Irrelevant); FRE 403 (more prejudicial than probative) |
| 40. As a result of these actions, Harper was convicted of theft of the Toyota, hit and run with damage on Garcia's work truck, possession of the shotgun, and carjacking of the black Honda. | FRE 401, 402 (Irrelevant); FRE 403 (more prejudicial than probative); FRE 404 (improper character evidence). |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE

| Defendant's Allegedly Undisputed Fact and Evidence | Plaintiffs' Objections |
|---|---|
| **EVIDENCE:**<br>Harper Depo at 31, 34, 35, 38-39. | |
| 41. After he was sentenced to State Prison for these offenses, Harper continued to have problems including approximately 10 disciplinary write-ups, with four or five being for battery.<br>**EVIDENCE:**<br>Harper Depo at 13-16. | FRE 401, 402 (Irrelevant); FRE 403 (more prejudicial than probative); FRE 404 (improper character evidence) |
| 42. Harper currently expects to be released from prison in 2026<br>**EVIDENCE:**<br>Harper Depot 12 | FRE 401, 402 (Irrelevant); FRE 403 (more prejudicial than probative); FRE 404 (improper character evidence) |
| 43. During the course of meet and confer, Harper's counsel stipulated that Harper would not go forward on the claim for negligent infliction of emotional distress<br><br>**EVIDENCE:**<br>Exhibit "I" | |

DATED: January 17, 2025         LAW OFFICES OF DALE K. GALIPO

By  */s/ Renee V. Masongsong*
   Dale K. Galipo
   Renee V. Masongsong
   Attorneys for Plaintiffs