James R. Touchstone, SBN 184584
  jrt@jones-mayer.com
Denise L. Rocawich, SBN 232792
  dlr@jones-mayer.com
Scott Wm. Davenport, SBN 159432
  swd@jones-mayer.com
JONES MAYER
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorneys for Defendants,
CITY OF REDLANDS and OFFICER KOAHOU

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN CODY HARPER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF REDLANDS, REDLANDS POLICE DEPARTMENT, POLICE OFFICER KOAHOU, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 5:23-CV-00695-SSS (KK)<br><br>*Judge:* Hon. Sunshine S. Sykes<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT OF ISSUES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  February 28, 2025<br>Time:  2:00 p.m.<br>Ctrm:  2 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants CITY OF REDLANDS and OFFICER KOAHOU hereby submit this Reply in Support of their Motion for Summary Judgment and/0r Partial Summary Judgment of Issues. As set forth herein, Defendants submit that Plaintiff has failed to carry his burden of demonstrating an triable issue of material fact and, accordingly, summary judgment should be granted.

/ / /

/ / /

-1-

# **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS ..................................................................................... 2

TABLE OF AUTHORITES ................................................................................. 3

MEMORANDUM OF POINTS AND AUTHORITIES ....................................... 4

    1.    INTRODUCTION ..................................................................... 4

    2.    THE NATURE OF THE FACTUAL RECORD ............................... 5

           Defendant's Undisputed Facts Support Summary Judgment ............. 5

           Plaintiff's Additional Facts Do Not Preclude Summary Judgment ...................................................................................... 6

    3.    NO GENUINE ISSUE OF FACT EXISTS WITH RESPECT TO PLAINTIFF'S CLAIMS FOR EXCESSIVE FORCE ................. 6

    4.    DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ................................................................................ 9

    5.    PLAINTIFF'S STATE LAW CLAIMS ........................................... 10

    6.    CONCLUSION ....................................................................... 11

CERTIFICATE OF COMPLIANCE .................................................................... 12

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Brown v. Ransweiler*, 171 Cal.App.4th 516 (2009) ..............................................10

*Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343 (1988) ....................................5, 11

*Davis v. Scherer*, 468 U.S. 183 (1984) ....................................................................9

*Edson v. City of Anaheim*, 63 Cal.App.4th 1269 (1998) .......................................10

*Graham v. Connor*, 490 U.S. 386 (1989).................................................5, 6, 7, 9

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982)............................................................9

*Johnson v. City of Pacifica*, 4 Cal.App.3d 82 (1970)............................................11

*Johnson v. Contra Costa*, 2010 U.S. Dist. LEXIS 92020 (ND CA 2010) ...........11

*Jones v. Cnty. of Los Angeles*, 2009 U.S. Dist. LEXIS 110900 (CD CA 2009) ..10

*Kirby v. Duva,* 530 F.3d 475, 484 (6th Cir. 2008) ....................................................8

*Lyle v. Bexar Cnty., Tx.,* 560 F.3d 404, 417 (9th Cir. 2009) .....................................8

*Malley v. Briggs*, 475 U.S. 335 (1986) .................................................................10

*Medina v. Cram,* 252 F.3d 1124, 1132 (10th Cir. 2001)...........................................8

*Miller v. Hoagland*, 247 Cal.App.2d 57 (1966) ...................................................11

*Monzon v. City of Murrieta*, 978 F.3d 1150 (9th Cir. 2020) .................................10

*Pearson v. Callahan*, 555 U.S. 223, 230 (2009) ....................................................9

*Plumhoff v. Rickard,* 572 U.S. 765 (2014) ....................................................7, 8, 10

*Price v. County of San Diego*, 990 F. Supp. 1230 (SD CA 1998) .......................11

*Satey v. JP Morgan,* 521 F.3d 1087 (9th Cir. 2008) ..........................................5, 11

*Scott v. Harris,* 550 U.S. 372 (2007) ..................................................................4, 6

*Williams v. City of Grosse Pointe Park*, 496 F.3d 482 (6th Cir. 2007) ................10

**STATUTES**

42 U.S.C. § 1983....................................................................................................11

California *Civil Code* § 52.1.................................................................................11

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## **1. INTRODUCTION**

The gravamen of Harper's Opposition to the Motion for Summary Judgment is that triable issues of fact exist which preclude summary judgment. Specifically, Harper downplays the undisputed facts that he had smoked methamphetamine, had an extensive criminal record, was involved in a prior hit-and-run accident, had committed felony evading, and had committed a violent carjacking. Instead, Harper insists that it was the arresting officer who "escalated" the situation and that the officer wasn't truly in danger when he attempted to flee the scene and the officer's arm was trapped.

There is one problem with this claim: it is utterly discredited by the belt-worn audio recorder and a bystander video and, therefore, should be disregarded pursuant to *Scott v. Harris,* 550 U.S. 372, 380 (2007). Indeed, in his Opposition, Harper impermissibly suggests that this Court re-interpret the facts of this case in his favor rather than as demonstrated in the audio and video evidence. This Court should reject this improper invitation.

Harper also suggests that this case should be allowed to proceed to trial because regardless of whether the use of force was constitutionally permissible, it was contrary to his training and other actions *could have been* taken. Again, this assertion is contrary to the law. *Hughes v. Kisela,* 841 F.3d 1081, 1085 (9th Cir. 2016) (Officers need not employ the least intrusive means so long as they act within a range of reasonable conduct).

The simple truth in this case is that Harper was a violent and dangerous man who was a threat to his earlier victims in this case, the community in general, and Officer Koahou in particular. Officer Koahou's actions were both reasonable and necessary under the totality of the circumstances and, moreover, were subject to qualified immunity.

Finally, Harper's derivative state law claims also fail both on the merits and based on numerous statutory immunities set forth in the California *Government Code*. And, to the extent this Court concludes that Harper has failed to carry his burden with respect to the federal claims but an issue of fact exists with respect to a state claim, this Court should decline to exercise supplemental jurisdiction over these claims and remand them to state court. *Satey v. JPMorgan,* 521 F.3d 1087, 1091 (9th Cir. 2008) (where all federal claims are eliminated before trial, a district court should decline to exercise jurisdiction over the remaining state law claims); see also *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 351 (1988).

## 2. THE NATURE OF THE FACTUAL RECORD

### Defendants' Undisputed Facts Support Summary Judgment

In support of their motion for summary judgment, Defendants submitted a mere 43 undisputed facts. Inasmuch as these facts were largely taken directly from the deposition of Plaintiff or from the belt-worn audio and bystander video, Harper for the most part either admitted these facts or asserted strange relevance objections (does Harper *really* assert that being under the influence of methamphetamine is *irrelevant* to explain his actions?).

In addition, Harper attempts to create a dispute not as to the actions but as to the *reasons* for the actions (i.e., he did not exit the vehicle *because he was afraid,* or he only drove off *because he was tasered*). However, these do not constitute issues of fact regarding Defendant's statements: he did not exit his vehicle and he did drive off while engaged with the officers.

Harper also attempts to create a triable issue of fact by arguing that Officer Koahou's actions deviated from policy manuals (i.e., officers should *avoid* tasing individuals). However, the deviation from a policy manual does not provide the basis for a civil rights violation; rather, the question is whether the force used reasonable under the totality of the circumstances. *Graham v. Connor,* 490 U.S. 386, 394-396 (1989).

**Plaintiff's Additional Facts Do Not Preclude Summary Judgment**

In an attempt to stave off summary judgment, Harper also sets forth approximately 60 additional facts. Harper's Additional Facts Nos. 44-83, 94-95, 97-98, and 100-105, are taken directly from the testimony of the percipient witnesses and, to the extent they are supported by admissible evidence, Defendants do not dispute them for the purposes of this motion.

However, Harper's Additional Facts Nos. 84-93, 96, and 99, are all taken directly from the testimony of an expert witnesses who has opined about the alleged deviation of Officer Koahou's actions from police training standards. And again, whether Officer Koahou *could have* done something different is not the dispositive issue; the question is whether the force used reasonable under the totality of the circumstances. *Graham v. Connor,* 490 U.S. at 394-396.

In sum, there is no factual dispute in this case which preclude a grant of summary judgment: Harper had smoked methamphetamine, had an extensive criminal record, was involved in a prior hit-and-run accident, had committed felony evading, and had committed a violent carjacking. Officer Koahou used deadly forced only when his prior attempts to use lesser force proved ineffective on the methamphetamine-using Harper and after a warning. Finally, Harper's actions and the actions of Officer Koahou are captured on the belt-worn audio recorder and the bystander video, rendering them undisputed pursuant to *Scott v. Harris,* 550 U.S. at 380. Summary judgment, therefore, should be granted.

**3.     NO GENUINE ISSUE OF FACT EXISTS WITH RESPECT TO PLAINTIFF'S CLAIM FOR EXCESSIVE FORCE**

In his Opposition, Harper argues that he did not pose an immediate threat of death or serious bodily injury at the time Officer Harper used forced. This statement is contrary to the evidence in this case.

Here, the facts demonstrate that Harper was driving a stolen truck, had attempted to evade arrest by driving at speeds of 85 to 90 mph, failed to stop at a

stop sign, and was engaged in a hit-and-run accident. U.F. 5-7. When the stolen truck was damaged to the point that it could not longer be driven, Harper abandoned it and carjacked another individual. U.F. 9-10, 14-17. When Harper later refused multiple lawful order to exit the vehicle and a Taser was eventually deployed. U.F. 25. However, once again, rather than complying, Harper attempted to leave the scene, causing Officer Koahou to yell, "Don't do it! Don't do it! I'll shoot you! Stop! Stop!" U.F. 28; see also Belt-Worn Audio at 4:50-4:54; Bystander Video at 0:09-0:14. After the car started moving, and with his arm trapped, Officer Koahou fired two defensive shots. U.F. 29-32; see also Bystander Video at 0:09-0:14. These shots were fired because Officer Koahou was facing an imminent threat of being struck and/or crushed by the vehicle and was attempting to stop the threat. U.F. 35.

    These facts demonstrate that the fear Officer Koahou was facing was justified, attempts at the use of lesser force had proven ineffective, and prior warnings had been given.

    In addition, Harper's attempt to argue that the fleeing felon doctrine is inapplicable is wholly without merit. In *Plumhoff v. Rickard,* 572 U.S. 765 (2014), the United States Supreme Court addressed a situation in which a driver sped away from a traffic stop and a high-speed pursuit ensued. The pursuit came to a temporary halt when Rickard spun out into a parking lot, resumed maneuvering his car, and as he continued to use the accelerator even though his bumper was flush against a patrol car, an officer fired three shots into the car. Rickard managed to get away, almost hitting an officer in the process, and then officers fired 12 more shots as Rickard fled, fatally wounding him and his passenger. Applying *Graham v. Connor,* the *Plumhoff* court concluded that the officers' conduct did not violate the Fourth Amendment under the totality of the circumstances from the perspective of a reasonable officer on scene. *Plumhoff,* 572 U.S. at 766.

As stated above, Harper had already engaged in driving a stolen vehicle, felony evading, and carjacking. U.F. 5-7, 14-17. These actions were clearly felonious. To argue otherwise defies credulity. Moreover, Harper's reliance on out-of-circuit cases which pre-date *Plumhoff* – such as *Lyle v. Bexar Cnty., Tx.,* 560 F.3d 404, 417 (9th Cir. 2009), *Kirby v. Duva,* 530 F.3d 475, 484 (6th Cir. 2008), and *Medina v. Cram,* 252 F.3d 1124, 1132 (10th Cir. 2001) – is both unconvincing and unavailing. See Opposition at 16.[1]

Indeed, given Harper's repeated attempts to evade arrest this day – as well as his prior conviction for felony evading, an action which shows a pattern and practice pursuant to Federal Rules of Evidence 406 – the fact that Harper might attempt to continue to evade arrest if not stopped is not just a possibility, it was an absolute certainty. Similarly, Harper was an experienced criminal offender and readily would have understood his sentencing exposure for his actions. Under Rule 404, his past convictions are relevant on the issue of notice, lack of mistake, and showing his state of mind and his commitment to trying to get away without regard to potential harm to others.

Here, the danger to Officer Koahou was even more immediate than the danger justifying deadly force in *Plumhoff*. In *Plumhoff*, in the seconds before the first shots were fired, Rickard was accelerating but pushed against a police cruiser. *Id.* Then, "at the moment [the second volley of] shots were fired….Rickard was intent on resuming his flight and that, if he was allowed to do so, he would once again pose a deadly threat for others on the road." *Id*. at 777. In other words, the mere possibility of that deadly threat to the public posed by Rickard permitted the use of deadly force.

Here, Officer Koahou had only a split second to make a decision regarding the use of force as Harper was accelerating and while he was in a vulnerable

---

[1] For clarification, this page number refers to the pagination on the PDF version of Plaintiff's Opposition filed via ECF rather than the non-sequentially numbered pages in the footer of Harper's Opposition.

1  position. The threat to his life was significant as he was off balance and nearly
2  fell, which could have resulted in him failing under the wheels of the vehicle.
3  Bystander Video at 0:09-0:14. Under these facts, the use of force was reasonable
4  under the totality of the circumstances. *Graham v. Connor,* 490 U.S. at 394-396.

5  **4.      DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY**

6  Turning to the issue of qualified immunity, Harper asserts that issues of fact
7  exist which preclude the proper application of this doctrine. As was the case with
8  the issue of the reasonableness of force, this is not accurate.

9  As stated above, Defendants have accepted Harper's version of the facts to
10 the extent they are supported by admissible evidence. And what exactly are these
11 facts? There is no dispute regarding his methamphetamine use, the fact that he was
12 driving a stolen vehicle, that he was engaged in a hit-and-run accident, or that he
13 carjacked a second vehicle. Likewise, there is no dispute regarding the
14 authenticity of either the Belt-Worn Audio or the Bystander Video. Finally,
15 Harper does not dispute that the vehicle was moving at the time the shots were
16 fired; he claims merely that this was done because he had been tasered. However,
17 even if true, this is exactly the type of reasonable mistake of fact which qualified
18 immunity is designed to immunize. *Harlow v. Fitzgerald*, 457 U.S. 800, 818
19 (1982) (qualified immunity protects government officials from suit under federal
20 law claims if "their conduct does not violate clearly established statutory or
21 constitutional rights of which a reasonable person would have known"; *Pearson v.*
22 *Callahan,* 555 U.S. 223, 230 (2009) (qualified immunity applies regardless of
23 whether the government official's error is a mistake of law, a mistake of fact, or a
24 mistake based on mixed questions of law and fact).

25 Under this doctrine, if a government official's mistake as to what the law
26 requires is reasonable, the government official is entitled to qualified immunity.
27 *Davis v. Scherer*, 468 U.S. 183, 205 (1984). Qualified immunity gives officer
28 "breathing room" to make reasonable but mistaken judgments about open legal

questions. *Ashcroft v. al-Kidd,* 563 U.S. 731, 743 (2011). Moreover, this doctrine is sweeping in scope and designed to protect "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

As discussed at length above, Harper suffered no constitutional violation of any sort. However, assuming arguendo this Court were to find that a constitutional violation *had* occurred, Officer Koahou would nonetheless be entitled to summary judgment on the grounds of qualified immunity because the rights alleged by Harper were anything but clearly established at the time of the incident. In fact, not only is there a lack of law prohibiting Officer Koahua's conduct, but there are also a significant number of cases *supporting* and authorizing Officer Koahou's conduct.

Indeed, given that *Plumhoff, Monzon, Williams* and *Vasquez* are all extremely factually similar to the situation faced by Officer Koahou, one simply cannot stay that contrary law was clearly established. Since there are no cases that hold that officers cannot fire upon a felon when the officer is in fear for his safety due to becoming entangled with the suspect who is attempting to drive away, Defendants are entitled to summary judgment.

**5. PLAINTIFF'S STATE LAW CLAIMS**

Defendants are also entitled to summary judgment on Harper's derivative state law claims for battery and a violation of the Bane Act because the quantum of force used was reasonable under the totality of the circumstances. *Brown v. Ransweiler*, 171 Cal.App.4th 516, 526-528 (2009) (to prevail on a battery claim against a peace officer, a plaintiff must prove the officer used unreasonable force); *Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 1272 (1998) (same).

Moreover, although the doctrine of qualified immunity does not extend to state law claims, the federal courts have recognized that the California statutory scheme provides no less protection. *Jones v. Cnty. of Los Angeles*, 2009 U.S. Dist.

LEXIS 110900, *16-18 (CD CA 2009) (immunizing against claims for violation of *Civil Code* § 52.1, battery, negligence, and intentional infliction of emotional distress); *Johnson v. City of Pacifica*, 4 Cal.App.3d 82, 86-87 (1970); *Johnson v. Contra Costa*, 2010 U.S. Dist. LEXIS 92020, *52-54 (ND CA 2010) (immunizing against claims for negligence); *Miller v. Hoagland*, 247 Cal.App.2d 57, 62 (1966) (immunizing against intentional torts); *Price v. County of San Diego,* 990 F.Supp. 1230, 1244 (SD CA 1998) (officer entitled to immunity where force used not unreasonable).

.Finally, to the extent that this Court believes that an issue of fact exists with respect to the negligence claims despite Harper's failure to establish a valid claim under 42 U.S.C. § 1983, this Court should decline to exercise supplemental jurisdiction and remand this single claim to state court. *Satey v. JPMorgan,* 521 F.3d at 1091; *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. at 351.

## 5. **CONCLUSION**

Based on the foregoing, the Court should grant Defendants' Motion for Summary Judgment and/or Partial Summary Judgment and enter judgment in their favor and against Plaintiff Justin Harper. And, to the extent that this Court concludes that Defendants are entitled to summary judgment on Harper's sole federal claim for excessive force, it should remand any surviving state law claims to state court. *Satey v. JPMorgan,* 521 F.3d at 1091; *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. at 351.

Dated: January 31, 2025                    JONES MAYER

By: */s/ Scott Wm. Davenport*
JAMES R. TOUCHSTONE
DENISE L. ROCAWICH
SCOTT WM. DAVENPORT

Attorneys for Defendants,
CITY OF REDLANDS and OFFICER KOAHOU

# **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for CITY OF REDLANDS and OFFICER KOAHOU, certifies that this brief contains 3.085 words, which complies with the word limit of Local Rule 11-6.1.

Dated: January 31, 2025                JONES MAYER

*/s/ Scott Wm. Davenport*
By: _____
SCOTT WM. DAVENPORT

Attorneys for Defendants,
CITY OF REDLANDS and OFFICER KOAHOU