1    JONES MAYER
     James R. Touchstone Esq., SBN 184584
2    jrt@jones-mayer.com
     Denis L. Rocawich Esq., SBN 232792
3    dlr@jones-mayer.com
     3777 North Harbor Boulevard
4    Fullerton, CA  92835
     Telephone: (714) 446-1400
5    Facsimile: (714) 446-1448

6    Attorneys for Defendant,
     CITY OF REDLANDS and OFFICER KOAHOU

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11   JUSTIN CODY HARPER,                    Case No.  5:23-cv-00695-SSS-DTBx

12          Plaintiff(s),                   *Honorable Sunshine Suzanne Sykes
                                            Honorable Magistrate David T.
13          v.                              Bristow*

14   CITY OF REDLANDS, REDLANDS             DEFENDANTS', CITY OF
     POLICE DEPARTMENT, POLICE              REDLANDS AND OFFICER
15   OFFICER KOAHOU, and DOES 1-10,         KOAHOU, MOTION IN LIMINE
                                            NO. 1 TO EXCLUDE ECONOMIC
16          Defendant(s).                   CALCULATION OF DAMAGES
                                            AND EXCLUDE ANY
17                                          ARGUMENT OF A SPECIFIC
                                            DOLLAR AMOUNT FOR
18                                          DAMAGES; MEMORANDUM OF
                                            POINTS AND AUTHORITES;
19                                          AND DECLARATION OF JAMES
                                            R. TOUCHSTONE
20
                                            FPTC Date:    April 4, 2025
21                                          Time:         1:00 p.m.
                                            Dept:         2
22

23

24

25

26

27

28

                              - 1 -
DEFENDANTS' MOTION IN LIMINE NO 1 RE ECONOMIC DAMAGES

## NOTICE OF MOTION IN LIMINE

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on April 4, 2025, at 1:00 p.m., at the Final Pretrial Conference, in Courtroom 2 of the above-entitled Court, located at 3470 12th Street, 2nd Floor, Courtroom 2, Riverside, California 92501, Defendants CITY OF REDLANDS AND OFFICER KOAHOU (hereinafter "Defendants") will and hereby do move this Court for an order precluding Plaintiff JUSTIN CODY HARPER, (hereinafter "Plaintiff"), his counsel, or his witnesses from introducing any evidence and/or argument relating to their economic damages calculations. This evidence must be excluded because Plaintiff failed to make damages calculation disclosures as required under Federal Rule of Civil Procedure 26(a)(1), and Rule 37(c)(1) therefore requires exclusion of this evidence.

On February 14, 2025, counsel for Defendants City of Redlands and Officer Koahou, and counsel for Plaintiff, Renee V. Masongsong, Esq., timely met and conferred via Zoom to discuss the Motions in Limine each party intended to bring before trial. Additionally, counsel for Defendants followed the meet and confer conference with an email dated February 14, 2025, outlining the specific case law discussed. A true and correct copy of this email is attached to the Declaration of James R. Touchstone as Exhibit "A".

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /



DEFENDANTS' MOTION IN LIMINE NO 1 RE ECONOMIC DAMAGES

1    This Motion is based on the Memorandum of Points and Authorities, the

2  Declaration of James R. Touchstone, and on any other matters properly before the

3  Court.

4
                                          Respectfully Submitted,
5
   Dated:  March 7, 2025                   JONES MAYER
6

7

8                                          By: s/ James R. Touchstone
                                               James R. Touchstone
9                                              Denise L. Rocawich
                                               Attorneys for City of Redlands and
10                                             Officer Koahou

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION IN LIMINE NO 1 RE ECONOMIC DAMAGES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendants City of Redlands and Officer Koahou respectfully move the Court for an Order *in limine* precluding Plaintiff's counsel or Plaintiff's witnesses from introducing any testimony, documents, or other evidence or argument concerning economic damages or calculations. This evidence must be excluded because Plaintiff failed to make damages calculation disclosures as required under Federal Rule of Civil Procedure 26(a)(1), and Rule 37(c)(1) therefore requires exclusion of this evidence.

## II.    PLAINTIFFS' DISCLOSURES

Plaintiff served Initial Disclosures on the Defendants on July 17, 2024.  In such Disclosures, Plaintiffs provided the following with regard to damages under Section II., DAMAGES:

"Plaintiff is seeking general and special compensatory damages, including but not limited to:

1.   Medical Expenses;

2. Emotion Distress Damages;

3. Loss of Income;

4. Future Medical Costs;

5. Attorneys' Fees;

6. Punitive Damages against the individual defendants;

7. Costs"

A true and correct copy of Plaintiff's Initial Disclosures are attached to the Declaration of James R. Touchstone as Exhibit B.

Similarly, the Complaint in this matter requests compensatory, special and general damages "in a sum according to proof."  *See* Docket Entry 1, Prayer for Relief.



DEFENDANTS' MOTION IN LIMINE NO 1 RE ECONOMIC DAMAGES

1    Plaintiff has not supplemented his Initial Disclosures, has not provided any

2    calculation as required by Rule 26, and has not produced any documents that support

3    their claims. Decl. Touchstone at ¶ 4.

4

5    **III.    SPECIFIC EVIDENCE SOUGHT TO BE EXCLUDED**

6         The specific evidence sought to be excluded is:

7         1. Any evidence submitted for the purpose of calculating Plaintiff's claimed

8    economic damages.

9

10   **IV.    ANALYSIS**

11        **A.    The Court has the Inherent Power to Hear and Determine Issues**

12               **of Admissibility of Evidence Outside the Presence or Hearing of**

13               **the Jury**

14        While not expressly authorized by statute, motions in limine are commonly

15   used trial tools that are entertained and granted within the trial court's inherent

16   powers. <u>Luce v. United States</u>, 469 U.S. 38, 41 (1984); <u>United States v. Komisamk</u>,

17   885 F.2d 490, 492-95 (9th Cir. 2004). The underlying basis for motions in limine can

18   be found in the <u>Federal Rules of Evidence</u>.

19        Rules 103(c) and 104(c) allow a court to hear and determine the question of

20   the admissibility of evidence outside the presence or hearing of the jury. <u>See</u> FED.

21   R. Evid. 103( c), 104( c); <u>see also</u> <u>Daubert v. Merrel Dow Pharmaceuticals, Inc.</u>, 509

22   U.S. 579, 583-95 (1993) (before allowing scientific evidence to be admitted, the trial

23   judge must make a preliminary finding that the evidence is reliable and relevant);

24   <u>United States v. Soulard</u>, 730 F.2d 1292, 1297-98 (9th Cir. 1984) (trial court properly

25   reviewed a summary chart outside of the jury's presence, before allowing it to be

26   used at the trial).

27        Therefore, this Court has the inherent power to grant the instant motion.

28   / / /



1

**B.** **Rule 37(C)(1) Requires Exclusion of the Evidence for Failure to**

2

**Comply With Rule 26**

3        Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires a plaintiff to provide,

4   as part of his initial disclosures, "a computation of each category of damages

5   claimed." Failure to provide such calculations precludes a party from using any

6   evidence of those calculations at trial unless the failure to provide the information

7   was substantially justified or is harmless. *See* Fed. R. Civ. P. 37(c)(1). Courts

8   routinely enforce this rule by precluding a party from presenting evidence during trial

9   on economic damages calculations that were not disclosed. See, e.g., Hoffman v.

10  Construction Protective Servs., Inc., 541 F.3d 1175, 1179-80 (9th Cir. 2008);

11  Buffington v. Nestle Healthcare Nutrition Inc., No. SACV 18- 00106JVS, 2019 WL

12  6646703, at *2-*3 (C.D. Cal. Sep. 24, 2019).  "Rule 26(e) creates an obligation for

13  parties to supplement the information disclosed under Rule 26(a) in a timely manner,

14  including its computation of damages. Fed. R. Civ. P. 26(e)." Mort v. DeJoy, 2022

15  WL 3229298 (E.D. Cal. 2022).

16        To satisfy Rule 26(a)(1)(A)(iii), a "plaintiff **should provide more than a**

17  **lump sum statement** of the damages allegedly sustained." City & County of San

18  Francisco v. Tutor-Saliba Corp., 218 F.R.D. 219, 221 (N.D. Cal. 2003) [emphasis

19  added]; see also Mort v. Joy, supra at *33-34; see also First Nat'l Bank of Chicago

20  v. Ackerley Comm'cns, Inc., No. 94 Civ. 7539 (KTD), 2001 WL 15693, at *6 n.6

21  (S.D.N.Y. Jan. 8, 2001) ["A discovery request calling for the calculation of damages

22  requires more than merely setting forth the figure demanded"].

23        Here, Plaintiffs failed to provide calculations for their economic damages and

24  for their non-economic damages. To date, Plaintiffs have not provided any

25  calculation of any claimed economic damages during the course of this case.  Such

26  vague, general assertions of a damages amount are insufficient to satisfy Rule

27  26(a)(1)(A)(iii). See City & County of San Francisco, 218 F.R.D. at 221; First Nat'l

28  Bank of Chicago, 2001 WL 15693, at *6 n.6.



DEFENDANTS' MOTION IN LIMINE NO 1 RE ECONOMIC DAMAGES

1    **V.    <u>CONCLUSION</u>**

2        For the foregoing reasons, the City of Redlands and Officer Koahou

3    respectfully move the Court for an Order *in limine* precluding Plaintiff, Plaintiff's

4    counsel or Plaintiff's witnesses from introducing any evidence and/or argument

5    relating to their economic damages or any calculations related thereto.

6

7                                  Respectfully Submitted,

    Dated:  March 7, 2025           JONES MAYER

8

9

                              By: *s/ James R. Touchstone*

10                                     James R. Touchstone
                                  Denise L. Rocawich

11                                     Attorneys for City of Redlands and
                                  Officer Koahou

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION IN LIMINE NO 1 RE ECONOMIC DAMAGES

1

## **DECLARATION OF JAMES R. TOUCHSTONE**

2

I, James R. Touchstone, declare:

3

4

    1.    I am an attorney licensed to practice law in the State of California and before this Court.  I am a partner in the law firm of Jones Mayer, counsel of record for Defendants in this action. This Declaration is submitted in support of Defendants' Motion in Limine No. 1.  If called as a witness, I would and could competently testify to all of the facts contained within this declaration based upon my personal knowledge, unless so stated on information and belief.

5

6

7

8

9

    2.    On February 14, 2025, counsel for Defendants City of Redlands and Officer Koahou, James R. Touchstone and Denise Rocawich; and counsel for Plaintiff, Renee V. Masongsong, Esq., timely met and conferred via Zoom to discuss the Motions in Limine each party intended to bring before trial.  The meet and confer process lasted approximately thirty-three minutes. The parties were unable to reach an agreement as to this Motion.

10

11

12

13

14

15

    3.    Additionally, Counsel for Defendants City of Redlands and Officer Koahou followed the meet and confer conference with an email dated February 14, 2025, outlining the specific case law discussed during the meet and confer conference. A true and correct copy of this email is attached hereto Exhibit "A."

16

17

18

19

    3.    Plaintiff served Initial Disclosures on the Defendants on July 17, 2024. In such Disclosures, Plaintiffs provided the following with regard to damages under Section II., DAMAGES:

20

21

22

"Plaintiff is seeking general and special compensatory damages, including but not limited to:

23

24

    1.   Medical Expenses;

25

    2.  Emotion Distress Damages;

26

    3.  Loss of Income;

27

    4.  Future Medical Costs;

28



- 5 -

DEFENDANTS' MOTION IN LIMINE NO 1 RE ECONOMIC DAMAGES

1      5.  Attorneys' Fees;

2      6.  Punitive Damages against the individual defendants;

3      7.  Costs"

4      4.      Plaintiffs have not supplemented their Initial Disclosures, have

5  not provided any calculation as required by Rule 26 and have not produced

6  any documents that support their calculations for economic damages.  A true

7  and correct copy of Plaintiff's Initial Disclosures is attached hereto as Exhibit

8  "B".

9      I declare under penalty of perjury under the laws of the United States that the

10  foregoing is true and correct. Executed this 7th day of March, 2025, at Fullerton,

11  California.

12

13                    /s/ James R. Touchstone
                      James R. Touchstone
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION IN LIMINE NO 1 RE ECONOMIC DAMAGES

EXHIBIT A

## Mary Kate Becerra

**From:**        James R. Touchstone
**Sent:**        Tuesday, March 4, 2025 10:51 AM
**To:**          Mary Kate Becerra
**Subject:**     FW: Harper:  Confirming M&C Friday at 11:00 am.

---

**From:** Denise L. Rocawich <dlr@jones-mayer.com>
**Sent:** Friday, February 14, 2025 12:20 PM
**To:** rvalentine@galipolaw.com
**Cc:** James R. Touchstone <jrt@jones-mayer.com>
**Subject:** RE: Harper: Confirming M&C Friday at 11:00 am.

Hello Renee,

Below is the case law I mentioned re computation of damages:

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires a plaintiff to provide, as part of his initial disclosures, "a computation of each category of damages claimed." Failure to provide such calculations precludes a party from using any evidence of those calculations at trial unless the failure to provide the information was substantially justified or harmless. See Fed. R. Civ. P. 37(c)(1). Courts routinely enforce this rule by precluding a party from presenting evidence during trial on economic damages calculations that were not disclosed. See, e.g., Hoffman v. Construction Protective Servs., Inc., 541 F.3d 1175, 1179-80 (9th Cir. 2008); Buffington v. Nestle Healthcare Nutrition Inc., No. SACV 18-00106JVS, 2019 WL 6646703, at *2-*3 (C.D. Cal. Sep. 24, 2019) [precluding testimony on lost wages when party failed to provide a calculation of those damages as required by Rule 26]. "Rule 26(e) creates an obligation for parties to supplement the  information disclosed under Rule 26(a) in a timely manner, including its computation of damages. Fed. R. Civ. P. 26(e)." Mort v. DeJoy, 2022 WL 3229298 (E.D. Cal. 2022). To satisfy Rule 26(a)(1)(A)(iii), a "plaintiff **should provide more than a lump sum statement** of the damages allegedly sustained." City & County of San Francisco v. Tutor-Saliba Corp., 218 F.R.D. 219, 221 (N.D. Cal. 2003) [emphasis added]; see also Mort v. Joy, supra at *33-34. "[T]he 'computation' of damages required by Rule 26(a)(1)(C) contemplates some analysis; for instance, in a claim for lost wages, there should be some information relating to hours worked and pay rate." Id.; see also First Nat'l Bank of Chicago v. Ackerley Comm'cns, Inc., No. 94 Civ. 7539 (KTD), 2001 WL 15693, at *6 n.6 (S.D.N.Y. Jan. 8, 2001) ["A discovery request calling for the calculation of damages requires more than merely setting forth the figure demanded"].

With respect to noneconomic damages, such as pain and suffering or emotional distress, courts do not require the same level of precision to satisfy the Rule 26 initial disclosure obligation. Instead, a plaintiff has the option of not providing a damages calculation. But if a plaintiff does not provide a calculation for such non-economic damages, the plaintiff is precluded from arguing that the jury should award a specific damages amount. See, e.g., Sandoval v. Am. Bldg. Maintenance Indus., Inc., 267 F.R.D. 257, 282 (D. Minn. 2007) (citing cases); see also First v. Kia of El Cajon, No. 10-cv-536-DMS, 2010 WL 3069215, at *2 (S.D. Cal. Aug. 4, 2010) [not requiring plaintiff to provide calculation of emotional distress damages where plaintiff intended to let jury decide that question, but warning plaintiff "that if he is going to suggest a specific amount to the jury for emotional distress damages and fails to provide Defendant with a calculation of that amount as required by Rule 26(a)(1)(A)(iii), Plaintiff may be foreclosed from suggesting that specific amount for emotional distress damages to the jury at trial."]. "If Plaintiff intends to suggest a specific amount to the jury for emotional distress damages, yet fails...to provide Defendant with a computation of damages, Plaintiff may be foreclosed from suggesting that specific amount for emotional distress damages to the jury at trial." Benson v. Saban Cmty. Clinic, 2023 U.S. Dist. LEXIS 166739, *11-12 (C.D. Cal. 2023).

1

Thanks,



**Denise Lynch Rocawich, Esq.**
**Executive Partner**

**Jones Mayer** | 3777 N. Harbor Blvd. | Fullerton, CA  92835
☎ (714) 446-1400 | 🖨 (714) 446-1448 | ✉ DLR@jones-mayer.com

EXHIBIT B

1  LAW OFFICE OF SHARON J. BRUNNER
2  Sharon J. Brunner, Esq. (SBN: 229931)
   Email: sharonjbrunner@yahoo.com
3  14393 Park Avenue, Suite 100
   Victorville, CA 92392
4  Tel: (760) 243-9997
   Fax: (760) 843-8155
5
   LAW OFFICE OF JAMES S. TERRELL
6  James S. Terrell, Esq. (SBN: 170409)
   Email: jim@talktoterrell.com
7  15411 Anacapa Road
   Victorville, CA 92392
8  Tel: (760) 951-5850
   Fax: (760) 952-1085
9
10  Attorneys for Plaintiff

11            UNITED STATES DISTRICT COURT FOR THE

12            CENTRAL DISTRICT OF CALIFORNIA

13
   JUSTIN CODY HARPER,              CASE NO. 5:23-cv-00695-SSS-DTB
14                     Plaintiff,

15  vs.                            **PLAINTIFF'S INITIAL**
                                   **DISCLOSURES**
16  CITY OF REDLANDS, REDLANDS     **[FED.R.CIV.P. 26(a)(1)]**
   POLICE DEPARTMENT, POLICE
17  OFFICER KOAHOU, and DOES 1      *Assigned for all purposes to: Hon.*
18  through 10, Inclusive           *Gary R. Klausner, Courtroom 850*

19

20
   Pursuant to Local Rule 26-1 and Federal Rule of Civil Procedure 26, Plaintiff hereby
21
   makes the following initial disclosures of witnesses, documents, and damages known at
22
   this time.
23
   **I.    WITNESSES AND DOCUMENTS:**
24
   Plaintiff states that, based on the information currently known to him, at least the
25
   following persons have knowledge of facts that Plaintiff may use to support his material
26
   allegations.  The subjects of information specified are those of which Plaintiff is

                                        1
                   PLAINTIFF'S RULE 26 INITIAL DISCLOSURES

currently aware or Plaintiff reasonably believes is within the knowledge of the identified individuals.

1.      Unknown neighbors that may be material witnesses.

2.      Plaintiff Justin Harper is a material to witness.

3.      Defendant Officer Koahu is a material witness to the incident.

4.      Unknown Officers at the scene of the incident who may have witnessed the incident.

5.      Unknown paramedics on site or called to assist with the injuries of the Plaintiff.

6.      Unknown Medical personnel at Loma Linda that may have knowledge of Plaintiff's injuries.

7.      Plaintiff is providing criminal discovery. (Plaintiff's Initial Disclosure Bate Stamped PL.000001-PL.000038)

8.      Plaintiff is providing Loma Linda medical records. (PL.000039-PL.P000713)

Plaintiff's investigation of this matter is not yet complete, and Plaintiff has not concluded his discovery in this matter.  Plaintiff reserve the right to identify additional individuals with such knowledge as such persons become known to Plaintiff, or the information they possess becomes relevant to the claims or defenses of any party, pursuant to Rule 26(c).

The documents above are being produced concurrently herewith.  Plaintiff's investigation of this matter is not yet complete, and Plaintiff has not concluded their discovery in this matter.  Plaintiff reserves the rights to identify additional documents and categories of documents as they become known to Plaintiff or they become relevant to the claims or defenses of any party, pursuant to Rule 26(c).

## II.      DAMAGES

PLAINTIFF'S RULE 26 INITIAL DISCLOSURES

Plaintiff is seeking general and special compensatory damages, including but not limited to:

1.   Medical Expenses;

2.   Emotional Distress Damages;

3.   Loss of income;

4.   Future Medical Costs

5.   Attorneys' Fees;

6.   Punitive Damages against the individual defendants;

7.   Costs.

Plaintiff's investigation of this matter is not yet complete, and Plaintiff has not concluded their discovery in this matter.  Plaintiff reserves the right to supplement or amend their prayer for relief and nature and scope of damages, pursuant to Rule 26(c).

Counsel for Plaintiff certify that, to the best of their knowledge, information and belief, formed after an inquiry that is reasonable under the circumstances, this disclosure is correct as of the date indicated below; however, counsel reserved the right to supplement or amend this disclosure as additional information becomes available, and/or known, through discovery or otherwise.

Respectfully Submitted,

DATED: April 9, 2024          LAW OFFICE OF SHARON J. BRUNNER
                              LAW OFFICE OF JAMES S. TERRELL


                              By _/s/Sharon J. brunner_____

                              Attorneys for Plaintiff

PLAINTIFF'S RULE 26 INITIAL DISCLOSURES

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

I am employed in the County of San Bernardino, State of California and am over the age of eighteen years and not a party to the within action. My business address is 15411 Anacapa Road, Victorville, CA 92392.

On July 17, 2024, I served the foregoing document described as

**PLAINTIFF'S RULE 26 INITIAL DISCLOSURES**

on all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as indicated on the attached service list.

METHOD OF SERVICE

☒ **(BY MAIL)** I caused such envelope(s) fully prepaid to be placed in the United States mail at Victorville, California. I am "readily familiar" with the firm's practice of collection and processing correspondence or mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Victorville, California, in the ordinary course of business. I am aware that on motion of the party service, service is presumed invalid if postage cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

☐ **(BY PERSONAL SERVICE)** I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

☐ **(BY FACSIMILE)** I caused such document(s) to be telephonically transmitted to the offices of the addressee(s).

X **(BY ELECTRONIC SERVICE)** Based on a court order or an agreement of the parties to accept service by electronic transmission. I caused the documents to be sent to the persons at the electronic notification addresses listed above.

JURISDICTION

☐ (State) I declare under penalty of perjury that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 17, 2024, at Victorville, California.

Austin Terrell

1

PROOF OF SERVICE

## SERVICE LIST

Harper v. City of Redlands et al.
Case No: 2:22-CV-02340-RGK-PVC

**Denise L. Rocawich, SBN 232792**
**dlr@jones-mayer.com**
**JONES MAYER**
**3777 North Harbor Boulevard**
**Fullerton, CA 92835**
**Telephone: (714) 446-1400**
**Facsimile: (714) 446-1448**