LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN CODY HARPER,<br><br>         Plaintiff,<br><br>   v.<br><br>CITY OF REDLANDS; NICHOLAS KOAHOU,<br><br>         Defendants. | Case No. 5:23-cv-00695-SSS-DTB<br><br>Assigned to:<br>Hon. District Judge Sunshine S. Sykes<br>Honorable Mag. Judge David T. Bristow<br><br>**PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE INFORMATION UNKNOWN TO DEFENDANT NICHOLAS KOAHOU AT TIME OF INCIDENT**<br><br>Hearing:    None set<br>Courtroom: 4, 15th Floor<br>Trial Date: February 18, 2025 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD AND TO THIS HONORABLE COURT, PLEASE TAKE NOTICE** that Plaintiff Justin Cody Harper will and does hereby move to exclude any evidence, testimony, argument, or reference at trial to information that was unknown to Defendant Officer Koahou at the time of the incident, including: (1) evidence regarding drug and/or alcohol use by Mr. Harper, inlcuding prior to the date of the incident and on the date of the incident and including any testimony by Defendants' expert Richard Clark; (2) evidence that a gun was recovered from the car Mr. Harper was driving on the day of the incident; (3) evidence regarding Mr. Harper's criminal history or other bad acts, including his criminal history prior to this incident, his testimony that he had been expelled from school, charges and convictions arising from this incident and his disciplinary write-ups during his current incarceration. Plaintiff makes this Motion under the following independent and sufficient reasons: (1) such evidence is irrelevant under Rule 401 and 402; (2) it should be excluded under Rule 403 as unduly prejudicial; (3) is improper character evidence under Rule 404; and (4) as to any reports containing this information, it is inadmissible hearsay under Rules 801 and 802.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing. A proposed order is submitted herewith.

**Statement of Local Rule 7-3 Compliance and pursuant to this Court's Civil Standing Order (Dkt. 25)**:

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 14, 2025. The conference took place via Zoom and lasted a total of approximately thirty-three minutes. Counsel present at the conference were Renee V. Masongsong for Plaintiffs, and James R. Touchstone and Denise Rocawich for Defendants. Counsel for the Parties discussed the issues but

were unable to agree, necessitating the filing of the instant Motion.

Respectfully submitted,

DATED: March 7, 2025            LAW OFFICES OF DALE K. GALIPO

                                By    */s/ Renee V. Masongsong*
                                Dale K. Galipo
                                Renee V. Masongsong
                                *Attorneys for Plaintiff*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This civil rights and state tort action arises from the use of deadly force by City of Redlands Police Department Officer Nicholas Koahou against Plaintiff Justin Harper on September 9, 2021. The primary issue in this case is whether Officer Koahou's use of lethal force against Mr. Harper was excessive and unreasonable under the circumstances known to him at the time of the use of force. Thus, information of which Officer Koahou was unaware at the time of the uses of force is generally irrelevant and should be excluded by way of this motion.

By way of this motion *in limine*, Plaintiff moves to exclude any evidence, testimony, argument, or reference at trial to the following information that was not known to Officer Koahou at the time of the incident: (1) evidence regarding drug and/or alcohol use by Mr. Harper, inlcuding prior to the date of the incident and on the date of the incident and including any testimony by Defendants' expert Richard Clark and any reference to illicit drugs in the medical records; (2) evidence that a shotgun was recovered from the Toyota Mr. Harper drove on the day of the incident prior to being shot in the Honda; (3) evidence regarding Mr. Harper's criminal history or other bad acts, including his criminal history and contacts with law enforcement prior to this incident, his testimony that he had been expelled from school, charges and convictions arising from this incident, and his disciplinary write-ups during his current incarceration.

Plaintiff makes this Motion under the following independent and sufficient reasons.  First, this information should be excluded because it was unknown to Officer Koahou at the time of the incident and thus is irrelevant to whether the shooting was excessive and unreasonable. *See* Federal Rules of Evidence ("FRE") 401, 402. Second, this evidence should also be excluded under FRE 403 because it has little or no probative value but is highly prejudicial to Plaintiff. Third, this evidence is also improper character evidence and should be excluded under FRE

404. Finally, any reports referencing this information, such as medical records, police reports, or felony complaints, should be excluded as hearsay for which there is no exception. *See* FRE 802.

## II. INFORMATION NOT KNOWN TO KOAHOU AT THE TIME OF THE SHOOTING SHOULD BE EXCLUDED AS IRRELEVANT

Under FRE 401, evidence is only relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and the fact is "of consequence in determining the action." Fed. R. Evid. 401(a). Fourth Amendment claims for excessive force—as with claims for battery and negligent wrongful death under California law—depend on "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989); *see Yount v. City of Sacramento*, 43 Cal. 4th 885, 902 (2004) (battery); *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1232 (9th Cir. 2013) (negligence). Reasonableness "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. Accordingly, facts of which officers were unaware "are irrelevant to the reasonableness analysis," *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1123 n.4 (9th Cir. 2021), and may not be considered. *Glenn v. Wash. Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways."); *Hayes*, 736 F.3d at 1232-33 ("[W]e can only consider the circumstances of which [the deputies] were aware when they employed deadly force.").

Here, multiple areas of information unknown to Officer Koahou at the time of the shooting should be excluded. First, Plaintiff anticipates that Defendants will seek to introduce evidence of drug use by Mr. Harper of which Office Koahou was unaware, including Harper's deposition testimony regarding his prior methamphetamine use, testimony by Defendants' retained expert Richard Clark, and

1  Mr. Harper's medical records referencing methamphetamine abuse and
2  methamphetamine found in his blood after the shooting. Officer Koahou never had
3  any specific information that Mr. Harper was under the influence during the
4  incident, and whether Mr. Harper was under the influence was not part of Koahou's
5  decision to use lethal force. (Koahou Depo. Depo. 13:2-18; 47:22-24 [Dkt. 48-5]).
6  Accordingly, this information should be excluded. *See Herrera v. City of Ontario*,
7  No. EDCV 15-1370 JGB (SPx), 2016 WL 9176322, at *2 (C.D. Cal. Oct. 24, 2016)
8  (excluding toxicology report as information unknown); *Ruvalcaba v. City of Los
9  Angeles*, No. 2:12-cv-06683-ODW (MANx), 2014 WL 4426303, at *2 (C.D. Cal.
10 Sept. 8, 2014) (same). Likewise, Officer Koahou has not testified that he was aware
11 of any alleged drug or alcohol use by Mr. Harper on prior occasions. *See Conan*,
12 2017 WL 8941499, at *8 (C.D. Cal. Oct. 6, 2017) ("[T]he Court finds Plaintiff's
13 prior drug use has limited, if any, relevance to liability for excessive force, battery,
14 or negligence . . . .").
15     Moreover, as the Ninth Circuit has explained, in cases challenging excessive
16 force by police, "evidence of [a person]'s drug use . . . has marginal, if any,
17 probative value as to damages, and none as to liability." *Estate of Diaz v. City of
18 Anaheim*, 840 F.3d 592, 603 (9th Cir. 2016) (reversing jury verdict and remanding
19 for new trial where extensive evidence of drug use was admitted "under the guise of
20 impeaching [a mother's] testimony that she loved her son"); *see Watson v. City of
21 San Jose*, 765 F. App'x 248, 251 (9th Cir. 2019) (explaining that evidence of
22 plaintiff's "intoxication" at time of incident "would be impermissible" as
23 information unknown to officers at time of incident) (citations omitted). Such
24 evidence is irrelevant and cannot be considered by the jury.
25     Second, Plaintiff anticipates that Defendants will seek to introduce evidence
26 of Mr. Harper's criminal history and prior bad acts, including evidence that: (1) Mr.
27 Harper was criminally charged and convicted for theft of the Toyota, hit and run
28 with damage on Garcia's work truck, possession of a shotgun, and carjacking of the

1  black Honda; (2) Mr. Harper is currently incarcerated; (3) Mr. Harper had
2  approximately ten disciplinary write-ups during his current incarceration, including
3  write-ups for battery; (3) Mr. Harper has never had a real job; (4) Mr. Harper was
4  expelled from school. The Ninth Circuit has explained that in excessive force cases,
5  it is permissible for officers to testify "in a limited manner" about "their knowledge
6  of [a decedent's] criminal history," because the testimony is "relevant to establish
7  the facts and circumstances known to the officers" during the confrontation.
8  *Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995). However,
9  Officer Koahou testified that he did not know anything about Mr. Harper at the time
10 of this incident, including whether Mr. Harper had a criminal history. (Kahou Depo.
11 12:16-20.) Because Officer Koahou was not aware of Mr. Harper's criminal history
12 and it was not part of his calculation when using force, this information is irrelevant
13 and cannot be considered at trial. *See Tofte v. City of Longview*, No. 3:22-cv-05700-
14 TMC, 2024 WL 4451403, at *1-2 (W.D. Wash. Oct. 8, 2024) (excluding criminal
15 history information unknown to officers as irrelevant); *Dunivin v. Cnty. of Riverside*,
16 EDCV 21-0040 JGB (DTBx), 2024 WL 3468785, at *6 (C.D. Cal. June 14, 2024)
17 ("The Court agrees with Plaintiff that evidence of his criminal history is irrelevant
18 and prejudicial as to the question of liability . . . ."); *Hernandez v. City of Los
19 Angeles*, No. 2:19-CV-00441 CAS (GJSx), 2022 WL 16551705, at *7-8 (C.D. Cal.
20 Aug. 1, 2022) (excluding criminal history information unknown to officers as
21 irrelevant); *Tucker v. Cnty. of Riverside*, EDCV 16-2274 JGB (DTBx), 2018 WL
22 6074550, at *2-4 (C.D. Cal. Oct. 4, 2018) (excluding criminal history information
23 unknown to officers); *Ruvalcaba*, 2014 WL 4426303, at *1-2 (same). To the extent
24 that Defendants argue that Mr. Harper's criminal history is relevant to Mr. Harper's
25 damages, Plaintiff agrees not to seek damages for past or future loss of earnings.
26      Finally, Plaintiff anticipates that Defendants will seek to introduce evidence
27 that a shotgun was found inside the stolen Toyota that Mr. Harper drove on the date
28 of the incident prior to the being shot in the Honda. At no point prior or to or during

1  this incident did Officer Koahou have any information that Mr. Harper was armed.
2  (Koahou Depo. 12:22-24). Officer Koahou never saw a gun, knife, or any other
3  weapon on Mr. Harper or in any vehicle driven by Mr. Harper at any time. (Koahou
4  Depo. at 12:25-13:1; 28:19-21). At the time of the shooting, Mr. Harper was driving
5  a black Honda. Whether there was a shotgun inside the stolen Toyota, which was not
6  in the vicinity of the shooting at the time of the shooting, is wholly irrelevant. There
7  is no evidence that Mr. Harper used or threatened to use that gun against anyone and
8  no reasonable argument that he had access to the gun at the time of the shooting.
9  Because Officer Koahou did not learn that there was a gun in the stolen Toyota until
10 after the incident, this information is irrelevant and should be excluded.

Accordingly, the foregoing evidence unknown to Officer Koahou at the time force was used is irrelevant and should be excluded on this basis.

### III. THIS EVIDENCE SHOULD FURTHER BE EXCLUDED AS UNDULY PREJUDICIAL UNDER RULE 403

Although the evidence referenced above should be excluded as irrelevant, it should also be excluded under FRE 403 because it is unfairly prejudicial, confusing, and would waste time. FRE 403 requires exclusion even of relevant evidence "if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *see Larez v. City of Los Angeles*, 946 F.2d 630, 641 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses).

First, the drug evidence is unduly prejudicial because it has a significant potential to unjustly inflame a jury's passions and prejudices against Mr. Harper. *See V.V. v. City of Los Angeles*, No. 2:21-cv-01889-MCS-PD, 2022 WL 3598167, at *4

1  (C.D. Cal. July 6, 2022) (excluding evidence of prior drug use as information
2  unknown to officers at time of shooting under FRE 403, and explaining, that "[t]he
3  Ninth Circuit has set a high bar for the admissibility of intoxication evidence in the
4  liability phase of an excessive force case") (citing *Estate of Diaz*, 840 F.3d at 603);
5  *Conan*, 2017 WL 8941499, at *8 (excluding evidence of drug use under FRE 403);
6  *Gregory v. Oliver*, 2003 WL 1860270 at *2 (N.D. Ill. Apr. 9, 2003) (granting motion
7  *in limine* to exclude drug evidence officers discovered after use of force as irrelevant
8  and unduly prejudicial under FRE 403); *Id*. at *1 ("In today's climate, any evidence
9  as to a litigant's use of drugs has an obvious potential for being extraordinarily
10 prejudicial—for creating the prospect of deflecting the factfinders' attention from
11 the matters that are really at issue in the case to everyone's universally-shared
12 concerns as to the problems that drug usage is creating for our society."); *Kunz v.*
13 *DeFelice*, 538 F.3d 667, 676-77 (7th Cir. 2008) (affirming exclusion of "use of the
14 word 'heroin,' because at the time of the arrest, the officers did not know the nature
15 of the drug or Kunz's usage and because mention of heroin would be more
16 prejudicial than helpful"); *Wisler v. City of Fresno*, 2008 WL 2954179 at *5 (E.D.
17 Cal. 2008) (excluding evidence of marijuana use on grounds it was unduly
18 prejudicial and was not known by defendants). Evidence that Mr. Harper was on
19 methamphetamine during the incident is highly likely to prejudice Plaintiff and
20 mislead the jury about the issues to be tried in this case, and should therefore be
21 excluded.

22      Second, evidence of Mr. Harper's criminal history and current incarceration,
23 as well as any evidence of Mr. Harper's other bad acts or wrongs, is unduly
24 prejudicial because it is likely to lead a jury to make negative assumptions about Mr.
25 Harper's character that do not pertain to the incident at issue in this case. *See Speer*
26 *v. Cnty. of San Bernardino*, No. EDCV 20-44 JGB (SPx), 2021 WL 5969521, at *4
27 (C.D. Cal. Aug. 9, 2021) (finding "that any evidence of Plaintiff's criminal history
28 and prior contacts with law enforcement that Deputy Millan was unaware of at the

time of the incident has no likelihood of proving any material facts relevant to Plaintiff's claim and would be highly prejudicial" and excluding it on that basis); *Tucker*, 2018 WL 6074550, at *4 (holding criminal history not known to defendant officers was inadmissible under FRE 403, given that its "minimal probative value" was outweighed by risk of prejudice). The same reasoning applies to evidence that a shotgun was found in the stolen Toyota, which is unduly prejudicial because it is likely to inflame the jury against Mr. Harper and mislead the jury as to the issues of this case, including whether Mr. Harper was armed during the incident. Because any conceivable probative value of such testimony, if any exists, would be substantially outweighed by unfair prejudice, evidence or testimony regarding the gun found in the Toyota after the incident should also be excluded under Rule 403. Additionally, admitting evidence of the shotgun would lead to a "mini-trial" on this issue, including how Mr. Harper obtained the shotgun and what he intended to do with it, which would confuse jurors and waste court time.

Because the foregoing evidence is unduly prejudicial to Plaintiff in addition to being irrelevant, it should also be excluded under FRE 403.

### IV.   THIS EVIDENCE SHOULD FURTHER BE EXCLUDED AS IMPERMISSIBLE CHARACTER EVIDENCE UNDER RULE 404

Under FRE 404, the foregoing items of evidence Plaintiff seeks to exclude cannot be used to show that Mr. Harper acted in conformity with some general poor character during the incident. Rule 404(a)(1) specifically prohibits "[e]vidence of a person's character or character trait . . . to prove that on a particular occasion the person acted in accordance with the character or trait." Further, Ninth Circuit case law is clear that character evidence is not normally admissible in a civil rights case. *See Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in issue," *i.e.*, an essential element of a charge, claim, or defense for character evidence to be admitted. *See* Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza-Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). Character is not an essential element to

any claim or defense to be tried in this case. For example, testimony or evidence regarding information gathered after the incident relating to any drug use, criminal history, or other wrongs pose a danger that the jury will (1) improperly infer that the Officer Koahou knew this information, (2) improperly infer that Mr. Harper had the propensity to engage in criminal or inappropriate conduct, including toward Officer Koahou on the date of the subject incident, and (3) reach a verdict that does not reflect the circumstances Officer Koahou faced during the incident.

Plaintiff anticipates that Defendants may seek to use this unknown information as evidence of a propensity for violence. "Corroborating" evidence is propensity evidence. *See Palmerin v. Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1985) (excluding "any circumstantial evidence that requires an inference of a person's character to make it relevant"). Admission of this unknown information would serve little purpose other than to tarnish Mr. Harper's character and pollute the jury against him and Plaintiff. *See* Adv. Comm. Notes, Fed. R. Evid. 405 (stating specific instances of conduct "possess the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time"). Accordingly, this evidence should further be excluded under FRE 404.

## V. THIS EVIDENCE SHOULD ALSO BE EXCLUDED AS HEARSAY UNDER RULES 801 AND 802

Finally, the Court should also exclude any reports containing the aforementioned information as inadmissible hearsay without any exception under FRE 801, 802, and 805. This includes the portions of the medical records referencing methamphetamine abuse and methamphetamine in Mr. Harper's blood on the date of the incident, any felony complaints, copies of the disciplinary write-ups, and any police reports containing this information. Because all evidence that is the subject of this Motion constitutes information that was unknown to Officer Koahou during the incident, Officer Koahou cannot testify to this information based on personal knowledge. *See* Fed. R. Evid. 602.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court exclude any evidence or argument regarding information that was unknown to Officer Koahou at the time of the shooting as specifically set forth above.

Dated: March 7, 2025　　　　　　　LAW OFFICES OF DALE K. GALIPO

By: ___*/s/ Renee V. Masongsong*___
Dale K. Galipo
Renee V. Masongsong
Attorneys for Plaintiff

CERTIFICATION OF COMPLIANCE WITH WORD LIMIT (L.R. 11-6.1)

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 2,844 words, which complies with the word limit of L.R. 11-6.1. This word count was calculated based on the word processing system.

DATED: March 7, 2025　　　　　　　LAW OFFICES OF DALE K. GALIPO

By: *s/ Renee V. Masongsong*
Dale K. Galipo
Renee V. Masongsong
Attorneys for Plaintiff