LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:  (818) 347-3333
Facsimile:   (818) 347-4118

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN CODY HARPER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF REDLANDS; NICHOLAS KOAHOU,<br><br>　　　　　Defendants. | Case No. 5:23-cv-00695-SSS-DTB<br><br>Assigned to:<br>Hon. District Judge Sunshine S. Sykes<br>Honorable Mag. Judge David T. Bristow<br><br>**PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE POST-SHOOTING AGENCY FINDINGS**<br><br>Hearing:　　April 4, 2025<br>Courtroom:　2<br>Time:　　　 1:00 p.m. |

1 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD AND TO**
2 **THIS HONORABLE COURT, PLEASE TAKE NOTICE** that Plaintiff Justin
3 Cody Harper will and does hereby move to exclude the following:
4    (1) Any evidence, testimony, argument, or reference at trial to the District
5        Attorney's conclusion that Officer Koahou's use of deadly force against
6        Mr. Harper was justified, reasonable, and/or not criminal;
7    (2) Any evidence, testimony, argument, or reference at trial to the District
8        Attorney's decision not to press charges against Officer Koahou, including
9        any reference (whether implicit or explicit) to the fact that the District
10        Attorney reviewed the shooting incident;
11    (3) Any evidence, testimony, argument, or reference at trial to the City of
12        Redlands' findings that Officer Koahou's use of deadly force against Mr.
13        Harper was reasonable, justified, and/or within policy.
14     Plaintiff makes this Motion under Federal Rules of Evidence, Rules 402 and
15 403 and on the grounds that this evidence is immaterial to the issues to be decided
16 by the jury in the instant case. This Motion is also made on the grounds that the
17 District Attorney's conclusions, including the District Attorney's report or letter, as
18 well as the City of Redlands's findings with respect to the shooting, are hearsay for
19 which there is no exception under Federal Rules of Evidence, Rules 801 and 802.
20     This Motion is based on this Notice of Motion, the Memorandum of Points
21 and Authorities, the records and files of this Court, and upon such other oral and
22 documentary evidence as may be presented at the time of the hearing. A proposed
23 order is submitted herewith.
24     **Statement of Local Rule 7-3 Compliance and pursuant to this Court's**
25 **Civil Standing Order (Dkt. 25)**:
26     This Motion is made following the conference of counsel pursuant to L.R. 7-
27 3 which took place on February 14, 2025. The conference took place via Zoom and
28 lasted a total of approximately thirty-three minutes. Counsel present at the

1  conference were Renee V. Masongsong for Plaintiffs, and James R. Touchstone and
2  Denise Rocawich for Defendants. Counsel for the Parties discussed the issues but
3  were unable to agree, necessitating the filing of the instant Motion.
4
5   DATED: March 7, 2025                LAW OFFICES OF DALE K. GALIPO
6                                 By:   s/ Renee V. Masongsong
7                                       Dale K. Galipo
                                        Renee V. Masongsong
8                                       Attorneys for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By way of this Motion, Plaintiff seeks to exclude any evidence, testimony, argument, or reference at trial to the District Attorney's conclusion that Officer Koahou's use of deadly force against Plaintiff Justin Harper was any of the following: (1) not criminal; (2) reasonable; and/or (3) justified. Plaintiff further seeks to exclude any evidence, testimony, argument or reference at trial to the District Attorney's decision not to press charges against Officer Koahou. Also by way of this Motion, Plaintiff seeks to exclude evidence, testimony, argument, or reference at trial to the City of Redlands' findings that the shooting was any of the following: (1) within policy; (2) reasonable; and/or (3) justified.

This Motion *in Limine* is based on several independent rationales. First, this evidence is irrelevant pursuant to Federal Rules of Evidence, Rule 402, because this evidence is immaterial to the issues to be decided by the jury in the instant case. Second, this evidence usurps the jury's role, and should be excluded under Federal Rules of Evidence, Rule 403 on the grounds that this evidence would confuse the issues, mislead the jury, cause undue delay, and waste this Court's time. Further, such evidence would be unduly prejudicial to Plaintiffs under Rule 403, and such prejudicial effect would greatly outweigh any possible probative value of this evidence. Third, this Motion is also made on the grounds that the District Attorney's conclusions and the City of Redlands' internal investigative findings are hearsay for which there is no exception under Federal Rules of Evidence, Rules 801 and 802.

## II. ARGUMENT

### A. This Evidence Is Irrelevant and Should be Excluded Under Federal Rules of Evidence, Rule 402.

Federal Rules of Evidence, Rule 402, states in part that evidence which is not relevant is not admissible. Under *Graham v. Connor*, 490 U.S. 385, 397 (1989), evidence of facts and circumstances not known to the involved officers at the time of

1  the shooting incident are irrelevant.  *See also Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the shooting is irrelevant and prejudicial.").  This includes the post-shooting findings of Defendant City of Redlands, as well as the conclusions of the District Attorney.  At trial, the jury must determine whether Officer Koahou used unreasonable force and was negligent when he shot Mr. Harper.  To determine whether the shooting was lawful, the jury will be asked to consider factors such as "the type and amount of force used" and "[w]hether [Mr. Harper] posed an immediate threat to the safety of [Officer Koahou] or others."  Ninth Circuit Manual of Model Jury Instructions, 9.25 (2017).  What the City of Redlands investigators and/or the District Attorney purport to determine or conclude *ex post facto* about the reasonableness of the shooting does not bear on any disputed fact or on any element of any claim or defense in this case.  Indeed, the subsequent findings of the City of Redlands, as well as the subsequent conclusions of the District Attorney, are in no way probative of the factual circumstances confronting Officer Koahou at the time of the shooting incident.  Accordingly, this evidence is irrelevant as to questions of Defendants' liability for the violations of Mr. Harper's rights under federal and state law.  Because evidence of the City of Redlands' findings and the District Attorney's conclusions are not probative of any fact of consequence to the determination of the action, this evidence should be excluded.

Evidence regarding whether the City of Redlands found this shooting to be "within policy" is also irrelevant because Plaintiffs are not bringing any municipal liability or *Monell* claims at trial.  This evidence is also irrelevant to the opinions by the police practices experts, who make their opinions based on the perspective of a reasonably well-trained police officer in the position of Officer Koahou with the information known by Officer Koahou at the time of the shooting.  Plaintiff's police practices expert (Scott DeFoe) intends to opine that the shooting was contrary to

1  basic police training and Peace Officer Standards and Training (POST), but Mr.
2  DeFoe does not intend to testify that Officer Koahou violated the City of Redlands'
3  policies specifically. Plaintiff's instant motion does not contemplate excluding
4  investigative materials such as the scene photographs, autopsy findings, or witness
5  and officer interviews.

### B. This Evidence Is Unduly Prejudicial and Should be Excluded Under Federal Rules of Evidence, Rule 403.

8  Even if the foregoing evidence had some speculative probative value, which
9  Plaintiff contends it does not, it should be excluded under Federal Rules of
10 Evidence, Rule 403 because it is highly prejudicial, poses a significant risk of
11 confusing the jury, and would cause undue delay and waste of time.  The danger
12 presented by these administrative "findings" and "conclusions" is that they usurp the
13 jury's role to independently weigh the evidence and reach its own conclusion based
14 on the facts and the law.  The jury should decide the case based on its own
15 evaluation of the evidence presented, and not based on what some authority figure
16 has supposedly already decided.  The danger presented by this kind of testimony is
17 acute.  Determining the reasonableness of Officer Koahou's actions is a task for the
18 jury, and there is a significant risk that the jury might give undue deference to the
19 findings of the City of Redlands, as well as the conclusions of the District Attorney.
20 On the basis of the testimony of authority figures or official-sounding
21 determinations by high-ranking officials, the jury might be tempted to disregard the
22 testimony of eyewitnesses, the physical and forensic evidence, the law and the jury
23 instructions, and instead decide that the shooting of Mr. Harper was justified simply
24 because an authority figure already purported to have determined that the shooting
25 was justified.  The jury might feel bound to abide by the conclusions of the District
26 Attorney and/or the findings of the City of Redlands rather than reaching its own
27 independent conclusions based on all of the evidence.
28

Moreover, the District Attorney's Office makes a finding with an eye toward criminal prosecution. This review and determination is based on a criminal "beyond a reasonable doubt" standard, as opposed to the civil "preponderance of the evidence" standard that is applicable in this case. Therefore, informing the jury that the District Attorney reviewed this shooting and opted not to criminally prosecute Officer Koahou will likely (and improperly) persuade the jury to reach a civil finding based on a criminal standard of liability. In fact, even informing the jury—either implicitly or explicitly—that the District Attorney reviewed the incident carries the same risk, as the jury is likely to infer that criminal charges were not brought against Officer Koahou. When balanced against the substantial risk that the District Attorney's conclusions or the findings of the City of Redlands may influence the jury to reach a verdict based on an improper legal standard and thus invite juror error, this evidence should be excluded pursuant to Rule 403.

### C. This Evidence Is Hearsay Under Federal Rules of Evidence, Rules 801 and 802.

Any entity's determination—including the District Attorney's conclusions and the City of Redlands's findings—that the shooting was "justified," "within policy," "lawful," and/or "not criminal" would constitute hearsay under Federal Rules of Evidence, Rules 801 and 802. "Hearsay evidence" is evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated. Even if a hearsay statement falls under an exception to the rule, it is not admissible if such statement consists of one or more statements that are themselves hearsay. First, the City of Redlands' findings and District Attorney's conclusions themselves are hearsay if offered at trial to prove that Officer Koahou's conduct was reasonable. If documentation of the findings and/or conclusions are proffered at trial, such as the District Attorney's report or letter, then this would be hearsay as well. Insofar as those findings and conclusions are based on statements by law enforcement witnesses, investigators, detectives,

1 supervisors, or other officials as to what happened during the shooting, the findings
2 and conclusions would constitute or incorporate multiple hearsay. Furthermore, the
3 District Attorney's report and the City of Redlands' internal investigation reports
4 contain a host of inadmissible evidence that this Court may order excluded based on
5 the parties' motions *in limine*. Accordingly, Plaintiff contends that such
6 determinations, findings, and/or conclusions would be hearsay and are inadmissible
7 on this ground.

### III.   CONCLUSION

For the reasons stated above, this Court should grant Plaintiff's instant Motion *in Limine* and issue an order excluding these post-shooting findings.

Dated: March 7, 2025                    LAW OFFICES OF DALE K. GALIPO

                                        By:    */s/ Dale K. Galipo*
                                               Dale K. Galipo
                                               Renee V. Masongsong
                                               Attorneys for Plaintiff

CERTIFICATION OF COMPLIANCE WITH WORD LIMIT (L.R. 11-6.1)

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 1,443 words, which complies with the word limit of L.R. 11-6.1. This word count was calculated based on the word processing system.

DATED: March 7, 2025                    LAW OFFICES OF DALE K. GALIPO

                                        By:   *s/ Renee V. Masongsong*
                                              Dale K. Galipo
                                              Renee V. Masongsong
                                              Attorneys for Plaintiff