LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
*dalekgalipo@yahoo.com*
Renee V. Masongsong, Esq. (SBN 281819)
*rvalentine@galipolaw.com*
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUSTIN CODY HARPER,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF REDLANDS; NICHOLAS KOAHOU,<br><br>Defendants. | Case No. 5:23-cv-00695-SSS-DTB<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER CERTIFYING DEFENDANTS' APPEAL AS FRIVOLOUS AND RETAINING JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF RENEE V. MASONGSONG IN SUPPORT**<br><br>[Proposed Order; Declaration of Renee V. Masongsong and exhibits thereto *filed concurrently herewith*]<br><br>FPTC: April 4, 2025<br>Trial Date: April 21, 2025 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff hereby applies *ex parte*, pursuant to Local Rule 7-19 and the cases cited in Plaintiff's memorandum of points and authorities, for an order certifying Defendants' interlocutory appeal as frivolous and retaining jurisdiction over this case.

This motion is based on this *ex parte* application, the attached memorandum of points and authorities, the supporting declaration of Renee V. Masongsong filed concurrently herewith and exhibits thereto, the pleadings and other papers on file in this action, and all matters of which the Court may take judicial notice.

An application may be made on an *ex parte* basis where the moving party is exposed to prejudice not attributable to lack of diligence on the part of the moving party. *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Plaintiff will suffer prejudice if this case is stayed pending Defendants' unmeritorious appeal. This application is properly made on an *ex parte* basis because, on March 17, 2025, Defendants filed a notice of appeal from this Court's order denying summary judgment ("Notice of Appeal"), only approximately 18 days before the Court's final pretrial conference set for April 4, 2025. (Dkt. No. 59). The trial of this matter is set for April 21, 2025, and this Court's ruling on Plaintiff's instant *ex parte* application may determine whether this case will proceed to trial as scheduled. If Plaintiff were to file this as a regularly noticed motion, then the motion would not be heard until Friday, April 18, 2025, only two days before trial, based on this Court hearing civil motions on Fridays. There are also numerous pretrial filing deadlines in this case occurring on March 21, 2025. Thus, there is not sufficient time for a regularly noticed motion that would accomplish the desired result and prevent prejudice to Plaintiff. (Decl. of Renee V. Masongsong ("Masongsong Decl.") at ¶ 2).

For the reasons set forth in the attached memorandum of points and

authorities, Defendants' interlocutory appeal should be certified as frivolous. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) gives this Court the authority to certify Defendants' appeal as frivolous and proceed with the trial. *See also California ex rel. Lockyer v. Mirant Corp.*, 266 F. Supp. 2d 1046, 1052 (N.D. Cal. 2003) (explaining and applying *Chuman* certification process). With respect to the issue of prejudice, Plaintiff submits, by way of example, the case of *Sandoval v. County of Los Angeles*, Ninth Circuit Case No. 10-55733, Dist. Ct. Case No. CV 09-03428 PSG (SSx).[1] (Masongsong Decl. at ¶ 3 and "Exhibit A" thereto). *Sandoval*, like this case, was a Fourth Amendment excessive force civil rights case arising from an encounter with law enforcement. In *Sandoval*, as in this case, the district court denied defendants' motion for summary judgment based on qualified immunity. On appeal, the Ninth Circuit ultimately affirmed. Echoing the district court's summary judgment ruling in *Sandoval*, the Ninth Circuit tersely held that disputed issues of material fact preclude a finding of qualified immunity at the summary judgment stage. *Id.* The defendants' unsuccessful appeal in *Sandoval* nevertheless resulted in a two year and seven month delay in that trial.

In the case *Herd v. County of San Bernardino*, Central District Case No. 5:17-cv-02545-AB (SPx), Ninth Circuit Case No. 19-56494, the defendants' frivolous appeal of the district court's denial of the defendants' request for qualified immunity on summary judgment delayed the *Herd* case by approximately 18 months. In *Herd*, the district court denied the defendants' request for qualified immunity on summary judgment on December 2, 2019. The defendants filed an interlocutory appeal, which the plaintiffs moved the Ninth Circuit to dismiss for lack of jurisdiction. In their motion to dismiss, the *Herd* plaintiffs explained that the Ninth Circuit lacks jurisdiction over the *Herd* defendants' interlocutory appeal because the district court's order denying qualified immunity to the individual officers was

---

[1] Cited in accordance with Ninth Cir. Local Rule 36-3(b) ("Unpublished dispositions and orders of this Court issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance with FRAP 32.1.").

based on the existence of genuine issues of material facts and thus is not a final, immediately appealable order. The Ninth Circuit granted the plaintiffs' motion to dismiss for lack of jurisdiction on June 25, 2020, and denied the defendants' motion for reconsideration and rehearing en banc on the issue on November 3, 2020. ("Exhibit C" to Masongsong Decl. (*Herd* Ninth Cir. Order)). The district court reset the trial (initially set for February 18, 2020) for September 28, 2021. (Masongsong Decl. at ¶ 4 and "Exhibit C").

In *Craig v. County of Orange*, Case No. SACV 17-00491-CJC (KESx), Central District Judge Cormac J. Carney granted the *Craig* plaintiff's ex parte application to certify the defendants' appeal as frivolous. (*See* "Exhibit D" to Masongsong Decl. (2019 *Craig* Order)). In that excessive force case, the individual officer defendant appealed the district court's March 7, 2019, order granting in part and denying in part the defendants' motion for summary judgment, challenging the Court's denial of summary judgment on the basis of qualified immunity. In holding that the defendants' appeal was frivolous, the *Craig* court stated:

> With respect to the first ground, this is not an appropriate issue for interlocutory appeal. "[A] defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995). The Court denied summary judgment on the excessive force claim because there were numerous disputed material facts that precluded any finding that Deputy Petropulos' use of force was objectively reasonable as a matter of law. It is disputed, for instance, whether Witt posed an immediate threat to the officers. . . Defendant cannot appeal the Court's determination that there were genuine issues of fact for trial. *Cf. Johnson*, 515 U.S. at 319–20.

(Exhibit D" to Masongsong Decl. (2019 *Craig* Order at pp. 3-4)).

Defendants' Appeal in the instant case has been docketed as Ninth Circuit Case No. 25-1780. Unless this Court certifies Defendants' Appeal as frivolous in accordance with Ninth Circuit and Supreme Court precedent (as the *Craig* court

did), Defendants' unmeritorious appeal could result (as in the *Sandoval* and *Herd* cases) in a significant delay.  The heavy weight of such potential prejudice justifies this *ex parte* application.  There are multiple avenues of potential prejudice to Plaintiff from such a delay: memories fading; witnesses moving away; attorneys' fees mounting; and the time value of the delay in terms of Plaintiff's delayed remedies.  Further, in addition to consuming the resources of the appellate court, such a lengthy appeal would cut across the public interest in the expeditious and efficient resolution of litigation. Accordingly, Plaintiff requests that the Court enter the proposed order filed concurrently herewith, which would certify that the Appeal filed by Defendants, regarding this Court's Order denying Defendants' motion for summary judgment, is frivolous because it is an appeal from a denial of summary judgment on the grounds of the existence of disputed questions of material fact. Because the Appeal is frivolous, this Court would retain jurisdiction over this matter, and the case would proceed to trial as scheduled.

   This *ex parte* application complies with Local Rule 7-19's requirements. Defendants are represented by attorneys Scott Wm. Davenport, Denise L. Rocawich, and James R. Touchstone of JONES MAYER.  Defendants' counsel's contact information is as follows: JONES MAYER, 3777 North Harbor Blvd., Fullerton, CA 92835; (714) 446-1400; jrt@jones-mayer.com; dlr@jones-mayer.com; swd@jones-mayer.com.  Plaintiff's counsel gave notice of the instant *ex parte* application to defense counsel Scott Wm. Davenport via email on Monday, March 17, 2025, on the day that Defendants' Notice of Appeal was filed.  Plaintiff's counsel Renee V. Masongsong met and conferred with Defendants' counsel Mr. Davenport via Zoom on March 18, 2025, at approximately 3:18 p.m. on that date. The conference of counsel lasted approximately twenty minutes.  Counsel for the Parties discussed the issues to be raised in the instant application, including the specific portions of this Court's Order Denying Defendants' Motion for Summary

1  Judgment addressing the material factual disputes in this case and the legal
2  authorities to be raised in the instant application. (Masongsong Decl. at ¶ 6).
3       On March 19, 2025, at approximately 9:11 a.m. on that date, Defendants'
4  counsel Mr. Davenport contacted Plaintiff's counsel Ms. Masongsong by email and
5  regarding the timing of the filing of the instant *ex parte* application and opposition
6  thereto in light of the quickly approaching pretrial and trial dates.  Defense counsel
7  Mr. Touchstone and Ms. Rocawich were copied on the email.  Mr. Davenport
8  represented, on behalf of Defendants, that Defendants have no objection to Plaintiff
9  filing his instant *ex parte* application earlier than 24 hours after the March 18, 2025,
10 conference of counsel.  (Masongsong Decl. at ¶ 6).
11      Plaintiff could not obtain a stipulation because Defendants are opposed to
12 certifying their interlocutory appeal as frivolous, and Defendants take the position
13 that the filing of their Notice of Appeal deprives this court of jurisdiction to take
14 further action.  An opposition is expected to be filed. (Masongsong Decl. at ¶ 6).
15      Plaintiff submits that, for the reasons above, the proposed order filed
16 concurrently herewith may be entered on an *ex parte* basis.

Respectfully submitted,

DATED:  March 19, 2025        LAW OFFICES OF DALE K. GALIPO

By:      /s/ Renee V. Masongsong
    Dale K. Galipo
    Renee V. Masongsong
    Attorneys for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDURAL BACKGROUND

This civil rights and state tort lawsuit arises out of the shooting of Justin Harper by City of Redlands Police Department Officer Nicholas Koahou on September 9, 2021. Plaintiff brings this action under 42 U.S.C. § 1983 and California state law against Defendants Officer Koahou and the City of Redlands. On December 20, 2024, Defendants moved for summary judgment ("Motion") on all of Plaintiff's claims, and Plaintiff timely opposed the Motion. On March 13, 2025, this Court denied Defendants' Motion in its entirety. (*See* Dkt. No. 58 and "Exhibit B" to Masongsong Decl. ("MSJ Order")). On March 17, 2025, Defendants filed a Notice of appeal to the Ninth Circuit Court of Appeals of this Court's Order denying summary judgment and denying qualified immunity ("Appeal"). (*See* Dkt. No. 59 (Notice of Appeal)).

Plaintiff now applies *ex parte*, requesting that this Court certify Defendants' Appeal as frivolous, retain jurisdiction, and allow the case to proceed to trial as scheduled.[2] The trial of this matter is currently set for April 21, 2025, and the pretrial conference and hearing on motions *in limine* is scheduled for April 4, 2022. This Court should deny any request by defendants to stay this case or vacate the trial date. As explained below and in Judge Cormac J. Carney's Order Granting Plaintiffs' Motion to Certify Appeal as Frivolous in the case *Craig v. County of Orange*, Case No. SACV 17-00491-CJC (KESx), an order denying qualified immunity on the basis of disputed material facts is not a final, immediately appealable order, and a defendant may only appeal a court's denial of qualified immunity on the basis that his conduct did not violate clearly established law if the

---

[2] As noted in the Parties' Joint Stipulation filed as Dkt. No. 50, it appears that this Court has two trials scheduled to begin on April 21, 2025—the *Harper* matter and *Nunez v. County of San Bernardino*, Case No. 5:22-cv-01934-SSS-SPx. Attorney Dale Galipo represent the plaintiffs in both of these cases. Plaintiff is not opposed to the *Harper* trial trailing the *Nunez* trial if the *Nunez* trial goes forward as scheduled, but this is not to be interpreted as Plaintiff agreeing to a significant trial continuance or a stay that would delay Plaintiff's day in court.

defendant assumes the plaintiff's version of the facts. *See* "Exhibit D" to Masongsong Decl. (2019 *Craig* Order); *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995); *see also* "Exhibit E" to Masongsong Decl. (2022 Order by Judge Jesus Bernal Granting Plaintiffs' *Ex Parte* Application for Order Certifying Appeal as Frivolous and Retaining Jurisdiction in *V.R. v. County of San Bernardino*, Case No. EDCV 19-1023-JGB (SPx)). Therefore, this Court should certify Defendants' Appeal as frivolous.

## II.  LEGAL STANDARD

"[I]mmediate appeal from the denial of summary judgment on a qualified immunity plea is available when the appeal presents a 'purely legal issue. . . .' However, instant appeal is not available . . . when the district court determines that factual issues genuinely in dispute preclude summary adjudication." *Ortiz v. Jordan*, 562 U.S. 180, 188 (2011). In determining whether to stay proceedings pending appeal of a denial of qualified immunity, district courts must weigh the interests of the defendants claiming immunity from trial with the interest of the other litigants and the judicial system. "During the appeal memories fade, attorneys' meters tick, judges' schedules become chaotic (to the detriment of litigants in other cases). Plaintiffs' entitlements may be lost or undermined." *Apostol v. Gallion*, 870 F.2d 1335, 1338–39 (7th Cir. 1989).

*Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) clearly gives district courts the right to certify an interlocutory appeal as frivolous. "Should the district court find that the defendants' claim of qualified immunity is frivolous or has been waived, the district court may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial." *Id*; *see also California ex rel. Lockyer v. Mirant Corp.*, 266 F. Supp. 2d 1046, 1052 (N.D. Cal. 2003) (explaining and applying *Chuman* certification process); *Rodriguez v. Cty. of L.A.*, 891 F.3d 776, 790–92 (9th Cir. 2018).

"An appeal is frivolous if the results are obvious, or the arguments of error are

wholly without merit." *In re George*, 322 F.3d 586, 591 (9th Cir. 2003) (quoting *Maisano v. Untied States*, 908 F.2d 408, 411 (9th Cir. 1990)) (discussing standard under 28 U.S.C § 1912 and Federal Rules of Appellate Procedure 38). A qualified immunity claim may be frivolous if the claim is "unfounded" or "so baseless that it does not invoke appellate jurisdiction." *Marks v. Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996) (quoting *Apostol*, 870 F.3d at 1339); *Schering Corp. v. First DataBank, Inc.*, No. 07-cv-01142, 2007 WL 1747115 at *3 (N.D. Cal. June 18, 2007) (quoting *Apostol*, 870 F.2d at 1339).

### III. DISCUSSION

#### A. This Court's Order Denying Qualified Immunity Based on Disputed Issues of Material Fact is Not an Immediately Appealable Order

Whether an appellate court hears an interlocutory appeal from the denial of qualified immunity on summary judgment depends on the basis of the denial. *Maropulos v. County of Los Angeles*, 560 F.3d 974, 975 (9th Cir. 2009); *see Plumhoff v. Rickard*, 572 U.S. 565, 772 (2014) (appellate court has jurisdiction to review order denying officers' summary judgment motion based on qualified immunity in section 1983 action where decedent killed in a high speed car chase and officer's contention that conduct did not violate Fourth Amendment raised legal rather than factual issues). An order denying qualified immunity on the basis of disputed material facts is not a final, immediately appealable order. *Johnson*, 515 U.S. at 313–20. "Where the district court denies immunity on the basis that material facts are in dispute, [appellate courts] generally lack jurisdiction to consider an interlocutory appeal." *Collins v. Jordan*, 110 F.3d 1363, 1370 (9th Cir. 1996); *see also Johnson*, 515 U.S. at 307; *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (*citing Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)).

In *Craig v. County of Orange*, Case No. SACV 17-00491-CJC (KESx), Central District Judge Cormac J. Carney granted the *Craig* plaintiff's ex parte

application to certify the defendants' appeal as frivolous, following *Rodriguez* and *Chuman*. (*See* "Exhibit D" to Masongsong Decl. (2019 *Craig* Order)). In that excessive force case, the individual officer defendant appealed the district court's March 7, 2019, order granting in part and denying in part the defendants' motion for summary judgment, challenging the Court's denial of summary judgment on the basis of qualified immunity. The *Craig* defendants contended that their appeal rested on two bases: (1) that the individual officer's use of force was lawful; and (2) that his use of force did not violate clearly established law. With respect to the *Craig* defendants' first ground for their appeal, the *Craig* court stated:

> [T]his is not an appropriate issue for interlocutory appeal. "[A] defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995). The Court denied summary judgment on the excessive force claim because there were numerous disputed material facts that precluded any finding that Deputy Petropulos' use of force was objectively reasonable as a matter of law. It is disputed, for instance, whether Witt posed an immediate threat to the officers. . . Defendant cannot appeal the Court's determination that there were genuine issues of fact for trial. *Cf. Johnson*, 515 U.S. at 319–20.

(*Id*. at p. 4)).

In the instant case, this Court's Order denying summary judgment to Officer Koahou on qualified immunity grounds was premised on material factual disputes. (Dkt. No. 58 (MSJ Order, "Exhibit B" to Masongsong Decl.) at pp. 5-6). Specifically, this Court's Order addressed the following material factual disputes:

> [T]here is a reasonable dispute as to if Harper was fleeing or surrendering when Officer Koahou shot him. On the one hand, it is undisputed Harper actively evaded arrest by Officer Koahou that day, likely just minutes before. On the other hand, when Officer Koahou ordered Harper out of the car and threatened to shoot him, Harper said he would get out of the car, let go of the steering wheel, and put his hands up in surrender.
> Defendants claim it was an "absolute certainty" Harper would continue to evade arrest in part because the car began to accelerate after Harper

> indicated surrender and Officer Koahou tased Harper. [Motion at 15–16]. Harper, however, argues it was clear he was trying to surrender and his foot only hit the accelerator because his body was shocked by the taser. [Opp. at 15; SUF ¶ 29].
>
> The Court finds a reasonable juror may agree with Harper that a reasonable police officer should expect a vehicle to start moving after tasing the vehicle's operator in the chest without warning. This is bolstered by Redlands Police Department's own policy manual, which teaches officers not to tase a person who is operating a vehicle. [Dkt. 48-3 at 8]. Thus, viewing the evidence in a light most favorable to Harper, as this Court must, it is reasonable to conclude the car rolling forward did not indicate Harper was fleeing. Because a reasonable juror could find Harper did not pose a danger to Officer Koahou or the public when Officer Koahou shot him, Harper's Excessive Force claim survives Defendants' Motion.

(MSJ Order, "Exhibit B" to Masongsong Decl.) at p. 5).

> What is more, whether a reasonable officer would conclude Harper accelerated the vehicle to evade arrest at all, or rather in response to tasing, is the subject of genuine dispute. This inquiry is key to assessing the reasonableness of Officer Koahou's conduct. *See Orn*, 949 F.3d at 1174. While officers may make mistakes of fact and still be entitled to qualified immunity, the mistakes must still be reasonable. *Torres v. City of Madera*, 648 F.3d 1119, 1124 (9th Cir. 2011) *Torres*. Ultimately, summary judgment on qualified immunity grounds is inappropriate in genuine disputes about the reasonableness of an officer's use of lethal force. *Wilkins v. City of Oakland*, 350 F.3d 949, 956 (9th Cir. 2003) ("Where the officers' entitlement to qualified immunity depends on the resolution of disputed issues of fact in their favor, and against the non-moving party, summary judgment is not appropriate"). Accordingly, Officer Koahou is not entitled to qualified immunity.

(MSJ Order, "Exhibit B" to Masongsong Decl.) at p. 6).

Therefore, Defendants' Appeal is not available because this Court clearly and appropriately determined that material factual issues genuinely in dispute preclude granting summary judgment and qualified immunity in this case. *See Ortiz*, 562 U.S. at 188. The foregoing disputes identified in this Court's Order are "material" because the resolution of these facts is "key to assessing the reasonableness of Officer Koahou's conduct." It is clear that the denial of qualified immunity in this

case is based in part on genuine issues of material fact.  Hence, the Court should find Defendants' appeal baseless and insufficient to deprive this Court of jurisdiction. *See Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1060 (9th Cir. 2006) (*citing Knox v. Southwest Airlines*, 124 F.3d 1103, 1107 (9th Cir. 1997) (no jurisdiction over an interlocutory appeal that focuses on whether there is a genuine dispute about the underlying facts)).  Accordingly, the Court should certify Defendants' interlocutory Appeal as frivolous on this basis. *See Chuman v. Wright*, *supra*.

### B. Plaintiff Will be Prejudiced by a Stay of This Action

This Court should retain jurisdiction and should not stay the instant action. The Court's authority to stay a proceeding is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  When considering a stay, courts consider "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

While the Supreme Court has allowed interlocutory appeals of qualified immunity in light of qualified immunity's purpose to protect a public official from liability and from standing trial, courts have recognized that this approach may also "injure the legitimate interests of other litigants and the judicial system." *See Vargas v. Cnty. of Los Angeles*, Case No. CV 19-3279 PSG (ASx), 2021 WL 2403162, at *6 (C.D. Cal. May 5, 2021) (citing *Apostol*, 870 F.3d at 1338-39).  In recognizing the value of a *Chuman* certification in the face of a frivolous appeal, the Seventh Circuit in *Apostol v. Gallion* explained:

> During the appeal memories fade, attorneys' meters tick, [and] judges' schedules become chaotic) to the detriment of litigants in other cases). Plaintiffs' entitlements may be lost or undermined. Most deferments will be unnecessary. The majority in *Forsyth* appeals—like the bulk of all appeals—end in affirmance. Defendants may seek to stall because they gain from the delay at plaintiffs' expense, an incentive yielding unjustified appeals. Defendants may take *Forsyth* appeals for tactical as well as strategic reasons: disappointed by the denial of a continuance, they may help themselves to a postponement by lodging a notice of appeal.

870 F.2d at 1138-39. Approximately three and a half years have passed since the shooting giving rise to this lawsuit. In light of the frivolous nature of Defendants' Appeal, it would be prejudicial to Plaintiff to vacate the current trial date based on Defendants' inappropriate interlocutory Appeal, which could result in a stay of this case for another one to two years while the appeal is pending.

As indicated in Plaintiff's ex parte application, *supra*, the excessive force cases *Sandoval v. County of Los Angeles*, Ninth Circuit Case No. 10-55733, Dist. Ct. Case No. CV 09-03428 PSG (SSx)[3] and *Herd v. County of San Bernardino*, Central District Case No. 5:17-cv-02545-AB (SPx), Ninth Circuit Case No. 19-56494, show how a frivolous interlocutory appeal can prejudice the plaintiff by delaying their day in court. (*See* Masongsong Decl. at ¶¶ 4, 5 and "Exhibits A and C"). In both *Sandoval* and *Herd*, as in the instant case, the court denied defendants' motion for summary judgment based on qualified immunity, and the defendants filed interlocutory appeals. In *Sandoval*, the Ninth Circuit affirmed the district court's summary judgment ruling, holding that disputed issues of material fact preclude a finding of qualified immunity at the summary judgment stage. (Masongsong Decl. at ¶ 3 and "Exhibit A"). The defendants' unsuccessful appeal in *Sandoval* resulted in a two year and seven month delay in that trial.

In *Herd*, the district court denied the individual officer defendants' requests

---

[3] Cited in accordance with Ninth Cir. Local Rule 36-3(b) ("Unpublished dispositions and orders of this Court issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance with FRAP 32.1.").

for qualified immunity on summary judgment. The *Herd* defendants filed an interlocutory appeal, which the plaintiffs moved the Ninth Circuit to dismiss for lack of jurisdiction. In their motion to dismiss, the *Herd* plaintiffs explained that the Ninth Circuit lacks jurisdiction over the *Herd* defendants' interlocutory appeal because the district court's order denying qualified immunity to the individual officers was based on the existence of genuine issues of material facts and thus is not a final, immediately appealable order. In *Herd*, the Ninth Circuit granted the plaintiff's motion to dismiss for lack of jurisdiction on June 25, 2020, and denied the defendants' motion for reconsideration and rehearing *en banc* on the issue on November 3, 2020. ("Exhibit C" to Masongsong Decl. (*Herd* Ninth Cir. Order)). The district court case was stayed pending the Herd defendants' appeal, which resulted in approximately an 18-month delay in the case. (Masongsong Decl. at ¶ 4 and "Exhibit C").

Plaintiff's instant motion seeks to avoid such delays.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant this *ex parte* application and issue an order certifying Defendants' interlocutory Appeal as frivolous, retaining jurisdiction, and keeping the trial date in place[4].

Respectfully submitted,

DATED: March 19, 2025          LAW OFFICES OF DALE K. GALIPO

By:   */s/ Renee V. Masongsong*
Dale K. Galipo
Renee V. Masongsong
Attorneys for Plaintiff

---

[4] Or resetting the trial for a date that falls shortly after the *Nunez* trial, if the *Nunez* trial goes forward.