1
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
2
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
3
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Blvd., Suite 310
4
Woodland Hills, CA91367
Tel: (818) 347-3333 / Fax: (818) 347-4118
5

6
Sharon J. Brunner, Esq. (SBN 229931)
sharonjbrunner@yahoo.com
7
**LAW OFFICE OF SHARON J. BRUNNER**
14393 Park Ave., Suite 101
8
Victorville, CA 92392
Tel: (760) 243-9997 / Fax: (760) 843-8155

9
James S. Terrell, Esq. (SBN 170409)
**LAW OFFICE OF JAMES S. TERRELL**
10
15411 Anacapa Road
Victorville, CA 92392
11
Tel: (760) 951-5850 / Fax: (760) 952-1085

12
*Attorneys for Plaintiff*, Justin Cody Harper

13
**UNITED STATES DISTRICT COURT**
14
**CENTRAL DISTRICT OF CALIFORNIA**

15
JUSTIN CODY HARPER,

16
                Plaintiff,

17
        v.

18
CITY OF REDLANDS; NICHOLAS
19
KOAHOU,

20
                Defendants.

21

22

23

24

25

26

27

28

Case No. 5:23-cv-00695-SSS-SP

Assigned to:
Hon. District Judge Sunshine S. Sykes
Hon. Magistrate Judge Sheri Pym

**DECLARATION OF RENEE V. MASONGSONG AND EXHIBITS THERETO IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER CERTIFYING DEFENDANTS' APPEAL AS FRIVOLOUS AND RETAINING JURISDICTION**

1                    **DECLARATION OF RENEE V. MASONGSONG**

2    I, Renee V. Masongsong, hereby declare as follows:

3            1.  I am an attorney licensed to practice law in the United States District

4    Court for the Central District of California.  I am one of the attorneys of record for

5    Plaintiff Cody Harper in this instant action.  I make this declaration in support of

6    Plaintiff's Ex Parte Application for an Order Certifying Defendants' Appeal as

7    Frivolous. I have personal knowledge of the matters stated herein and could and

8    would testify competently thereto if called.

9            2.  This application is properly made on an *ex parte* basis because

10   Defendants filed a notice of appeal on March 17, 2025, just 18 days before the

11   Court's final pretrial conference set for April 4, 2025.  The trial of this matter is set

12   for April 21, 2025, and Plaintiff would be prejudiced by having his trial delayed by

13   Defendants' frivolous interlocutory appeal.  The trial of this matter is set for April

14   21, 2025, and this Court's ruling on Plaintiff's instant *ex parte* application may

15   determine whether this case will proceed to trial as scheduled.  If Plaintiff were to

16   file this as a regularly noticed motion, then the motion would not be heard until

17   Friday, April 18, 2025, only two days before trial, based on this Court hearing civil

18   motions on Fridays.  There are also numerous pretrial filing deadlines in this case

19   occurring on March 21, 2025.  Thus, there is not sufficient time for a regularly

20   noticed motion that would accomplish the desired result and prevent prejudice to

21   Plaintiff.

22           3.  With respect to the issue of prejudice, Plaintiff submits, by way of

23   example, the case of *Sandoval v. County of Los Angeles*, Ninth Circuit Case No. 10-

24   55733, Dist. Ct. Case No. CV 09-03428 PSG (SSx).  Attached hereto as "**Exhibit**

25   **A**" is a true and correct copy of the Ninth Circuit's order in the case *Sandoval v.*

26   *County of Los Angeles*, Ninth Circuit Case No. 10-55733, Dist. Ct. Case No. CV 09-

27   03428 PSG (SSx).

28

1    4. In the case *Herd v. County of San Bernardino*, Central District Case

2    No. 5:17-cv-02545-AB (SPx), Ninth Circuit Case No. 19-56494, the defendants'

3    frivolous appeal of the district court's denial of the defendants' request for qualified

4    immunity on summary judgment delayed the *Herd* case by approximately 18

5    months. In *Herd*, the district court denied the defendants' request for qualified

6    immunity on summary judgment on December 2, 2019. The defendants filed an

7    interlocutory appeal, which the plaintiffs moved the Ninth Circuit to dismiss for lack

8    of jurisdiction. In their motion to dismiss, the *Herd* Plaintiffs explained that the

9    Ninth Circuit lacks jurisdiction over the *Herd* defendants' interlocutory appeal

10   because the district court's order denying qualified immunity to the individual

11   officers was based on the existence of genuine issues of material facts and thus is

12   not a final, immediately appealable order. The Ninth Circuit granted the plaintiffs'

13   motion to dismiss for lack of jurisdiction on June 25, 2020, and denied the

14   defendants' motion for reconsideration and rehearing en banc on the issue on

15   November 3, 2020.

16   5. Attached hereto as "**Exhibit C**" is a true and correct copy of the Ninth

17   Circuit's order in the case *Herd v. County of San Bernardino*, Central District Case

18   No. 5:17-cv-02545-AB (SPx), Ninth Circuit Case No. 19-56494 dismissing the

19   defendants' appeals for lack of jurisdiction.

20   6. This *ex parte* application complies with Local Rule 7-19's

21   requirements. Defendants are represented by attorneys James R. Touchstone, Esq.,

22   Denise L. Rocawich, Esq. and Scott Wm. Davenport Esq. Defendants' counsel's

23   contact information is as follows: JONES MAYER; 3777 North Harbor Blvd.,

24   Fullerton, CA 92835; (714) 446-1400; jrt@jones-mayer.com; dlr@jones-

25   mayer.com; swd@jones-mayer.com. I gave notice to defense counsel Scott Wm.

26   Davenport via e-mail on March 17, 2025, on the day that Defendants' Notice of

27   Appeal. I met and conferred with Defendants' counsel Mr. Davenport via Zoom on

28

-1-
DECLARATION OF RENEE V. MASONGSONG

1    March 18, 2025, at approximately 3:18 p.m. on that date.  The conference of counsel

2    lasted approximately twenty minutes.  We discussed the issues to be raised in the

3    instant application, including the specific portions of this Court's Order Denying

4    Defendants' Motion for Summary Judgment addressing the material factual disputes

5    in this case and the legal authorities to be raised in the instant application.  We also

6    discussed that Defendants' response thereto would be due within 24 hours of

7    Plaintiff's *ex parte* filing.

8            On March 19, 2025, at approximately 9:11 a.m. on that date, Defendants'

9    counsel Mr. Davenport contacted me by email and regarding the timing of the filing

10   of the instant *ex parte* application and opposition thereto in light of the quickly

11   approaching pretrial and trial dates.  Defense counsel Mr. Touchstone and Ms.

12   Rocawich were copied on the email.  Mr. Davenport represented, on behalf of

13   Defendants, that Defendants have no objection to Plaintiff filing his instant *ex parte*

14   application earlier than 24 hours after the March 18, 2025, conference of counsel.

15           Plaintiff could not obtain a stipulation or forego filing the instant *ex parte*

16   application because Defendants are opposed to certifying their interlocutory appeal

17   as frivolous, and Defendants take the position that this Court "has been divested of

18   jurisdiction by virtue of the appeal."  An opposition is expected to be filed.

19           7.  Attached hereto as "**Exhibit B**" is a true and correct copy of relevant

20   portions of this Court's Order Denying Defendants' Motion for Summary Judgment,

21   entered as Dkt. No. 58 in the above-referenced case.

22           8.  Attached hereto as "**Exhibit D**" is a true and correct copy of Central

23   District Judge Cormac J. Carney's order granting the plaintiff's ex parte application

24   to certify the defendant's appeal as frivolous in the case *Craig v. County of Orange*,

25   Case No. SACV 17-00491-CJC(KESx).

26           9.  Attached hereto as "**Exhibit "E"**" is a true and correct copy of Central

27   District Judge Jesus G. Bernal's order Granting Plaintiffs' *Ex Parte* Application for

28

1  Order Certifying Appeal as Frivolous and Retaining Jurisdiction in *V.R. v. County of*

2  *San Bernardino*, Case No. EDCV 19-1023-JGB (SPx)).

3      I declare under penalty of perjury that the foregoing is true and correct, and

4  that this was executed on March 19, 2025, at Woodland Hills, California.

5

6          */s/ Renee V. Masongsong*
           Renee V. Masongsong

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF RENEE V. MASONGSONG