James R. Touchstone, SBN 184584
  jrt@jones-mayer.com
Denise L. Rocawich, SBN 232792
  dlr@jones-mayer.com
Scott Wm. Davenport, SBN 159432
  swd@jones-mayer.com
JONES MAYER
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorneys for Defendants,
CITY OF REDLANDS and OFFICER KOAHOU

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN CODY HARPER,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>CITY OF REDLANDS, REDLANDS POLICE DEPARTMENT, POLICE OFFICER KOAHOU, and DOES 1 through 10, inclusive,<br><br>　　　Defendants. | Case No.: 5:23-CV-00695-SSS (KK)<br><br>*Judge:* Hon. Sunshine S. Sykes<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER DELCARING DEFENDANTS' APPEAL FRIVOLOUS** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

　　Defendants CITY OF REDLANDS and OFFICER KOAHOU hereby submit this Opposition to Plaintiff Justin Harper's *Ex Parte* Application for an Order Declaring Defendants' Appeal Frivolous. As set forth herein, this motion should be denied for multiple reasons: (1) this matter should be resolved via a noticed motion rather than on an *ex parte* basis; (2) Harper's claims for exigency are improperly based on the pending trial date which should be vacated for want of jurisdiction; and (3) Harper has failed to carry the "extremely high" burden of demonstrating that Officer Koahou's appeal is frivolous.

-1-

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION

On Thursday, March 13, 2025, this Court denied Officer Koahou's motion for summary judgment on the issue of qualified immunity. On Monday, March 17, 2025, two-business days later, Officer Koahou filed an interlocutory appeal on the denial of qualified immunity, as is his right. *Saucier v. Katz,* 533 U.S. 194, 201 (2001). According to the Supreme Court, the justification for allowing such an immediate interlocutory appeal is that unlike a mere defense to liability, *immunity from suit is effectively lost if a case is erroneously permitted to go to trial. Id.* As a result, the Supreme Court has repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation. *Id.;* see also *Hunter v. Bryant,* 502 U.S. 224, 227 (1991) (per curiam).

Notwithstanding the directives from the Supreme Court authorizing such an appeal, Harper now seeks the extraordinary relief of asking this Court to deem the appeal frivolous on an *ex parte* basis. This is improper for a number of reasons.

First, Harper has cited no case authority for the proposition that a finding that an appeal is frivolous may be made on an *ex parte* basis. This failure is telling. Indeed, *ex parte* applications should be made for true emergencies and ministerial matters, not on issues which involve the fundamental right of appellate review. No party should be compelled to muster an opposition to such a motion without a 7-day meet and confer period as required by Local Rule 7-3, within a mere 24 hours of receiving the moving papers, and without the opportunity for a hearing.

Second, in a related issue, Harper has not demonstrated – and cannot demonstrate – the requisite exigency or irreparable injury necessary to proceed via an *ex parte* application. Indeed, the only alleged basis for this action is that a jury trial has been scheduled and that insufficient time exists to bring the motion on regular notice. This, however, is not the fault of Officer Koahou as the appeal was

promptly filed within two business days of the order denying summary judgment. Moreover, that the trial is still on calendar is no basis for the granting of *ex parte* relief. The reality is that once the appeal was filed, this Court was divested of jurisdiction to take any action which would deprive the Ninth Circuit of jurisdiction over the appeal, including proceeding with the trial. *Griggs v. Provident Consumer,* 459 U.S. 56, 58 (1982) (per curiam); Nelson, Goelz & Watts, Fed. Ninth Cir. Civ. App. Prac. (The Rutter Group 2022) ("*9th Cir. Rutter Guide*") § 3:406. **Indeed, it is well settled that an appeal from the denial of a motion for qualified immunity divests the district court of jurisdiction to proceed with the pending trial.** ***United States v. Clairborne*, 727 F.2d 842, 850 (9th Cir. 1984).** Harper cannot bootstrap his claims of exigency because this Court has not yet vacated future dates over which it has been divested of jurisdiction. Moreover, Harper's assertion of exigency based on the existing trial dates is an extreme stretch where his counsel has already conceded that he is double booked for the same period before this Court and the other matter has priority based on its low-number. See *Ex Parte* Application [Dkt. 60] at 7, n. 2.

Finally, with respect to the merits, the standard for certifying a qualified immunity appeal as frivolous under *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) is extremely high: "[a]n appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit." *In re George*, 322 F.3d 586, 591 (9th Cir. 2003). "'This means that the appeal must be so baseless that it does not invoke appellate jurisdiction such as when the disposition is so plainly correct that nothing can be said on the other side.'" *Dagdagan v. City of Vallejo*, 682 F. Supp. 2d 1100, 1116 (E.D. Cal. 2010). For this reason, the courts have held that the power to certify an appeal as frivolous "must be used with restraint, just as the power to dismiss a complaint for lack of jurisdiction because it is frivolous is anomalous and must be used with restraint." *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989) cited favorably by *Chuman*, 960 F.2d at 105.

In this case, there are no disputed issues of fact which preclude summary judgment and, to the extent there are, normal rules of civil and appellate procedures apply. In other words, for the purposes of ruling on a summary judgment appeal, Officer Koahou accepts Harper's version of the facts – to the extent they are supported by admissible evidence and not contrary to video evidence. See *Scott v. Harris,* 550 U.S. 372, 380-381 (2007). Rather, Officer Koahou intends to argue only issues of law in his appeal. This is entirely proper and does not remotely constitute a baseless appeal.

The simple fact is that hundreds of cases are filed every year pursuant to 42 U.S.C. § 1983. In a great many of those, motions for summary judgment are brought on the issue of qualified immunity and, when unsuccessful, interlocutory appeals are often taken. Harper's selective citation to a handful of cases to the contrary – without any analysis to the factual background underlying the decision-making of the Court – does not alter this reality. There is no basis for a finding that the appeal is frivolous – particularly on an *ex parte* basis. Accordingly, Officer Koahou respectfully requests that the motion be denied and that all pending dates be vacated pending the Ninth Circuit's resolution of this case.

## 2. DEFENDANT HAS A FUNDAMENTAL RIGHT TO AN INTERLOCUTORY APPEAL THAT CANNOT BE STRIPPED AWAY ON 24-HOURS NOTICE VIA AN *EX PARTE* APPLICATION

Judges are usually extremely reluctant to grant an *ex parte* in civil actions because the nonmoving party has no opportunity (or at best, a limited one) to be heard orally or in writing and, as a result, because there is a concern that the movant may not be presenting all the facts the court needs. See *In re Intermagnetics,* 101 BR 191, 192-193 (C.D. Cal. 1989); see also Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial (The Rutter Group 2022) ("*Fed. Rutter Guide*" § 12:162. Thus, *ex partes* are usually proper only in limited situations such as ministerial matters, scheduling matters, or *true*

*emergencies* in which the delay caused by a noticed-motion may defeat the purposes of the motion. *Id.*

In order to succeed, the moving party must demonstrate why he should be allowed "to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Engineering v. Continental Cas.,* 883 F.Supp. 488, 492 (C.D. Cal. 1995); *Fed. Rutter Guide* § 12:170.

Here, Harper provides no citation indicating that he should be excused from this irreparable injury requirement nor does he present any case authority indicating that a finding that an appeal has been taken for a frivolous purpose has been granted on an *ex parte* basis. Moreover, even if Harper's position were tenable (which it is not), there is simply no indication that a brief delay of four to five weeks to allow this matter to proceed via regular notice would result in an irreparable injury. Conversely, if Officer Koahou were deprived of his fundamental right to an interlocutory appeal based on a mere 24 hours notice and without the benefit of oral argument, Officer Koahou would suffer extreme prejudice as the issue asserted is not a *mere defense* but rather an immunity from suit which is to be decided at the earliest possible moment. *Saucier v. Katz,* 533 U.S. at 200-201.

In sum, the *Federal Rules of Civil Procedure,* the Central District's Local Rules, and this Court's standing order allow a minimum of 14 days to oppose a law and motion matter – not a mere 24 hours. Deciding an issue of this magnitude (i.e., precluding a right to an interlocutory appeal as authorized by the United States Supreme Court) on an *ex parte* basis when no true emergency exists would be wholly inappropriate and without legal support.

3. **PLAINTIFF'S RELIANCE ON A PENDING TRIAL DATE DOES NOT ESTABLISH EXIGENCY**

As stated above, the filing of an appeal transfers jurisdiction over the matters properly appealed to the Court of Appeals and during the pendency of the appeal

the district court is divested of "jurisdiction" over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer,* 459 U.S. at 58; *9th Cir. Ruter Guide* at § 3:406. **An appeal from the denial of a motion for qualified immunity divests to the district court of jurisdiction to proceed with the trial as to the appealing parties pending appeal.** *United States v. Claiborne,* 727 F.2d at 850.

Notwithstanding an appeal, the district court does maintain jurisdiction to maintain the status quo and to assist in appellate review. *Davis v. United States,* 667 F.2d 822, 824 (9th Cir. 1982); *In re Silberkraus,* 336 F.3d. 864, 869 (9th Cir. 2003). This would include the right to proceed to trial if the district court were to certify in writing that the claim of qualified immunity is frivolous or that defendant has forfeited his right to appeal. *Chuman v. Wright,* 960 F.2d 104, 105 (9th Cir. 1992)

In this case, the appeal has been properly docketed in the Ninth Circuit under Ninth Circuit Case No. 25-1780. A briefing schedule has been set and, at present, defendant's Opening Brief is due on April 28, 2025. At this time, this Court retains jurisdiction to issue an order declaring the appeal frivolous, but it does not have the authority to proceed to trial in the absence of such a finding. And there is no basis doing so on an *ex parte* basis.

Harper's attempt to claim that the pending trial date constitutes exigency and that irreparable injury will result is misplaced, particularly when these dates should be vacated based on the pending appeal which has divested this Court of jurisdiction to proceed with the trial. *Griggs v. Provident Consumer,* 459 U.S. at 58; *9th Cir. Ruter Guide* at § 3:406; *United States v. Claiborne,* 727 F.2d at 850.

Finally, Harper's assertion of exigency based on the existing trial dates is an extreme stretch where his counsel has already conceded that he is double booked for the same period before this Court and the other matter has priority based on its low-number. See *Ex Parte* Application [Dkt. 60] at 7, n. 2.

## 4. DEFENDANT'S APPEAL CANNOT BE DEEMED FRIVOLOUS AS NO ISSUES OF FACT EXIST AND DEFENDANT SEEKS REVIEW OF PURELY LEGAL ISSUES

### A. Applicable Law

As discussed above, the standard for certifying a qualified immunity appeal as frivolous is *extremely high*. *In re George*, 322 F.3d at 591. An appeal must be so baseless that it does not invoke appellate jurisdiction such as when the disposition is so plainly correct that nothing can be said on the other side. *Dagdagan v. City of Vallejo*, 682 F. Supp. 2d at 1116. For this reason, the courts have held that the power to certify an appeal as frivolous "must be used with restraint, just as the power to dismiss a complaint for lack of jurisdiction because it is frivolous is anomalous and must be used with restraint." *Apostol v. Gallion*, 870 F.2d at 1339, citied favorably by *Chuman*, 960 F.2d at 105.

The law clearly provides that government officials are afforded immunity from suit to protect them from the *obligation of having to defend* litigation stemming from their performance of official duties and, therefore, may appeal denials of summary judgments based on qualified immunity. *Mitchell v. Forsyth,* 472 U.S. 511, 525-527 (1985); Nelson, Goelz & Watts, Fed. Ninth Cir. Civ. App. Practice (The Rutter Group 2022) ("*9th Cir. Ruter Guide*") § 2:315.

Such an appeal is proper only when the question involves a matter of law. *Mitchell v. Forsyth,* 472 U.S. at 525; *9th Cir. Rutter Guide* § 2:316. However, even if the parties dispute some of the facts, the appellate court has jurisdiction over whether *plaintiff's* version of the facts sustains a claim that clearly established law has been violated. *Plumhoff v. Rickard,* 572 U.S. 765, 773 (2014); *9th Cir. Rutter Guide* § 2:316.2. "The contours of the right at issue" and the reasonableness of defendants' actions are legal questions to be decided, taking facts in light most favorable to plaintiff. *Rodriguez v. Maricopa County Comm. College,* 604 F.3d 703, 707 (9th Cir. 2010).

Finally, as discussed above, the United States Supreme Court has repeatedly made clear that qualified immunity is "an entitlement not to stand trial" and that it is critical that such immunity questions "be resolved at the earliest possible stage in litigation." *Saucier v. Katz*, 533 U.S. at 200-201. The reasoning behind the rule allowing for an immediate interlocutory appeal is that qualified immunity is "an immunity from suit rather than a mere defense to liability; . . . it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).

**B.    The Claimed Factual Disputes Do Not Preclude an Appeal**

To the extent that either this Court or the Ninth Circuit believes that a triable issue of fact may be presented, normal rules of civil procedure apply. In other words, for the purposes of ruling on this summary judgment appeal, Officer Koahou accepts Harper's version of the facts – to the extent they are supported by admissible evidence and not contrary to video evidence – and views the evidence in the light most favorable to the plaintiffs. Indeed, this is the very argument made in the Reply to the Motion for Summary Judgment. Dkt. 49 at 5-6; Dkt. 49-1 at 28-41. Given these rules, there is simply no "dispute" which needs be resolved which would preclude either summary judgment or this appeal.

Here, this Court concluded it was unable to conclude that Plaintiff posed a threat of serious physical harm to Officer Koahou. Dkt. 58 at 4. As a result, the Court denied the motion for summary judgment on the issue of whether the force used was reasonable under the totality of the circumstances pursuant to *Graham v. Connor,* 490 U.S. 386, 397 (1986). This Court noted that the "more difficult question" was whether it was *reasonable* for Officer Koahou to believe that Harper posed a serious threat of physical harm to the public. Dkt. 58 at 5. In analyzing this issue, the Court noted, "Certainly when Harper was evading arrest earlier that day, he was reckless as he ran red lights, hit a car, and attempted to steal another car. However, there is a reasonable dispute as to if Harper was fleeing or

surrendering when Officer Koahou shot him." *Id.*

Officer Koahou respectfully disagrees with the framing of this Court's analysis. Here, the undisputed facts are that after the taser was applied, Harper attempted to drive away. But Harper's unexpressed motivation for *why* he drove away is not relevant. This presents a *legal* not a *factual* question (i.e., was Officer Koahou's response to Harper's uncontroverted actions reasonable under the circumstances).

Here, the uncontroverted facts upon which this appeal is based demonstrate that Officer Koahou was attempting to apprehend a suspect who had already attempted to evade arrest, crashed a motor vehicle, and car-jacked another. Moreover, after the Taser was deployed, the car began moving forward. The reason for this movement is irrelevant. What is relevant is that Officer Koahou was in a vulnerable position and was forced to make the quintessential split-second decision-making which the United States Supreme Court has cautioned against second-guessing. *Graham v. Connor,* 490 U.S. 386, 396-397 (1989).

The irrelevance of Harper's intention and the absence of any *material* issue of fact is best demonstrated by way of an example. If an armed suspect pointed a gun at a police officer in a threatening manner, the officer would be justified in using deadly force based on the imminent threat. The suspect could not circumvent this reality and oppose a summary judgment by claiming that he *accidentally* pointed the gun at the officer or that he never *meant* to point the gun in a threatening manner. Likewise, Harper's unexpressed subjective reasons for his uncontroverted actions do not involve an issue of fact, but rather an issue of law.

In sum, the interlocutory appeal from the denial of qualified immunity which has been undertaken in this case is necessary and proper to protect defendant's fundamental right to be immune from suit and to have this determination made at the earliest possible time. *Saucier v. Katz*, 533 U.S. at 200-201. Since there are no

triable issues of fact which would preclude such an appeal, defendant respectfully requests that the motion to certify his appeal as frivolous be denied.

### C. The Legal Arguments to Be Advanced in this Qualified Immunity Appeal Are Consistent With Valid United States Supreme Court Precedent and, Therefore, Cannot Be Deemed Frivolous

The United States Supreme Court has repeatedly held that qualified immunity is "an entitlement not to stand trial" and that it is critical that such immunity questions "be resolved at the earliest possible stage in litigation." *Saucier v. Katz*, 533 U.S. at 200-201). In fact, as the Ninth Circuit learned in *Saucier*, the trial court was severely chided for taking a "minimalist view of its role in reviewing this issue on summary judgment." *Jeffers v. Gomez*, 267 F.3d 895, 909 (9th Cir. 2001). Regrettably, the Supreme Court has even found it increasingly necessary to reinforce the importance of determining qualified immunity at the summary judgment phase. *White v. Pauly*, 580 U.S. 73 (2017) (per curiam); *District of Columbia v. Wesby*, 583 U.S. 48 (2018); *Kisela v. Hughes*, 584 U.S. 100 (2018).

Moreover, the determination of qualified immunity turns on whether the law was clearly established; however, in so doing, the Courts are required to analyze the factual scenario not under a "high level of generality" but rather under the specific context of the case. *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). The Supreme Court has repeatedly left no doubt about the need for the lower courts to grant qualified immunity on summary judgment absent a case with such "specificity" that "an officer acting under similar circumstances . . . was held to have violated the Fourth Amendment." *District of Columbia v. Wesby*, 583 U.S. at 64. Indeed, even if the officers were mistaken as to the fact (e.g., whether the decedent was reaching for a gun) or law, qualified immunity must still be granted as long as the mistake was reasonable. *Saucier v. Katz*, 533 U.S. at 205.

In this case, the proper resolution of this issue would be a more factually-individualized analysis. *District of Columbia v. Wesby*, 583 U.S. at 64; *Mullenix v. Luna*, 577 U.S. at 12; *Saucier v. Katz*, 533 U.S. at 205. **In addition, the fact that the officer may have been mistaken about whether the decedent was attempting to flee or whether the officer was, in fact, in immediate danger is not dispositive as the qualified immunity defense is designed to immunize all but the plainly incompetent or those who knowingly violate the law**. *Malley v. Briggs*, 475 U.S. 335, 341 (1986). As such,

This appeal in this case is based on a fundamental difference of opinion regarding not only the legal relevance of Harper's unexpressed intent, but also the level of specificity that is appropriate when determining whether the law is clearly established. Officer Koahou stands by the notion that United States Supreme Court precedent is clear that a greater level of specificity is required than advanced by Harper. *District of Columbia v. Wesby*, 583 U.S. at 64; *Mullenix v. Luna*, 577 U.S. at 12; *Saucier v. Katz*, 533 U.S. at 205. Harper, for his part, has cited no contrary case authority to rebut this position. However, at an absolute minimum, no matter how this case is analyzed, one thing remains clear: Officer Koahou's reliance on binding United States Supreme Court precedent regarding the level of specificity required in analyzing whether the law is "clearly established" can in no way be deemed the advancement of a frivolous argument.

Finally, in addition, in this appeal, Officer Koahou intends to challenge certain evidentiary rulings (i.e., *legal not factual issues*) by this Court which impacted its analyis. Specifically, this Court found that Harper's drug use, criminal record, employment history, and post-arrest disciplinary problems were irrelevant to the reasonableness of Officer Koahou's use of force. Dkt. 58 at 3. However, this information was relevant to the issue of whether Officer's Koahou's belief that Harper was attempting to continue his flight was reasonable – a significant aspect of a proper qualified immunity analysis. This reasonableness

inquiry is the same whether or not certain pieces of information were known to Officer Koahou at the time. By way of example, if a plaintiff had a history of fifteen prior acts of evading arrest, this information – whether or not known to the arresting officer at the time – would be relevant to the issue of whether the officer's belief that the suspect was trying to escape was reasonable.

In sum, Harper has not met the extremely high burden of demonstrating that the appeal is frivolous. Since there are no factual impediments to the appeal and Officer Koahou intends to argue only legal issues, the motion should be denied.

## 5. CONCLUSION

Based on the foregoing, this Court should deny Plaintiff's improper *ex parte* application, both procedurally and on the merits. Moreover, because the filing of an appeal divested this Court of jurisdiction to proceed with trial, this Court should vacate all pending trial dates pending the resolution of the Ninth Circuit appeal.

Dated: March 19, 2025         JONES MAYER

By: */s/ Scott Wm. Davenport*
JAMES R. TOUCHSTONE
DENISE L. ROCAWICH
SCOTT WM. DAVENPORT

Attorneys for Defendants,
CITY OF REDLANDS and OFFICER KOAHOU