1  James R. Touchstone, SBN 184584
jrt@jones-mayer.com
2  Denise L. Rocawich, SBN 232792
dlr@jones-mayer.com
3  JONES MAYER
3777 North Harbor Boulevard
4  Fullerton, CA 92835
Telephone:  (714) 446-1400
5  Facsimile:   (714) 446-1448

6  Attorneys for Defendant,
OFFICER WILLIAM DORSEY JONES

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11  JUSTIN CODY HARPER,                 Case No.:  CV23-00695 SSS (KK)
                                        Judge:      Hon. Sunshine Sykes
12
            Plaintiff,
13                                      **DEFENDANTS' OPPOSITION TO**
      vs.                               **PLAINTIFF'S MOTION IN LIMINE**
14                                      **NO. 2 TO EXCLUDE POST-**
                                        **SHOOTING AGENCY FINDINGS**
   CITY OF REDLANDS, REDLANDS
15  POLICE DEPARTMENT, POLICE
   OFFICER KOAHOU, and DOES 1           **Final Pre-trial Conference**
16  through 10 Inclusive,               Date: April 4, 2025
                                        Time: 1:00 pm
17                                      Courtroom: 2
            Defendants.
18
                                        **Trial**
19                                      Date: April 21, 2025
                                        Time: 9:00 am
20                                      Courtroom: 2
21
22                                      Complaint Filed: April 19, 2023
23
24
25
26
27
28

                                   1
OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2

## I.    INTRODUCTION

This action stems from an officer-involved shooting that occurred on September 9, 2021 after Plaintiff, in a stolen vehicle, led Redlands Officer Koahou on a high-speed pursuit, crashed the stolen vehicle, and carjacked a second vehicle. In his Motion in Limine No. 2, Plaintiffs ask this Court to exclude (1) Any evidence, testimony, argument, or reference at trial to the District Attorney's conclusion that Officer Koahou's use of deadly force against Mr. Harper was justified, reasonable, and/or not criminal; (2) Any evidence, testimony, argument, or reference at trial to the District Attorney's decision not to press charges against Officer Koahou, including any reference (whether implicit or explicit) to the fact that the District Attorney reviewed the shooting incident; (3) Any evidence, testimony, argument, or reference at trial to the City of Redlands' findings that Officer Koahou's use of deadly force against Mr. Harper was reasonable, justified, and/or within policy. Defendants do not oppose the exclusion of categories (1) or (2).

However, category (3) is overbroad and seeks to exclude relevant and admissible evidence. The City of Redlands' findings that Officer Koahou's use of deadly force against Mr. Harper was reasonable, justified, and/or within policy are relevant because it would support the fact that Officer Koahou acted based on his training and experience and pursuant to departmental policy, and that Officer Koahou perceived an objective deadly threat from Harper's actions leading to his defensive reaction. With the appropriate instruction, the jury is capable of making a determination based on the facts and the evidence presented, and not based solely on the findings of the law enforcement agency. Thus, the evidence is more probative than it is prejudicial. Accordingly, Defendants respectfully request Plaintiff's Motion in Limine No. 2 be denied in part.

OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2

## II. EVIDENCE THAT OFFICER KOAHOU'S ACTIONS WERE WITHIN POLICY AND BASED ON HIS TRAINING IS RELEVANT AND WILL ASSIST THE JURY IN DETERMINING KEY ISSUES

Relevancy is very broadly defined. "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. District courts have broad discretion in determining whether evidence is relevant for discovery purposes. *See Survivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

Harper seeks to exclude any evidence, testimony, argument, or reference to Defendant City of Redlands' findings that Officer Koahou's use of deadly force against Mr. Harper was reasonable, justified, and/or within policy. However, information regarding policies and practices of the Redlands Police Department, and the Department's findings concerning Officer Koahou's actions relating to those policies and practices, are relevant and would assist the jury in determining whether Officer Koahou's actions were objectively reasonable.

The Department's findings related to Officer Koahou's actions and their compliance with policy are particularly relevant because it would allow the jury to understand the policies that are related to the use of force and how the Department assessed Officer Koahou's use of force based on those policies. The central issue is whether Officer Koahou's actions were objectively reasonable, and the applicable policies and how Officer Koahou's actions measured up to the objective standards of their own Department are highly probative of the issue. Moreover, Harper's argument that such evidence irrelevant because such investigation happened after the disputed incident is improper because, like the jury in this matter, the Department was able to put itself in the shoes of a reasonable officer during the incident and did not make its investigation in contradiction to the *Graham* reasonableness standard.

1       Defendants believe that with proper instruction, evidence of findings and

2   conclusions related to Departmental policies would benefit the jury and assist in

3   their evaluation of the evidence. Further, any prejudicial effect can be alleviated

4   through a proper jury instruction. *United States v. Hollis*, 490 F.3d 1149, 1153 (9th

5   Cir. 2007); *see also Blount v. Bos. Sci. Corp.*, 2019 U.S. Dist. LEXIS 142360 at \*6

6   (E.D. Cal. 2019) [finding that courts should consider the risks of prejudice and jury

7   confusion to be alleviated by utilizing cautionary jury instructions and controlling

8   the manner in which the parties' claims and defenses are submitted to the jury for

9   deliberation].

10

11  **III.**  **EVIDENCE REGARDING AGENCIES' FINDINGS AND**

12        **CONCLUSIONS MAY NOT BE CONSIDERED HEARSAY**

13      Harper's Motion involves considerations which should not be decided in the

14  procedural posture of their Motion in Limine and should therefore be denied.

15  Specifically, there are some circumstances under which the conclusions and/or

16  findings of an agency may be admissible at trial. For example, if a police practices

17  expert cites such potential hearsay evidence as one of the bases of his expert

18  opinions in the case, such conclusions may be admissible from that expert witness

19  as a foundation for his opinions. *See generally* Fed. R. Evid. 702; *United States v.*

20  *Lundy*, 809 F.2d 392, 395-396 (7th Cir. 1987). Similarly, if a witness (expert or

21  otherwise) erroneously contends that Officer Koahou's conduct during the

22  shooting was criminal or a violation of the policy of the Redlands Police

23  Department, such conclusions by the Department. *See*, e.g., Fed. R. Evid. 801(d),

24  803(6), 806, 807.

25      Indeed, portions of investigative reports otherwise admissible under Federal

26  Rule of Evidence 803(8)(C) are not inadmissible merely because they state a

27  conclusion or opinion, as long as the conclusion is based upon factual investigation

28  and satisfies the Rules' trustworthiness requirements. *See Beech Aircraft Corp. v.*

OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2

1  *Rainey*, 488 U.S. 153, 169 (1988). Thus, Harper's blanket request for exclusion is

2  improper and should be denied. *Sperberg v. The Goodyear Tire and Rubber CO.*,

3  519 F.2d 708, 712 (6th Cir. 1975); *Wilkins v. Kmart Corp.*, 487 F.Supp.2d 1216,

4  1218 (D. Kan. 2007) [the court "is almost always better situated during the actual

5  trial to assess the value and utility of the evidence].

6

7  **IV.    CONCLUSION**

8         For all of the foregoing reasons, Defendants respectfully request the Court

9  deny Plaintiffs' Motion in Limine No. 2, in part.

10

11  Dated:  March 20, 2025

                                    Respectfully Submitted,

12                                  JONES MAYER

13

14
                                    By:  *s/Denise L. Rocawich*
15                                        JAMES R. TOUCHSTONE
16                                        DENISE L. ROCAWICH
                                          Attorneys for Defendants City of
17                                        Redlands and Officer Koahou

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2