Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

*Attorneys for Plaintiff*, Justin Cody Harper

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN CODY HARPER, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF REDLANDS; NICHOLAS KOAHOU, <br><br> Defendants. | Case No. 5:23-cv-00695-SSS-DTB <br><br> *Hon. Sunshine S. Sykes* <br><br> **PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** <br><br> Trial Date: None Set <br> Final Pretrial Conference:   None Set |

Pursuant to Local Rule 16-4 and this Court's Civil Trial Order [Dkt. 25], Plaintiff hereby submits the following Memorandum of Contentions of Fact and Law.

**I.   INTRODUCTION**

This civil rights and state tort lawsuit arises out of the shooting of Justin Harper by City of Redlands Police Department Officer Nicholas Koahou on September 9, 2021. Plaintiff brings this action under 42 U.S.C. § 1983 and California state law against Defendants Officer Koahou and the City of Redlands.

//
//
//

1

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

II. **PLAINTIFF'S CLAIMS (16-4.1)**

**(a) A Summary Statement of the Claims Plaintiff has Plead and Plans to Pursue**

- **Claim 1: Excessive Force (Fourth Amendment; 42 U.S.C. § 1983)**

    Plaintiff contends that Defendant Nicholas Koahou used excessive force when he shot him at a time when Plaintiff posed no immediate threat of death or serious bodily injury to any person. Plaintiff Justin Harper brings this claim individually against Defendant Nicholas Koahou. Plaintiff seeks compensatory damages for the nature and extent of his injuries, past and future disability, impairment, disfigurement, loss of enjoyment of life, physical and mental pain and suffering, inconvenience, grief, anxiety, and humiliation. Plaintiff also seeks damages for medical care, treatment, and services. Plaintiff also seeks costs and statutory attorneys' fees under this claim.

- **Claim 2: Battery by a Peace Officer (Deadly Force)**

    Plaintiff contends that Defendant Nicholas Koahou, while acting in the course and scope of his employment as a City of Redlands police officer, used unreasonable deadly force when he shot him at a time when Plaintiff posed no immediate threat of death or serious bodily injury to any person. Plaintiff Justin Harper brings this claim individually against Defendant Nicholas Koahou and the City of Redlands. Plaintiff seeks compensatory damages for the nature and extent of his injuries, past and future disability, impairment, disfigurement, loss of enjoyment of life, physical and mental pain and suffering, inconvenience, grief, anxiety, and humiliation. Plaintiff also seeks damages for medical care, treatment, and services. Plaintiff also seeks costs and statutory attorneys' fees under this claim. The City of Redlands is vicariously liable pursuant to Cal. Gov. Code §§815.2(a).

- **Claim 3: Negligent Use of Deadly Force by a Peace Officer**

  Plaintiff contends that Defendant Nicholas Koahou, while acting in the course and scope of his employment as a City of Redlands police officer, was negligent in using deadly force and in his pre-shooting tactics. Plaintiff Justin Harper brings this claim individually against Defendant Nicholas Koahou and the City of Redlands. Plaintiff seeks compensatory damages for the nature and extent of his injuries, past and future disability, impairment, disfigurement, loss of enjoyment of life, physical and mental pain and suffering, inconvenience, grief, anxiety, and humiliation. Plaintiff also seeks damages for medical care, treatment, and services. Plaintiff also seeks costs and statutory attorneys' fees under this claim. The City of Redlands is vicariously liable pursuant to Cal. Gov. Code §§815.2(a).

- **Claim 4: Violation of the Bane Act (Cal. Civ. Code § 52.1)**

  Plaintiff contends that Defendant Nicholas Koahou deprived him of his constitutional rights when he used excessive force. Plaintiff Justin Harper brings this claim individually against Defendant Nicholas Koahou and the City of Redlands. Plaintiff seeks compensatory damages for the nature and extent of his injuries, past and future disability, impairment, disfigurement, loss of enjoyment of life, physical and mental pain and suffering, inconvenience, grief, anxiety, and humiliation. Plaintiff also seeks damages for medical care, treatment, and services. Plaintiff also seeks costs and statutory attorneys' fees under this claim. The City of Redlands is vicariously liable pursuant to Cal. Gov. Code §§815.2(a).)).

**(b) Elements Required to Establish Plaintiff's Claims**

- **Claim 1: Excessive Force (Fourth Amendment; 42 U.S.C. § 1983)**

  1. Defendant Nicholas Koahou acted under color of law (stipulated);
  2. Defendant Nicholas Koahou used excessive force against Plaintiff

Justin Harper;

3. The excessive force was a cause of injury, damage, or harm to Plaintiff Justin Harper.

See Ninth Circuit Manual of Model Jury Instructions, Instruction No. 9.25 (2017 Edition, Dec. 2023 update).

- **Claim 2: Battery by a Peace Officer (Deadly Force)**
    1. Defendant Nicholas Koahou used deadly force against Plaintiff Justin Harper;
    2. Defendant Nicholas Koahou's use of deadly force was not necessary to defend human life;
    3. Defendant Nicholas Koahou's use of deadly force was a cause of injury or harm to Plaintiff Justin Harper.

See CACI 1305B (2024 edition).

- **Claim 3: Negligent Use of Deadly Force by a Peace Officer**
    1. Defendant Nicholas Koahou was negligent;
    2. The negligence of Defendant Nicholas Koahou was a cause of injury or harm to Plaintiff Justin Harper.

See CACI 401, 440, 441 (2024 edition).

- **Claim 4: Violation of Bane Act (Cal. Civ. Code § 52.1)**
    1. Defendant Nicholas Koahou used excessive force against Plaintiff Justin Harper;
    2. Defendant Nicholas Koahou intended to violate Plaintiff Justin Harper's rights, demonstrated by Defendant Nicholas Koahou acting with reckless disregard for Plaintiff Justin Harper's right to be free from excessive force;
    3. The use of excessive force was a cause of injury, damage, or harm to Plaintiff Justin Harper.

See Reese v. County of Sacramento, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing

*Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 801-802 (2017)).

**(c) Brief Description of the Key Evidence in Support of Each of the Claims**

Testimony of Defendant Nicholas Koahou. Testimony of Plaintiff Justin Harper. Testimony of witnesses Martin Salazar, Joseph Garcia, Corey Guerra, and Greg Gallo. Expert testimony including Plaintiffs' police practices expert, Scott DeFoe. Medical testimony from involved Redlands Fire Department personnel who treated Plaintiff Harper on scene. Medical testimony from American Medical Response personnel who treated Plaintiff Harper on scene. Medical testimony from Loma Linda University Medical Center personnel who treated Plaintiff Harper for his injuries from the shooting. Scene photographs. Photographs of Plaintiff Harper's injuries. Cell phone video of the shooting.

### III. BIFURCATION OF ISSUES (16-4.3)

The Parties are not requesting bifurcation.

### IV. JURY TRIAL (16-4.4)

All of Plaintiff's claims are triable to a jury as a matter of right, and a timely jury demand has been made by all parties. [*See* Dkt. 45, 48.]

### V. ATTORNEYS' FEES (16-4.5)

Plaintiff claims attorneys' fees for all eligible claims that will be tried in this case. Each of Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 is eligible for attorneys' fees under 42 U.S.C. § 1988. Plaintiff's Bane Act claim is eligible for attorneys' fees under Cal. Civ. Code § 52.1(i).

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

## VI. ABANDONMENT OF ISSUES (16-4.6)

Plaintiff does not intend to pursue his claim for punitive damages.

DATED: March 21, 2025

LAW OFFICES OF DALE K. GALIPO

By  */s/ Dale K. Galipo*
Dale K. Galipo
Attorneys for Plaintiff