LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN CODY HARPER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF REDLANDS; NICHOLAS KOAHOU,<br><br>Defendants. | Case No. 5:23-cv-00695-SSS-DTB<br><br>Assigned to:<br>Hon. District Judge Sunshine S. Sykes<br>Honorable Mag. Judge David T. Bristow<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 1**<br><br>Hearing:    None Set |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This civil rights and state tort action arises from the use of deadly force by City of Redlands Police Department Officer Nicholas Koahou against Plaintiff Justin Harper on September 9, 2021. Defendants' Motion in Limine No. 1 ("Motion") seeks to preclude Plaintiff's counsel or Plaintiff's witnesses from introducing any evidence and/or argument relating to the economic calculation of his damages and any argument of a specific dollar amount for any damages. (ECF No. 53). Plaintiff opposes this Motion in part. Plaintiff does not intend to introduce a specific calculation of economic damages and has not retained an expert to opine on the amount of the medical bills. However, Plaintiff opposes Defendants' Motion to the extent that it seeks to preclude Plaintiff's counsel from suggesting to the jury an amount of non-economic damages, including damages for pain and suffering, injuries from the shooting, humiliation, and disfigurement.  Plaintiff also opposes the Motion to the extent that the Motion seeks to preclude Plaintiff from presenting evidence and testimony that Plaintiff received past medical treatment for his injuries from the shooting, medical bills were generated for the treatment he received for his injuries from the shooting, and Plaintiff anticipates incurring medical expenses for future treatment for his injuries from the shooting.

## II.   ARGUMENT

Defendants base their Motion on the absence of a specific calculation for damages in Plaintiff's initial disclosures.  The core principle behind the initial disclosure requirement is to "eliminate surprise and trial by ambush." *Richards v. Cox*, 2022 WL 4110348, at *5 (Sept. 8, 2022).  Although Plaintiff's initial disclosures did not provide a specific dollar amount of Plaintiff's damages, his claim filed pursuant to the California Tort Claims Act prior to the filing of his Complaint in this case clearly stated that Plaintiff was seeking damages in excess of $3,000,000.  With respect to Plaintiff's economic damages for past and future

1  medical expenses, this is not a situation where Defendants are surprised by
2  Plaintiff's medical bills.  Notably, Defendants obtained Plaintiff's medical bills via
3  subpoenas during discovery, placing Defendants on notice of the specific amounts
4  of Plaintiff's medical bills and allowing Defendants to compute Plaintiff's past
5  medical expenses.  Therefore, Defendants have suffered no prejudice by Plaintiff
6  not placing these amounts in his written initial disclosures, and their Motion should
7  be denied.
8        In general, Defendants have been on notice of Plaintiff's injuries and
9  damages, including through Plaintiff's medical records relating to the shooting and
10 through Plaintiff's deposition testimony. During his deposition, Plaintiff Mr.
11 Harper testified that his injuries include: a shattered femur; burns caused by
12 gunshot wounds to his fingers; ongoing pain; numbness in his hand; difficulty in
13 physical activities; the continued presence of bullet fragments; and emotional
14 trauma, including sleep disturbances and nightmares. Plaintiff also testified at his
15 deposition that a physical therapist he was seeing for his injuries arising from the
16 gunshots indicated that he may need future medical care to address his injuries.
17 Plaintiff's medical records, which were produced during discovery, show that Mr.
18 Harper suffered two gunshot wounds requiring two surgeries, consistent with
19 Plaintiff's deposition testimony.  During his deposition, Defendants did not ask
20 Plaintiff about the specific value of damages that Plaintiff was claiming, nor did
21 Defendants follow up on this with a special interrogatory.  If Defendants were truly
22 unaware of the claimed value of Plaintiff's damages, they had ample opportunity to
23 clarify the subject, and elected not to do so.
24       Although Plaintiff does not intend to present a specific calculation of
25 economic damages to the jury, Plaintiff does intend to present evidence at trial of
26 Plaintiff's physical injuries from the gunshots, Plaintiff's ongoing pain and
27 suffering from the physical injuries, medical treatment provided for Plaintiff's
28 injuries from the gunshot wounds, and testimony regarding anticipated future

1 medical treatment. This evidence includes testimony by Plaintiff,
2 paramedics/EMTs, and treating physicians listed as non-retained experts in
3 Plaintiff's initial expert disclosures.
4 　　With respect to Plaintiff's non-economic damages for past and future pain
5 and suffering, grief, humiliation, anxiety, disfigurement, etc., these non-economic
6 damages are by nature intangible.  At trial, the jury will be instructed that "[n]o
7 fixed standard exists for deciding the amount of these noneconomic damages. [The
8 jury] must use [their] judgment to decide a reasonable amount based on the
9 evidence and use [their] common sense." CACI 3905A.  Thus, the physical and
10 mental pain and distress that Plaintiff suffered and continues to suffer as a result of
11 the shooting is intangible, and its true value is for the jury to determine.  Plaintiff's
12 counsel should not be prohibited from suggesting the value of Plaintiff's damages,
13 particularly for non-economic damages.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion in Limine No. 1.  Defendants' Motion is disingenuous because Defendants obtained all of Plaintiff's medical billing and medical records relating to the shooting and thus have an understanding and computation of Plaintiff's injuries and past medical expenses relating to the shooting. Allowing Plaintiff to suggest an amount of damages to the jury does not prejudice Defendants, as this is clearly not a case of trial by ambush.

Dated: March 21, 2025               LAW OFFICES OF DALE K. GALIPO

　　　　　　　　　　　　　　　　By:   */s/ Renee V. Masongsong*
　　　　　　　　　　　　　　　　　　　Dale K. Galipo
　　　　　　　　　　　　　　　　　　　Renee V. Masongsong
　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff

CERTIFICATION OF COMPLIANCE WITH WORD LIMIT (L.R. 11-6.1)

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 830 words, which complies with the word limit of L.R. 11-6.1. This word count was calculated based on the word processing system.

DATED: March 21, 2025                    LAW OFFICES OF DALE K. GALIPO

                                         By: *s/ Renee V. Masongsong*
                                         Dale K. Galipo
                                         Renee V. Masongsong
                                         Attorneys for Plaintiff