LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
*dalekgalipo@yahoo.com*
Renee V. Masongsong, Esq. (SBN 281819)
*rvalentine@galipolaw.com*
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:    (818) 347-3333
Facsimile:    (818) 347-4118

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN CODY HARPER, | Case No. 5:23-cv-00695-SSS-DTB |
| Plaintiff, | |
| vs. | **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR AN ORDER CERTIFYING DEFENDANTS' APPEAL AS FRIVOLOUS AND RETAINING JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF RENEE V. MASONGSONG IN SUPPORT** |
| CITY OF REDLANDS; NICHOLAS KOAHOU, | |
| Defendants. | |
| | [Proposed Order; Declaration of Renee V. Masongsong and exhibits thereto *filed concurrently herewith*] |
| | Date: May 2, 2025 |
| | Time: 2:00 p.m. |
| | Place: Courtroom 2 |

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 2, 2025, at 2:00 p.m., in Courtroom 2 of the above-entitled court, located at 3470 Twelfth Street, Riverside, California 92501, or as soon thereafter as the matter may be heard, Plaintiff JUSTIN HARPER will and hereby does move for an order certifying Defendants' interlocutory appeal as frivolous, retaining jurisdiction over this case, and resetting the trial date.

This motion is based on this notice of motion, the attached memorandum of points and authorities, the supporting declaration of Renee V. Masongsong filed concurrently herewith and exhibits thereto, the pleadings and other papers on file in this action, and all matters of which the Court may take judicial notice.

Prior to bringing this Motion, Plaintiff's counsel and Defendants' counsel met and conferred regarding the issues presented herein as required by Local Rule 7-3. Pursuant to this Court's Standing Order, the details of the conference of counsel are as follows:

1. Names of Attorneys Present: Scott Wm. Davenport for the Defendants; Renee V. Masongsong for the Plaintiff.

2. Date Conference Held: March 27, 2025, at 3:00 p.m.

3. Conference Length: The conference of counsel lasted approximately twenty minutes.

4. Manner in Which the Conference was Held: Zoom

5. Issues Discussed: Counsel for the Parties discussed the issues to be raised in the instant Motion, including the specific portions of this Court's Order Denying Defendants' Motion for Summary Judgment addressing the material factual disputes in this case and the legal authorities to be raised in the instant Motion.

6. Issues Resolved: The Parties agreed to file their respective motions on this issue to be heard on May 2, 2025.  The Parties also agreed to explore

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

settlement potential.  Three proposed trial dates were discussed. Plaintiff was unable to avoid filing the instant motion because Defendants take the position that their appeal divests this Court of jurisdiction.

*See* Declaration of Renee V. Masongsong ("Masongsong Decl." at ¶ 2).

DATED:  April 3, 2025                    LAW OFFICES OF DALE K. GALIPO

                                                  By:_____ */s/ Renee V. Masongsong*_____
                                                         Dale K. Galipo
                                                         Renee V. Masongsong
                                                         Attorneys for Plaintiff

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    PROCEDURAL BACKGROUND

This civil rights and state tort lawsuit arises out of the shooting of Justin Harper by City of Redlands Police Department Officer Nicholas Koahou on September 9, 2021.  Plaintiff brings this action under 42 U.S.C. § 1983 and California state law against Defendants Officer Koahou and the City of Redlands. On December 20, 2024, Defendants moved for summary judgment ("MSJ") on all of Plaintiff's claims, and Plaintiff timely opposed the MSJ.  On March 13, 2025, this Court denied Defendants' MSJ in its entirety.  (*See* Dkt. No. 58 and "Exhibit B" to Masongsong Decl. ("MSJ Order")).  On March 17, 2025, Defendants filed a Notice of appeal to the Ninth Circuit Court of Appeals of this Court's Order denying summary judgment and denying qualified immunity ("Appeal").  (*See* Dkt. No. 59 (Notice of Appeal)).

Plaintiff's instant Motion requests that this Court certify Defendants' Appeal as frivolous, retain jurisdiction, and reset the case for trial.  As explained below and in Judge Cormac J. Carney's Order Granting Plaintiffs' Motion to Certify Appeal as Frivolous in the case *Craig v. County of Orange*, Case No. SACV 17-00491-CJC (KESx), an order denying qualified immunity on the basis of disputed material facts is not a final, immediately appealable order, and a defendant may only appeal a court's denial of qualified immunity on the basis that his conduct did not violate clearly established law if the defendant assumes the plaintiff's version of the facts. *See* "Exhibit D" to Masongsong Decl. (2019 *Craig* Order); *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995); *see also* "Exhibit E" to Masongsong Decl. (2022 Order by Judge Jesus Bernal Granting Plaintiffs' *Ex Parte* Application for Order Certifying Appeal as Frivolous and Retaining Jurisdiction in *V.R. v. County of San Bernardino*, Case No. EDCV 19-1023-JGB (SPx)).

In their MSJ, Defendants argued that no case decided prior to the shooting of Plaintiff Harper clearly established Harper's right to be free from excessive force

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

under Defendants' version of the facts.  In Plaintiff Harper's opposition to Defendants' MSJ, Plaintiff disputed Defendants' version of the facts and argued that cases decided prior to the shooting clearly established Harper's right to be free from excessive force under Plaintiff's version of the facts. In its MSJ Order, this Court agreed that there are disputed issues of material fact and agreed that, on Plaintiff's version of the facts, Plaintiff's right to be free from excessive force was clearly established at the time of the shooting. ("Exhibit B" to Masongsong Decl. ("MSJ Order") at pp. 5-6). Some of these material factual disputes include: whether Harper was fleeing or surrendering when Officer Koahou shot him; whether Harper's foot only hit the accelerator because his body was shocked by the taser; and whether Harper posed a danger to Officer Koahou or the public when Officer Koahou shot him. (*Id.*) In denying Defendants' MSJ, this Court clearly stated, "summary judgment on qualified immunity grounds is inappropriate in genuine disputes about the reasonableness of an officer's use of lethal force." (*Id.* at p. 7). Therefore, Defendants' Appeal does not raise a purely legal issue, and this Court should certify Defendants' Appeal as frivolous.

## II.    <u>LEGAL STANDARD</u>

"[I]mmediate appeal from the denial of summary judgment on a qualified immunity plea is available when the appeal presents a 'purely legal issue. . . .' However, instant appeal is not available . . . when the district court determines that factual issues genuinely in dispute preclude summary adjudication." *Ortiz v. Jordan*, 562 U.S. 180, 188 (2011).  In determining whether to stay proceedings pending appeal of a denial of qualified immunity, district courts must weigh the interests of the defendants claiming immunity from trial with the interest of the other litigants and the judicial system.  "During the appeal memories fade, attorneys' meters tick, judges' schedules become chaotic (to the detriment of litigants in other cases). Plaintiffs' entitlements may be lost or undermined."  *Apostol v. Gallion*, 870 F.2d 1335, 1338–39 (7th Cir. 1989).

1    *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) clearly gives district

2    courts the right to certify an interlocutory appeal as frivolous.  "Should the district

3    court find that the defendants' claim of qualified immunity is frivolous or has been

4    waived, the district court may certify, in writing, that defendants have forfeited their

5    right to pretrial appeal, and may proceed with trial." *Id*; *see also California ex rel.*

6    *Lockyer v. Mirant Corp*., 266 F. Supp. 2d 1046, 1052 (N.D. Cal. 2003) (explaining

7    and applying *Chuman* certification process); *Rodriguez v. Cty. of L.A.*, 891 F.3d

8    776, 790–92 (9th Cir. 2018). "An appeal is frivolous if the results are obvious, or the

9    arguments of error are wholly without merit." *In re George*, 322 F.3d 586, 591 (9th

10   Cir. 2003) (quoting *Maisano v. Untied States*, 908 F.2d 408, 411 (9th Cir. 1990))

11   (discussing standard under 28 U.S.C § 1912 and Federal Rules of Appellate

12   Procedure 38). A qualified immunity claim may be frivolous if the claim is

13   "unfounded" or "so baseless that it does not invoke appellate jurisdiction." *Marks v.*

14   *Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996) (quoting *Apostol*, 870 F.3d at

15   1339); *Schering Corp. v. First DataBank, Inc.*, No. 07-cv-01142, 2007 WL 1747115

16   at *3 (N.D. Cal. June 18, 2007) (quoting *Apostol*, 870 F.2d at 1339).

17   **III.    <u>DISCUSSION</u>**

18          **A. This Court's Order Denying Qualified Immunity Based on**

19              **Disputed Issues of Material Fact is Not an Immediately Appealable**

20              **Order**

21          Whether an appellate court hears an interlocutory appeal from the denial of

22   qualified immunity on summary judgment depends on the basis of the denial.

23   *Maropulos v. County of Los Angeles*, 560 F.3d 974, 975 (9th Cir. 2009); *see*

24   *Plumhoff v. Rickard*, 572 U.S. 565, 772 (2014) (appellate court has jurisdiction to

25   review order denying officers' summary judgment motion based on qualified

26   immunity in section 1983 action where decedent killed in a high speed car chase and

27   officer's contention that conduct did not violate Fourth Amendment raised legal

28   rather than factual issues).  An order denying qualified immunity on the basis of

disputed material facts is not a final, immediately appealable order. *Johnson*, 515
U.S. at 313–20. "Where the district court denies immunity on the basis that material
facts are in dispute, [appellate courts] generally lack jurisdiction to consider an
interlocutory appeal." *Collins v. Jordan*, 110 F.3d 1363, 1370 (9th Cir. 1996); *see
also Johnson*, 515 U.S. at 307; *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)
(*citing Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)).

In *Craig v. County of Orang*e, Case No. SACV 17-00491-CJC (KESx),
Central District Judge Cormac J. Carney granted the *Craig* plaintiff's request to
certify the defendants' appeal as frivolous, following *Rodriguez* and *Chuman*. (*See*
"Exhibit D" to Masongsong Decl. (2019 *Craig* Order)). In that excessive force case,
the individual officer defendant appealed the district court's March 7, 2019, order
granting in part and denying in part the defendants' motion for summary judgment,
challenging the Court's denial of summary judgment on the basis of qualified
immunity. The *Craig* defendants contended that their appeal rested on two bases:
(1) that the individual officer's use of force was lawful; and (2) that his use of force
did not violate clearly established law. With respect to the *Craig* defendants' first
ground for their appeal, the *Craig* court stated:

> [T]his is not an appropriate issue for interlocutory appeal. "[A]
> defendant, entitled to invoke a qualified immunity defense, may not
> appeal a district court's summary judgment order insofar as that order
> determines whether or not the pretrial record sets forth a 'genuine'
> issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995).
> The Court denied summary judgment on the excessive force claim
> because there were numerous disputed material facts that precluded any
> finding that Deputy Petropulos' use of force was objectively reasonable
> as a matter of law. It is disputed, for instance, whether Witt posed an
> immediate threat to the officers. . . Defendant cannot appeal the
> Court's determination that there were genuine issues of fact for trial.
> *Cf. Johnson*, 515 U.S. at 319–20.

(*Id.* at p. 4)).

In the instant case, this Court's Order denying summary judgment to Officer
Koahou on qualified immunity grounds was premised on material factual disputes.

(Dkt. No. 58 and "Exhibit B" to Masongsong Decl. ("MSJ Order") at pp. 5-7). Specifically, this Court's MSJ Order addressed the following material factual disputes:

> [T]here is a reasonable dispute as to if Harper was fleeing or surrendering when Officer Koahou shot him. On the one hand, it is undisputed Harper actively evaded arrest by Officer Koahou that day, likely just minutes before. On the other hand, when Officer Koahou ordered Harper out of the car and threatened to shoot him, Harper said he would get out of the car, let go of the steering wheel, and put his hands up in surrender.
>
> Defendants claim it was an "absolute certainty" Harper would continue to evade arrest in part because the car began to accelerate after Harper indicated surrender and Officer Koahou tased Harper. [Motion at 15–16]. Harper, however, argues it was clear he was trying to surrender and his foot only hit the accelerator because his body was shocked by the taser. [Opp. at 15; SUF ¶ 29].
>
> The Court finds a reasonable juror may agree with Harper that a reasonable police officer should expect a vehicle to start moving after tasing the vehicle's operator in the chest without warning. This is bolstered by Redlands Police Department's own policy manual, which teaches officers not to tase a person who is operating a vehicle. [Dkt. 48-3 at 8]. Thus, viewing the evidence in a light most favorable to Harper, as this Court must, it is reasonable to conclude the car rolling forward did not indicate Harper was fleeing. Because a reasonable juror could find Harper did not pose a danger to Officer Koahou or the public when Officer Koahou shot him, Harper's Excessive Force claim survives Defendants' Motion.

("Exhibit B" to Masongsong Decl. ("MSJ Order") at p. 5).

> What is more, whether a reasonable officer would conclude Harper accelerated the vehicle to evade arrest at all, or rather in response to tasing, is the subject of genuine dispute. This inquiry is key to assessing the reasonableness of Officer Koahou's conduct. *See Orn*, 949 F.3d at 1174. While officers may make mistakes of fact and still be entitled to qualified immunity, the mistakes must still be reasonable. *Torres v. City of Madera*, 648 F.3d 1119, 1124 (9th Cir. 2011) *Torres*. Ultimately, summary judgment on qualified immunity grounds is inappropriate in genuine disputes about the reasonableness of an officer's use of lethal force. *Wilkins v. City of Oakland*, 350 F.3d 949, 956 (9th Cir. 2003) ("Where the officers' entitlement to qualified immunity depends on the resolution of disputed issues of fact in their

favor, and against the non-moving party, summary judgment is not appropriate"). Accordingly, Officer Koahou is not entitled to qualified immunity.

(*Id.* at p. 7).

Therefore, Defendants' Appeal is not available because this Court clearly and appropriately determined that material factual issues genuinely in dispute preclude granting summary judgment and qualified immunity in this case. *See Ortiz*, 562 U.S. at 188. The foregoing disputes identified in this Court's MSJ Order are "material" because the resolution of these facts is "key to assessing the reasonableness of Officer Koahou's conduct." It is clear that the denial of qualified immunity in this case is based in part on genuine issues of material fact. Hence, the Court should find Defendants' appeal baseless and insufficient to deprive this Court of jurisdiction. *See Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1060 (9th Cir. 2006) (*citing Knox v. Southwest Airlines*, 124 F.3d 1103, 1107 (9th Cir. 1997) (no jurisdiction over an interlocutory appeal that focuses on whether there is a genuine dispute about the underlying facts)). Accordingly, the Court should certify Defendants' interlocutory Appeal as frivolous on this basis. *See Chuman v. Wright*, *supra*.

## B. Plaintiff Will be Prejudiced by a Stay of This Action

This Court should retain jurisdiction and should not stay the instant action. The Court's authority to stay a proceeding is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When considering a stay, courts consider "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "The proponent of a stay bears the burden

1    of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

2           While the Supreme Court has allowed interlocutory appeals of qualified

3    immunity in light of qualified immunity's purpose to protect a public official from

4    liability and from standing trial, courts have recognized that this approach may also

5    "injure the legitimate interests of other litigants and the judicial system." *See Vargas*

6    *v. Cnty. of Los Angeles*, Case No. CV 19-3279 PSG (ASx), 2021 WL 2403162, at *6

7    (C.D. Cal. May 5, 2021) (citing *Apostol*, 870 F.3d at 1338-39).  In recognizing the

8    value of a *Chuman* certification in the face of a frivolous appeal, the Seventh Circuit

9    in *Apostol v. Gallion* explained:

10          During the appeal memories fade, attorneys' meters tick, [and]
            judges' schedules become chaotic) to the detriment of litigants in
11          other cases). Plaintiffs' entitlements may be lost or undermined. Most
            deferments will be unnecessary. The majority in *Forsyth* appeals—
12          like the bulk of all appeals—end in affirmance. Defendants may seek
            to stall because they gain from the delay at plaintiffs' expense, an
13          incentive yielding unjustified appeals. Defendants may take *Forsyth*
14          appeals for tactical as well as strategic reasons: disappointed by the
            denial of a continuance, they may help themselves to a postponement
15          by lodging a notice of appeal.
16

17   870 F.2d at 1138-39. Approximately three and a half years have passed since the

18   shooting giving rise to this lawsuit.  In light of the frivolous nature of Defendants'

19   Appeal, it would be prejudicial to Plaintiff to stay this case based on Defendants'

20   inappropriate interlocutory Appeal, which could result in a stay of this case for

21   another one to two years while the appeal is pending.

22          By way of example, the excessive force cases *Sandoval v. County of Los*

23   *Angeles*, Ninth Circuit Case No. 10-55733, Dist. Ct. Case No. CV 09-03428 PSG

24   (SSx)[1] and *Herd v. County of San Bernardino*, Central District Case No. 5:17-cv-

25   02545-AB (SPx), Ninth Circuit Case No. 19-56494, show how a frivolous

26   interlocutory appeal can prejudice the plaintiff by delaying their day in court.  (*See*

27   _____

28   [1] Cited in accordance with Ninth Cir. Local Rule 36-3(b) ("Unpublished dispositions and orders of this Court issued
     on or after January 1, 2007 may be cited to the courts of this circuit in accordance with FRAP 32.1.").

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Masongsong Decl. at ¶¶ 3, 4 and "Exhibits A and C").  In both *Sandoval* and *Herd*, as in the instant case, the court denied defendants' motion for summary judgment based on qualified immunity, and the defendants filed interlocutory appeals.  In *Sandoval*, the Ninth Circuit affirmed the district court's summary judgment ruling, holding that disputed issues of material fact preclude a finding of qualified immunity at the summary judgment stage.  ("Exhibit A" to Masongsong Decl.).  The defendants' unsuccessful appeal in *Sandoval* resulted in a two year and seven month delay in that trial.

In *Herd*, the district court denied the individual officer defendants' requests for qualified immunity on summary judgment.  The *Herd* defendants filed an interlocutory appeal, which the plaintiffs moved the Ninth Circuit to dismiss for lack of jurisdiction.  In their motion to dismiss the appeal, the *Herd* plaintiffs explained that the Ninth Circuit lacks jurisdiction over the *Herd* defendants' interlocutory appeal because the district court's order denying qualified immunity to the individual officers was based on the existence of genuine issues of material facts and thus is not a final, immediately appealable order.  In *Herd*, the Ninth Circuit granted the plaintiff's motion to dismiss for lack of jurisdiction on June 25, 2020, and denied the defendants' motion for reconsideration and rehearing *en banc* on the issue on November 3, 2020.  ("Exhibit C" to Masongsong Decl. (*Herd* Ninth Cir. Order)).  The district court reset the trial (initially set for February 18, 2020) for September 28, 2021, which resulted in approximately an 18-month delay in the case. (Masongsong Decl. at ¶ 4 and "Exhibit C").

Plaintiff's instant Motion seeks to avoid such delays. There are multiple avenues of potential prejudice to Plaintiff from such a delay: memories fading; witnesses moving away; attorneys' fees mounting; and the time value of the delay in terms of Plaintiff's delayed remedies.  Further, in addition to consuming the resources of the appellate court, such a lengthy appeal would cut across the public interest in the expeditious and efficient resolution of litigation.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant

Plaintiff's instant Motion and issue an order certifying Defendants' interlocutory

Appeal as frivolous, retaining jurisdiction, and resetting the trial date.

Respectfully submitted,

DATED:  April 3, 2025            LAW OFFICES OF DALE K. GALIPO


By:_____*/s/ Renee V. Masongsong*_____
                    Dale K. Galipo
                    Renee V. Masongsong
                    Attorneys for Plaintiff

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT