Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333 / Fax: (818) 347-4118

Sharon J. Brunner, Esq. (SBN 229931)
sharonjbrunner@yahoo.com
**LAW OFFICE OF SHARON J. BRUNNER**
14393 Park Ave., Suite 101
Victorville, CA 92392
Tel: (760) 243-9997 / Fax: (760) 843-8155

James S. Terrell, Esq. (SBN 170409)
**LAW OFFICE OF JAMES S. TERRELL**
15411 Anacapa Road
Victorville, CA 92392
Tel: (760) 951-5850 / Fax: (760) 952-1085

*Attorneys for Plaintiff*, Justin Cody Harper

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUSTIN CODY HARPER, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF REDLANDS; NICHOLAS KOAHOU, <br><br> Defendants. | Case No. 5:23-cv-00695-SSS-SP <br><br> Assigned to: <br> Hon. District Judge Sunshine S. Sykes <br> Hon. Magistrate Judge Sheri Pym <br><br> **DECLARATION OF RENEE V. MASONGSONG AND EXHIBITS THERETO IN SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR AN ORDER CERTIFYING DEFENDANTS' APPEAL AS FRIVOLOUS AND RETAINING JURISDICTION** |

# DECLARATION OF RENEE V. MASONGSONG

I, Renee V. Masongsong, hereby declare as follows:

1. I am an attorney licensed to practice law in the United States District Court for the Central District of California. I am one of the attorneys of record for Plaintiff Cody Harper in this instant action. I make this declaration in support of Plaintiff's Notice of Motion and Motion for an Order Certifying Defendants' Appeal as Frivolous. I have personal knowledge of the matters stated herein and could and would testify competently thereto if called.

2. Prior to bringing this Motion, I met and conferred with Defendants' counsel regarding the issues presented herein as required by Local Rule 7-3. Pursuant to this Court's Standing Order, the details of the conference of counsel are as follows: (1) Names of Attorneys Present: Scott Wm. Davenport for the Defendants; Renee V. Masongsong for the Plaintiff; (2) Date Conference Held: March 27, 2025, at 3:00 p.m.; (3) Conference Length: The conference of counsel lasted approximately twenty minutes; (4) Manner in Which the Conference was Held: Zoom; (5) Issues Discussed: Counsel for the Parties discussed the issues to be raised in the instant application, including the specific portions of this Court's Order Denying Defendants' Motion for Summary Judgment addressing the material factual disputes in this case and the legal authorities to be raised in the instant application; (6) Issues Resolved: The Parties agreed to file their respective motions on this issue to be heard on May 2, 2025. The Parties also agreed to explore settlement potential. Three proposed trial dates were discussed.

3. With respect to the issue of prejudice, Plaintiff submits, by way of example, the case of *Sandoval v. County of Los Angeles*, Ninth Circuit Case No. 10-55733, Dist. Ct. Case No. CV 09-03428 PSG (SSx). Attached hereto as "**Exhibit A**" is a true and correct copy of the Ninth Circuit's order in the case *Sandoval v.*

*County of Los Angeles*, Ninth Circuit Case No. 10-55733, Dist. Ct. Case No. CV 09-03428 PSG (SSx).

4. In the case *Herd v. County of San Bernardino*, Central District Case No. 5:17-cv-02545-AB (SPx), Ninth Circuit Case No. 19-56494, the defendants' frivolous appeal of the district court's denial of the defendants' request for qualified immunity on summary judgment delayed the *Herd* case by approximately 18 months. In *Herd*, the district court denied the defendants' request for qualified immunity on summary judgment on December 2, 2019. The defendants filed an interlocutory appeal, which the plaintiffs moved the Ninth Circuit to dismiss for lack of jurisdiction. In their motion to dismiss, the *Herd* Plaintiffs explained that the Ninth Circuit lacks jurisdiction over the *Herd* defendants' interlocutory appeal because the district court's order denying qualified immunity to the individual officers was based on the existence of genuine issues of material facts and thus is not a final, immediately appealable order. The Ninth Circuit granted the plaintiffs' motion to dismiss for lack of jurisdiction on June 25, 2020, and denied the defendants' motion for reconsideration and rehearing en banc on the issue on November 3, 2020.

5. Attached hereto as "**Exhibit C**" is a true and correct copy of the Ninth Circuit's order in the case *Herd v. County of San Bernardino*, Central District Case No. 5:17-cv-02545-AB (SPx), Ninth Circuit Case No. 19-56494 dismissing the defendants' appeals for lack of jurisdiction.

6. Attached hereto as "**Exhibit B**" is a true and correct copy of relevant portions of this Court's Order Denying Defendants' Motion for Summary Judgment, entered as Dkt. No. 58 in the above-referenced case.

7. Attached hereto as "**Exhibit D**" is a true and correct copy of Central District Judge Cormac J. Carney's order granting the plaintiff's request to certify the

defendant's appeal as frivolous in the case *Craig v. County of Orange*, Case No. SACV 17-00491-CJC(KESx).

8. Attached hereto as "**Exhibit "E"**" is a true and correct copy of Central District Judge Jesus G. Bernal's order Granting Plaintiffs' *Ex Parte* Application for Order Certifying Appeal as Frivolous and Retaining Jurisdiction in *V.R. v. County of San Bernardino*, Case No. EDCV 19-1023-JGB (SPx)).

I declare under penalty of perjury that the foregoing is true and correct, and that this was executed on April 4, 2025, at Woodland Hills, California.

*/s/ Renee V. Masongsong*
Renee V. Masongsong