James R. Touchstone, SBN 184584
jrt@jones-mayer.com
Denise L. Rocawich, SBN 232792
dlr@jones-mayer.com
Scott Wm. Davenport, SBN 159432
swd@jones-mayer.com
JONES MAYER
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorneys for Defendants,
CITY OF REDLANDS and OFFICER KOAHOU

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN CODY HARPER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF REDLANDS, REDLANDS POLICE DEPARTMENT, POLICE OFFICER KOAHOU, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 5:23-CV-00695-SSS (KK)<br><br>*Judge:* Hon. Sunshine S. Sykes<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY TRIAL BASED ON PENDING APPEAL**<br><br>Date: May 2, 2025<br>Time: 2:00 p.m.<br>Ctrm: 2 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 2, 2025, at 2:00 p.m., in Courtroom 2 of the above-entitled court, located at 3470 Twelfth Street, Riverside, California 92501, or as soon thereafter as the matter may be heard, Defendants CITY OF REDLANDS and OFFICER KOAHOU will and hereby move to stay the trial based on the appeal pending in *Harper v. City of Redlands,* Ninth Circuit Case No. 25-1780.

/ / /

The Motion is based on this Notice of Motion and Motion and attached Memorandum of Points and Authorities, the Declarations and Exhibits filed Concurrently Herewith, the file and records in this case, and any further argument or evidence the Court deems fit to receive at the hearing.

Prior to bringing this motion, Defendants attempted to meet and confer regarding the issues presented herein as required by Local Rule 7-3. Pursuant to this Court's Standing Order, the details of this meet and confer conference are as follows:

(1) Names of Attorneys Present: Renee Valentine Masongsong for Plaintiff and Scott Wm. Davenport for Defendants.

(2) Date Conference Held: March 27, 2025, at 10:00 a.m.

(3) Conference Length: 20 minutes [10:00 to 10:20 a.m.]

(4) Manner in Which Conference Held: Via Zoom

(5) Issues Discussed: (a) Plaintiff's Motion to Deem Appeal Frivolous; (b) Defendants' Companion Motion re: District Court's Lack of Jurisdiction Given Pending Appeal; (c) timing issues and proposed schedule for both motions; (d) potential private and/or Ninth Circuit mediation; (e) forthcoming revised demand and potential settlement negotiations; and (f) proposed trial dates subject to additional meet and confer.

(6) What Issues Were Resolved: The parties agreed to file companion motions to be heard on May 2, 2025. Plaintiff will prepare a revised demand and will join in requests to extend to the Ninth Circuit Briefing schedule to allow the companion motions to be resolved. The parties will explore potential settlement negotiations. Three proposed trial dates were discussed and the parties will work together on these future dates for trial should they become necessary (and subject to Defendant's jurisdictional objection).

1 | See also Declaration of Scott Wm. Davenport at ¶ 6, attached hereto.

2 | Dated: April 4, 2025                JONES MAYER

                                        */s/ Scott Wm. Davenport*

                                        By: _____
                                        JAMES R. TOUCHSTONE
                                        DENISE L. ROCAWICH
                                        SCOTT WM. DAVENPORT

                                        Attorneys for Defendants,
                                        CITY OF CITY OF REDLANDS and
                                        OFFICER KOAHOU

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION

On Thursday, March 13, 2025, this Court denied Officer Koahou's motion for summary judgment on the issue of qualified immunity. On Monday, March 17, 2025, two-business days later, Officer Koahou filed an interlocutory appeal on the denial of qualified immunity, as is his right. *Saucier v. Katz,* 533 U.S. 194, 201 (2001). This case is currently docketed as *Harper v. City of Redlands,* Ninth Circuit Case No. 25-1780, has a mediation assessment conference scheduled for April 7, 2025, and the Appellant's Opening Brief is due on April 28, 2025.

On March 19, 2025, Plaintiff Justin Harper filed an *ex parte* application seeking to declare the appeal frivolous. Dkt. 60. Officer Koahou filed an opposition on both procedural and substantive grounds. Dkt. 62. After considering the moving and opposing papers, the Court issued an order denying the *ex parte* application, vacating the pending pretrial and trial dates, and ordering further briefing from the parties. Dkt. 70.

Thereafter, the parties attempted to meet and confer on all outstanding issues pursuant to Local Rule 7-3 and this Court's standing order. At that time, Harper indicated that he intended to re-file his previously filed *ex parte* as a noticed motion in substantially similar form. Being concerned about the possibility that future trial court action which could deprive the Ninth Circuit of its proper jurisdiction and render the appeal moot, Officer Koahou indicated that he would file a companion motion to stay trial based on the pending appeal.[1] The parties agreed to coordinate briefing so that both motions would be heard at the same time.

As set forth herein, the law is clearly established that once the appeal was filed, this Court was divested of jurisdiction to take any action which would deprive the Ninth Circuit of jurisdiction over the appeal, including proceeding with

---

[1] This motion is effectively the "flip side" of Harper's motion and is consistent with the parties' mutual desire to resolve all outstanding procedural issues at one time.

the trial. *Griggs v. Provident Consumer,* 459 U.S. 56, 58 (1982) (per curiam); Nelson, Goelz & Watts, Fed. Ninth Cir. Civ. App. Prac. (The Rutter Group 2022) ("*9th Cir. Rutter Guide*") § 3:406. **Indeed, it is well settled that an appeal from the denial of a motion for qualified immunity divests the district court of jurisdiction to proceed with the pending trial. *United States v. Clairborne*, 727 F.2d 842, 850 (9th Cir. 1984).**

Accordingly, Defendants request that this Court stay any further action pending the Ninth Circuit's resolution of the qualified immunity appeal in *Harper v. City of Redlands,* Ninth Circuit Case No. 25-1780.

## 2. THE PENDING INTERLOCUTORY APPEAL ON THE DENIAL OF QUALIFIED IMMUNITY DIVESTS THIS COURT OF JURISDICTION TO PROCEED WITH TRIAL

The law clearly provides that government officials are afforded immunity from suit to protect them from the *obligation of having to defend* litigation stemming from their performance of official duties and, therefore, may appeal denials of summary judgments based on qualified immunity. *Mitchell v. Forsyth,* 472 U.S. 511, 525-527 (1985); Nelson, Goelz & Watts, Fed. Ninth Cir. Civ. App. Practice (The Rutter Group 2022) ("*9th Cir. Ruter Guide*") § 2:315.

The United States Supreme Court has repeatedly made clear that qualified immunity is "an entitlement not to stand trial" and that it is critical that such immunity questions "be resolved at the earliest possible stage in litigation." *Saucier v. Katz*, 533 U.S. at 200-201. The reasoning behind the rule allowing for an immediate interlocutory appeal is that qualified immunity is "an immunity from suit rather than a mere defense to liability; . . . it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. at 530.

Such an appeal is proper only when the question involves a matter of law. *Mitchell v. Forsyth,* 472 U.S. at 525; *9th Cir. Rutter Guide* § 2:316. However, even if the parties dispute some of the facts, the appellate court has jurisdiction over

whether *plaintiff's* version of the facts sustains a claim that clearly established law has been violated. *Plumhoff v. Rickard,* 572 U.S. 765, 773 (2014); *9th Cir. Rutter Guide* § 2:316.2. "The contours of the right at issue" and the reasonableness of defendants' actions are legal questions to be decided, taking facts in light most favorable to plaintiff. *Rodriguez v. Maricopa County Comm. College,* 604 F.3d 703, 707 (9th Cir. 2010).

In an attempt to circumvent this reality and deprive Officer Koahou of his fundamental right to have his appeal of the denial of qualified immunity heard as expressly authorized by the Supreme Court in *Saucier v. Katz*, Harper has filed a new noticed motion reiterating the same arguments from his *ex parte* which were previously rejected by this Court. See Dkt. 70.

As will be set forth more fully in the Opposition to Harper's motion, Officer Koahou's appeal simply cannot be deemed frivolous as a matter of law as it will challenge only issues of law and will accept the facts as set forth in Harper's opposition to the extent they are not contradicted by video and/or audio evidence pursuant to See *Scott v. Harris,* 550 U.S. 372, 380-381 (2007). Simply stated, the parties have a fundamental difference of opinion regarding the proper application of the law to the undisputed facts of this case. Such a difference of opinion cannot amount to a frivolous appeal, as a matter of law.

3. **CONCLUSION**

In sum, it is beyond dispute that this court maintains jurisdiction to preserve the *status quo* and to assist in appellate review. *Davis v. United States,* 667 F.2d 822, 824 (9th Cir. 1982); *In re Silberkraus,* 336 F.3d. 864, 869 (9th Cir. 2003). However, the filing of the notice of appeal has divested this Court of jurisdiction to alter the *status quo* and proceed to trial. *Griggs v. Provident Consumer,* 459 U.S. at 58 (1982); *United States v. Clairborne,* 727 F.2d at 850; *9th Cir. Rutter Guide* § 3:406. Accordingly, Defendants respectfully request that this Court issue an order staying trial based on the pending appeal in *Harper v. City of Redlands,* Ninth

Circuit Case No. 25-1780.

Dated: April 4, 2025

JONES MAYER

*/s/ Scott Wm. Davenport*

By: _____
JAMES R. TOUCHSTONE
DENISE L. ROCAWICH
SCOTT WM. DAVENPORT

Attorneys for Defendants,
CITY OF REDLANDS and OFFICER KOAHOU

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for CITY OF REDLANDS and OFFICER KOAHOU, certifies that this brief contains 2,093 words, which complies with the word limit of Local Rule 11-6.1.

Dated: April 4, 2025                    JONES MAYER

                            */s/ Scott Wm. Davenport*
                            By: _____
                                SCOTT WM. DAVENPORT

                            Attorneys for Defendants,
                            CITY OF REDLANDS and OFFICER KOAHOU

## DECLARATION OF SCOTT WM. DAVENPORT

I, Scott Wm. Davenport, declare:

1. I am an attorney licensed to practice law in the State of California and before this Court. I am an attorney in the law firm of Jones Mayer, counsel of record for Defendants in this matter. This Declaration is submitted in support of Defendants' Motion to Stay Trial Based on Pending Appeal. If called as a witness, I would and could competently testify to all of the facts contained within this declaration based upon my personal knowledge.

2. On March 13, 2025, this Court issued an order denying Officer Koahou's motion for summary judgment on the issue of qualified immunity. Dkt. 58.

3. On March 17, 2025, Officer Koahou filed an interlocutory appeal on the denial of qualified immunity, as is his right pursuant to *Saucier v. Katz,* 533 U.S. 194, 201 (2001). Dkt. 59.

4. On March 19, 2025, Plaintiff Justin Harper filed an *ex parte* application to declare this appeal frivolous. Dkt. 60. The following day, Officer Koahou filed an opposition to this *ex parte* application on both procedural and substantive grounds. Dkt. 62.

5. On March 21, 2025, this Court issued an order denying the *ex parte* application, vacating the pending pretrial and trial dates, and ordering further briefing from the parties. Dkt. 70. Specifically, this Court ordered Harper to file a regularly noticed motion on the frivolous appeal issue and directed the parties to file a stipulation re: proposed trial dates by April 4, 2025. *Id.* at 1-2.

6. On March 27, 2025, the parties attempted to meet and confer regarding all issues present in this case as required by Local Rule 7-3. Pursuant to this Court's Standing Order, the details of this meet and confer conference are as follows:

///

(1) Names of Attorneys Present: Renee Valentine Masongsong for Plaintiff and Scott Wm. Davenport for Defendants.

(2) Date Conference Held: March 27, 2025, at 10:00 a.m.

(3) Conference Length: 20 minutes [10:00 to 10:20 a.m.]

(4) Manner in Which Conference Held: Via Zoom

(5) Issues Discussed: (a) Plaintiff's Motion to Deem Appeal Frivolous; (b) Defendants' Companion Motion re: District Court's Lack of Jurisdiction Given Pending Appeal; (c) timing issues and proposed schedule for both motions; (d) potential private and/or Ninth Circuit mediation; (e) forthcoming revised demand and potential settlement negotiations; and (f) proposed trial dates subject to additional meet and confer.

(6) What Issues Were Resolved: The parties agreed to file companion motions to be heard on May 2, 2025. Plaintiff will prepare a revised demand and will not join in requests to extend to the Ninth Circuit Briefing schedule to allow the companion motions to be resolved. The parties will explore potential settlement negotiations. Three proposed trial dates were discussed and the parties will work together on these future dates for trial should they become necessary (and subject to Defendant's jurisdictional objection).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 4th day of April, 2025, at Chula Vista, California.

/s/ Scott Wm. Davenport
_____
Scott Wm. Davenport,
Declarant