LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
*dalekgalipo@yahoo.com*
Renee V. Masongsong, Esq. (SBN 281819)
*rvalentine@galipolaw.com*
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:   (818) 347-3333
Facsimile:   (818) 347-4118

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN CODY HARPER,<br><br>              Plaintiff,<br><br>       vs.<br><br>CITY OF REDLANDS; NICHOLAS KOAHOU,<br><br>              Defendants. | Case No. 5:23-cv-00695-SSS-DTB<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY (DKT. 78); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF RENEE V. MASONGSONG IN SUPPORT**<br><br>Date: May 2, 2025<br>Time: 2:00 p.m.<br>Place: Courtroom 2 |

i     Case No. 5:23-cv-00695-SSS-DTB
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Justin Harper hereby opposes Defendants' motion to stay the trial of the above-referenced case based on Defendants' pending appeal. For the reasons below, as well as the reasons discussed in Plaintiff's prior briefing (Dkt. 60, 75, 77), this Court should certify Defendants' appeal as frivolous, deny their motion to stay (Dkt. 78), and proceed to trial in this case.

An interlocutory appeal typically "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). However, the divestiture of jurisdiction rule is a judge-made doctrine, not based on statutes or procedural rules, and is "applied in a 'less stern' manner than true jurisdictional rules." *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 790 (9th Cir. 2018) (citing *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984)). There is a well-established exception to the divestiture doctrine that allows Courts to maintain jurisdiction over claims even after an appeal has been filed, insofar as the appeal is frivolous. *Peck v. Cnty. of Orange*, 528 F. Supp. 3d 1100, 1103 (C.D. Cal. 2021). On interlocutory appeal, the Ninth Circuit has "jurisdiction only to the extent the issue appealed concerned, not which facts the parties might be able to prove, but, rather, whether or not certain given facts showed a violation of clearly established law." *Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018) (internal quotations omitted); *Ortiz v. Jordan*, 562 U.S. 180, 188 (2011) ("[I]nstant appeal is not available . . . when the district court determines that factual issues genuinely in dispute preclude summary adjudication.").

Here, the Court's qualified immunity ruling in this case was based on accepting Plaintiff's facts, including that Mr. Harper was surrendering when Officer Koahou shot him, that Mr. Harper's foot only hit the accelerator because he was shocked by the Taser, and that a reasonable juror could find that Mr. Harper posed no danger to Officer Koahou or the public when Officer Koahou shot him. (Dkt. 58,

MSJ Order, at pp. 5-6). That Mr. Harper posed no immediate threat of death or serious bodily injury to any person at the time of the shots is supported by the undisputed facts that Officer Koahou was two to six feet from the driver's side of the car when he deployed deadly force, no person was in front of the car, in its path, or needed to jump out of the way when the car began moving forward, and the car was moving at about five miles per hour. (*Id.* at pp. 4, 7).

Defendants are now appealing this Court's denial of qualified immunity based on their own version of the facts—that Mr. Harper was fleeing when Officer Koahou shot him, that it was an "absolute certainty" that Mr. Harper would continue to evade arrest, and that Mr. Harper "attempted murder" because Officer Koahou was "mere inches away from being crushed by the vehicle." (*Id*. at pp. 4-5). This completely contradicts Plaintiffs' version of the facts, and thus, Defendants' appeal is entirely without merit. Accordingly, this Court should certify Defendants' appeal as frivolous, deny their motion to stay (Dkt. 78), and proceed to trial in this case.

## II.  LEGAL STANDARD

"[I]mmediate appeal from the denial of summary judgment on a qualified immunity plea is available when the appeal presents a 'purely legal issue. . . .' However, instant appeal is not available . . . when the district court determines that factual issues genuinely in dispute preclude summary adjudication." *Ortiz*, 562 U.S. at 188. An order denying qualified immunity on the basis of disputed material facts is not a final, immediately appealable order. *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995). "Where the district court denies immunity on the basis that material facts are in dispute, [appellate courts] generally lack jurisdiction to consider an interlocutory appeal." *Collins v. Jordan*, 110 F.3d 1363, 1370 (9th Cir. 1996); *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (*citing Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)). *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) clearly gives district courts the right to certify an interlocutory appeal as frivolous. "Should the district court find that the defendants' claim of qualified immunity is frivolous or

has been waived, the district court may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial." *Id*; *see also California ex rel. Lockyer v. Mirant Corp.*, 266 F. Supp. 2d 1046, 1052 (N.D. Cal. 2003) (explaining and applying *Chuman* certification process); *Rodriguez*, 891 F.3d at 790–92.

In determining whether to stay proceedings pending appeal of a denial of qualified immunity, district courts must weigh the interests of the defendants claiming immunity from trial with the interest of the other litigants and the judicial system. "During the appeal memories fade, attorneys' meters tick, judges' schedules become chaotic (to the detriment of litigants in other cases). Plaintiffs' entitlements may be lost or undermined." *Apostol v. Gallion*, 870 F.2d 1335, 1338–39 (7th Cir. 1989).

### III. DISCUSSION

#### A. This Court Should Deny Defendants' Motion to Stay Because This Court's Order Denying Qualified Immunity Based on Disputed Issues of Material Fact is Not an Immediately Appealable Order

In the instant case, this Court's Order denying summary judgment to Officer Koahou on qualified immunity grounds was premised on material factual disputes. (Dkt. No. 58, MSJ Order, at pp. 5-7). Specifically, this Court's MSJ Order relied on the following material factual disputes:

> [T]here is a reasonable dispute as to if Harper was fleeing or surrendering when Officer Koahou shot him. On the one hand, it is undisputed Harper actively evaded arrest by Officer Koahou that day, likely just minutes before. On the other hand, when Officer Koahou ordered Harper out of the car and threatened to shoot him, Harper said he would get out of the car, let go of the steering wheel, and put his hands up in surrender.
> Defendants claim it was an "absolute certainty" Harper would continue to evade arrest in part because the car began to accelerate after Harper indicated surrender and Officer Koahou tased Harper. [Motion at 15–16]. Harper, however, argues it was clear he was trying to surrender

> and his foot only hit the accelerator because his body was shocked by the taser. [Opp. at 15; SUF ¶ 29].
> The Court finds a reasonable juror may agree with Harper that a reasonable police officer should expect a vehicle to start moving after tasing the vehicle's operator in the chest without warning. This is bolstered by Redlands Police Department's own policy manual, which teaches officers not to tase a person who is operating a vehicle. [Dkt. 48-3 at 8]. Thus, viewing the evidence in a light most favorable to Harper, as this Court must, it is reasonable to conclude the car rolling forward did not indicate Harper was fleeing. Because a reasonable juror could find Harper did not pose a danger to Officer Koahou or the public when Officer Koahou shot him, Harper's Excessive Force claim survives Defendants' Motion.

(Dkt. No. 58, MSJ Order, at p. 5).

> What is more, whether a reasonable officer would conclude Harper accelerated the vehicle to evade arrest at all, or rather in response to tasing, is the subject of genuine dispute. This inquiry is key to assessing the reasonableness of Officer Koahou's conduct. *See Orn*, 949 F.3d at 1174. While officers may make mistakes of fact and still be entitled to qualified immunity, the mistakes must still be reasonable. *Torres v. City of Madera*, 648 F.3d 1119, 1124 (9th Cir. 2011) *Torres*. Ultimately, summary judgment on qualified immunity grounds is inappropriate in genuine disputes about the reasonableness of an officer's use of lethal force. *Wilkins v. City of Oakland*, 350 F.3d 949, 956 (9th Cir. 2003) ("Where the officers' entitlement to qualified immunity depends on the resolution of disputed issues of fact in their favor, and against the non-moving party, summary judgment is not appropriate"). Accordingly, Officer Koahou is not entitled to qualified immunity.

(*Id*. at p. 7).

Interlocutory appeals not for second-guessing a trial court's determination that there is a genuine issue of fact. *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1060 (9th Cir. 2006); *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 945 (9th Cir. 2017) ("Our jurisdiction does not extend to all denials of qualified immunity on summary judgment. We do not have jurisdiction to decide whether there is a genuine issue of material fact."); *Ames v. King Cty.*, 846 F.3d 340, 347 (9th Cir. 2017) ("Where the district court has determined the parties' evidence presents

genuine issues of material fact, such determinations are not reviewable on interlocutory appeal."); *Ortiz*, 562 U.S. at 188.

Therefore, Defendants' interlocutory appeal is not available because this Court clearly and appropriately determined that material factual issues genuinely in dispute preclude granting summary judgment and qualified immunity in this case. *See Ortiz*, 562 U.S. at 188. The foregoing disputes identified in this Court's MSJ Order are "material" because the resolution of these facts is "key to assessing the reasonableness of Officer Koahou's conduct." Hence, this Court should find Defendants' appeal baseless and insufficient to deprive this Court of jurisdiction, and should deny Defendants' motion to stay. *See Kennedy*, 439 F.3d at 1060 (*citing Knox v. Southwest Airlines*, 124 F.3d 1103, 1107 (9th Cir. 1997) (no jurisdiction over an interlocutory appeal that focuses on whether there is a genuine dispute about the underlying facts)).

### B. This Court Should Deny Defendants' Motion to Stay Because Plaintiff Will be Prejudiced by a Stay of This Action, and Defendants' Appeal is Unlikely to Succeed on the Merits

In *Golden Gate Restaurant Assoc. v. City and County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008), the Ninth Circuit set forth the factors to be considered in issuing a stay of the District Court proceedings pending an appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id*. at 1115 [citations and quotations omitted]; *see also Hilton v. Braunskill*, 481 U.S. 770 (U.S.N.J. 1987); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (holding that when considering a stay, courts consider "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice

measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.") "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). This Court's authority to stay a proceeding is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

An analysis of the foregoing factors in this case demonstrates that Plaintiff is likely to succeed on the merits if Defendants' interlocutory appeal goes forward, Defendants cannot satisfy their burden, and their motion to stay should be denied.

**1. Defendants' Interlocutory Appeal is Unlikely to Succeed on the Merits**

As discussed in detail in Plaintiff's opposition to Defendants' motion for summary judgment (Dkt. 48), Plaintiff is likely to prevail on Defendants' interlocutory appeal if the appeal goes forward. On Defendants' interlocutory appeal, the Ninth Circuit cannot second guess this Court's determination that there are genuine issues of material fact, and the Ninth Circuit must (as this Court did) view the facts in the light most favorable to Plaintiff.

On Plaintiff's facts, Mr. Harper's constitutional right to be free from excessive force was clearly established at the time of the shooting. The Ninth Circuit in *Villanueva v. State of California*, 986 F.3d 1158, 1172 (9th Cir. 2021) stated, "[i]n light of *Acosta* [*v. City & Cnty. of S. F.*, 83 F.3d 1143, 1146 (9th Cir. 1996)], all reasonable officers would know it is impermissible to shoot at a slow-moving car when he could 'simply step[] to the side' to avoid danger." Several Ninth Circuit cases published prior to this incident have held the same. *See, e.g.*, *Orn v. City of Tacoma*, 949 F.3d 1167, 1179 (9th Cir. 2020) (denying qualified immunity and holding that "at least seven circuits had held that an officer lacks an objectively reasonable basis for believing that his own safety is at risk when firing into the side or rear of a vehicle moving away from him"); *A.D. v. California Highway Patrol*,

712 F.3d 446, 458 (9th Cir. 2013); *Adams v. Speers*, 473 F.3d 989, 994 (9th Cir. 2007) (denying qualified immunity where suspect's nondangerousness placed the case squarely "within the obvious" and holding that shooting driver of slow-moving car was unreasonable where the driver posed no threat); *Acosta*, 83 F.3d at 1146 (finding that a reasonable officer "would have recognized that he could avoid being injured when the car moved slowly, by simply stepping to the side"). The cases upon which Defendants rely—*Monzon v. City of Murrieta*, 978 F.3d 1150 (9th Cir. 2020) and *Plumhoff v. Rickard*, 572 U.S. 765, 769 (2014) are distinguishable from Plaintiff's version of the facts in this case. For these reasons, Defendants have not met their burden of showing that they are likely to succeed on the merits of their interlocutory appeal.

**2. Plaintiff Would be Prejudiced by a Stay of his Case**

While the Supreme Court has allowed interlocutory appeals of qualified immunity in light of qualified immunity's purpose to protect a public official from liability and from standing trial, courts have recognized that this approach may also "injure the legitimate interests of other litigants and the judicial system." *See Vargas v. Cnty. of Los Angeles*, Case No. CV 19-3279 PSG (ASx), 2021 WL 2403162, at *6 (C.D. Cal. May 5, 2021) (citing *Apostol*, 870 F.3d at 1338-39). In recognizing the value of a *Chuman* certification in the face of a frivolous appeal, the Seventh Circuit in *Apostol v. Gallion* explained:

> During the appeal memories fade, attorneys' meters tick, [and] judges' schedules become chaotic) to the detriment of litigants in other cases). Plaintiffs' entitlements may be lost or undermined. Most deferments will be unnecessary. The majority in *Forsyth* appeals—like the bulk of all appeals—end in affirmance. Defendants may seek to stall because they gain from the delay at plaintiffs' expense, an incentive yielding unjustified appeals. Defendants may take *Forsyth* appeals for tactical as well as strategic reasons: disappointed by the denial of a continuance, they may help themselves to a postponement by lodging a notice of appeal.

870 F.2d at 1138-39. Approximately three and a half years have passed since the shooting giving rise to this lawsuit. In light of the frivolous nature of Defendants' interlocutory appeal, it would be prejudicial to Plaintiff to stay this case, which could result in a stay of this case for another one to two years while the appeal is pending. Additionally, the public has an interest in the speedy resolution of civil rights cases such as the instant case.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' motion to stay and issue an order certifying Defendants' interlocutory appeal as frivolous and retaining jurisdiction for this case to proceed to trial.

Respectfully submitted,

DATED: April 11, 2025            LAW OFFICES OF DALE K. GALIPO

By: _____*/s/ Renee V. Masongsong*_____
    Dale K. Galipo
    Renee V. Masongsong
    Attorneys for Plaintiff